KELLIE M. MURPHY (SBN 189500)
JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation
California Plaza
2180 Harvard Street, Suite 560
Sacramento, CA 95815
Telephone: (916) 921-5800
Facsimile: (916) 921-0247

Attorneys for BERKELEY UNIFIED SCHOOL DISTRICT, MICHELE LAWRENCE, LISA UDELL, CRISTINA OBIETA, RICHARD DODSON, and TINA BRIER

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**(Oakland Division)**

GENE FAURIE, JR.,

Plaintiff

v.

The BERKELEY UNIFIED SCHOOL DISTRICT; MICHELLE LAWRENCE, individually and in her official capacity as BUSD Superintendent; LISA UDELL, individually and in her official capacity as BUSD Assistant Superintendent, Human Resources; CRISTINA OBIETA, individually and in her official capacity as BUSD Director, Classified Personnel; RICHARD DODSON, in his official capacity as BUSD Director, Labor Relations; TINA BRIER, individually and in her official capacity as BUSD Director, Classified Personnel,

Defendants.

Case No. C 08-00060 EDL

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, EACH AND EVERY CLAIM THEREIN; AND MOTION TO STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES**

**Date:** **February 26, 2008**
**Time:** **9:00 a.m.**
**Ctrm:** **E**

**Judge:** **Honorable Elizabeth D. Laporte**

## I. Introduction

As set forth in the Notice of Removal filed by Defendants Berkeley Unified School District ("the District"), Michele Lawrence, Lisa Udell, Cristina Obieta, Richard Dodson, and Tina Brier (hereinafter collectively referred to as "Defendants"), this Court has jurisdiction over this action, which alleges two federal question claims under 42 U.S.C. §1983. Under 28 U.S.C.





JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

§1367(a) and (c), this Court has supplemental jurisdiction over all other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (*Scott v. Clay County*, 205 F.3d 867, 879-880 (6th Cir. 2000). Plaintiff Gene Faurie, Jr.'s First Amended Complaint alleges two claims arising under federal statutes and five other pendent state law claims that are so intimately related to the federal claims that they form part of the same case and controversy.

For the reasons stated below, all of Plaintiff's claims must be dismissed and the punitive damage allegations stricken.

## II. Plaintiff's Allegations

Plaintiff's First Amended Complaint is replete with conclusory statements and unsupported allegations against all of the defendants. The allegations against Defendants (apart from the hyperbole and invective that permeates the Complaint), are as follows:

Plaintiff began working at the District in about October 2002. Plaintiff indicated that he was considering resigning on July 11, 2006, and he resigned on July 17, 2006.

Plaintiff alleges that defendant Tina Brier, Director of Classified Personnel for the District, failed to accept and implement Plaintiff's complaints about the District's alleged employment of a person (who Plaintiff fails to even name in the Complaint) with a criminal record, failed to respond to his complaints about the privacy of employee personnel files, failed to obtain "'livescan' digital fingerprints" for employees, and failed to follow "proper procedures" regarding CalPERS passwords. Plaintiff further alleges that when he told Ms. Brier he planned to claim workers compensation for an alleged repetitive stress injury to his hands, Ms. Brier said "if this is what you want to do ... fine", "threw" a signed claim form at him, and told him to stop typing. After he filed his worker's compensation claim, Plaintiff asserts that he was entitled to ten minute breaks every hour, and then twenty minute breaks every hour, and that Ms. Brier allegedly "prevented" him from taking those breaks by giving him work that did not require him to type. According to Plaintiff, the worker's compensation physician placed him on medical leave "to stop Brier's refusal to accommodate his medical limitations." Plaintiff also alleges that,

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

in February 2006, after he refused to perform assigned tasks, Ms. Brier threatened him with disciplinary action and told him that failure to perform his job responsibilities would constitute insubordination. Finally, Plaintiff claims he filled in for Ms. Brier and performed duties that were "above his professional classification." He claims that Ms. Brier refused to give Plaintiff "differential pay" for his work, though there is no explanation of how or whether that was Ms. Brier's responsibility. Plaintiff admits that Ms. Brier consistently ranked his performance high.

Plaintiff alleges that defendant Richard Dodson, Director of Labor Relations for the District, stated Mr. Dodson stated "you should do any job asked of you because you are smart regardless of whether or not it is in your job classification," when Plaintiff complained about working outside of his classification. Plaintiff further alleges that, when Plaintiff referred an administrator to Mr. Dodson regarding a request to review an employee file, he "was visibly irritated," "rolled his eyes and looked away from [Plaintiff] as he accompanied the individual to the file room," left the employee alone with the files for several minutes, and reacted "with hostility and condescension" when Plaintiff attempted to address the problem with Mr. Dodson. Plaintiff also alleges that he "voiced . . . a concern" to Mr. Dodson regarding failure by the District to obtain "livescan" digital fingerprint records of employees. Finally, Plaintiff alleges that he "regularly drew to the attention of . . . Dodson the fact that [the District] routinely failed to follow proper procedures for newly appointed employees for enrollment in" CalPERS.

Plaintiff alleges that defendant Michele Lawrence, Superintendent of the District, "approved" an unspecified "BUSD policy." Plaintiff further alleges that Ms. Lawrence "hired" an unnamed employee that Plaintiff contends should not have been hired, and "hired" an unnamed individual that was "untrained, was present at most three days per week, and relied on and consulted with [Plaintiff] to learn the Department's procedures and daily administrative needs." Plaintiff also alleges that another defendant, Tina Brier, told Plaintiff that she had notified Ms. Lawrence regarding Plaintiff's concerns about the hiring of unnamed employees that Plaintiff felt should not have been hired. Plaintiff alleges that Ms. Lawrence "hired" an attorney Plaintiff does not feel was neutral. Plaintiff alleges that another defendant, Lisa Udell, told

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

Plaintiff that a directive she gave Plaintiff was "consistent with BUSD policy as communicated and authorized by Superintendent Lawrence." Plaintiff further alleges that Ms. Lawrence inaccurately stated that Plaintiff had six days of sick leave accrued and later acknowledged the error. Finally, Plaintiff alleges that Ms. Lawrence responded to letters written by Plaintiff's counsel regarding his resignation.

Plaintiff alleges that defendant Cristina Obieta, Director of Classified Personnel for the District,"appeared" in his office with the requested personnel file, advised Plaintiff that he must accompany the employee during review of the file, and used a "hostile and unprofessional tone" when Plaintiff attempted to discuss the issue after Plaintiff had referred a personnel file review request to defendant Richard Dodson. Plaintiff further alleges that Ms. Obieta was hired as Director of Classified Personnel, but "lacked appropriate training and experience." Finally, Plaintiff alleges that he left a voicemail message for Ms. Obieta, informing her that he was ill and would notify her on Monday, July 17, 2007 whether he intended to tender his resignation, after which Ms. Obieta left a voicemail message in response telling Plaintiff he needed a doctor's note and telling him that "You've also told a number of people that you are resigning, um, so, you can also go ahead and bring in your letter of resignation tomorrow."

Plaintiff alleges that defendant Lisa Udell, Assistant Superintendent of Human Resources, granted another employee an extension of a deadline and authorized overtime to perform step increase determinations for that employee. Plaintiff further alleges that Ms. Udell "possessed apparent supervisory authority over employees in the BUSD Human Resources Department" but "was untrained and relied on [Plaintiff] to advise her and perform duties of her position while she learned it." Finally, Plaintiff alleges that Ms. Udell called a meeting, at which she "directed staff . . . to ignore legal violations by the District," and "reacted to [Plaintiff's] questioning of her directive" with hostility, and told him "that she 'knows we are breaking the law' but that her directive was consistent with BUSD policy . . . ."

/ / /

/ / /

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

## III. Legal Standards

A district court may dismiss a complaint or any claim alleged therein under Federal Rules of Civil Procedure 12(b)(6) if it fails to plead sufficient supporting facts. (See *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." (*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn.1 (9th Cir. 1997).)

In deciding a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff and accepts all *well-pleaded* factual allegations as true to determine whether the plaintiff can prove any set of facts to support a claim for relief. (See *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).) The Court need not, however, "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." (*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).) Nor should a Court assume that the plaintiff can prove facts different from those alleged. (See *Associated Gen. Contractors of Calif. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).)

Under Federal Rules of Civil Procedure 12(f), a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." (Fed.R.Civ.Pro. 12(f).) A motion to strike may be used to strike the prayer for relief as to damages that are not recoverable as a matter of law. (See *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal.1996).)

///

///

///

///

///

## IV. Legal Argument

**A. Plaintiff cannot state a claim under Labor Code §1102.5 against any of the defendants because Plaintiff has not identified any state or federal statute, rule, or regulation that he reasonably believed was violated and because he cannot show that he suffered any adverse employment action.**

***1. Plaintiff has not identified any state or federal statute, rule, or regulation that he reasonably believed was violated.***

To establish a *prima facie* case for retaliation under Labor Code §1102.5, Plaintiff must show the following: that he engaged in protected activity; that he was thereafter subjected to an adverse employment action; and that there was a causal link between the protected activity and the adverse employment action. (See *Love v. Motion Industries* (N.D. Cal. 2004) 309 F.Supp.2d 1128, 1134 (citing *Morgan v. Regents of University of California* (2000) 88 Cal.App.4th 52, 69).)

A plaintiff cannot allege in a conclusory manner that certain acts constitute a violation of the law without identifying *any* specific laws, rules, or regulations. As noted above, a court is not required to accept as true, for purposes of ruling on a demurrer, a party's contentions, deductions, or conclusions of fact or law. )See *216 Sutter Bay Assoc., supra,* 58 Cal.App.4th at p. 866; *Aubry, supra,* 2 Cal.4th at pp. 966-967; *Pan Pacific Properties, Inc., supra,* 81 Cal.App.3d at p. 251.) Rather, to state a claim for violation of section 1102.5, Plaintiff *must* identify a specific state or federal statute, rule, or regulation allegedly violated.

In *Love, supra,* the plaintiff alleged a violation of section 1102.5 based on his termination following his report of potential safety concerns on a project with which his company was involved. In response to the argument that he had failed to allege any specific federal or state violation stemming from his "safety concerns," the plaintiff asserted that such concerns were based on specifications originating from the subcontractor employed on the project. As the court pointed out, however, the plaintiff "offered no specific facts indicating that these specifications are grounded in any state statute, rule, or regulation." *Id.*

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

Similarly, Plaintiff has offered *no* facts to support the conclusory statements throughout his First Amended Complaint that the defendants' actions somehow violated the law. Such conclusory statements include the following:

- "Mr. Faurie engaged in conduct protected by Labor Code §1102.5 when, as detailed throughout this Complaint, he reported policies, practices, and directives within the BUSD H.R. Department which he reasonably believed violated state and/or federal laws, rules or regulations to supervisors within the BUSD H.R. Department and to other state and local government administrative agencies." (FAC, p. 24, ¶87.)
- "Mr. Faurie also engaged in conduct protected by Labor Code §1102.5 when he resisted implementing directives he reasonably believed violated state and/or federal laws, rules, or regulations." (FAC, p. 24, ¶88.)

Nowhere does Plaintiff cite a state or federal law, rule, or regulation that he "reasonably believed" was violated. Even assuming his factual allegations are true, Plaintiff has not shown that those allegations in any way implicate a *state* or *federal* statute, rule, or regulation as required under section 1102.5.

The court in *Love* distinguished *Green v. Ralee Engineering* (1998) 19 Cal.4th 66, a California Supreme Court case holding that, to proceed with a section 1102.5 claim, a plaintiff is not required to prove an *actual* violation of such statute, rule, or regulation, so long as the plaintiff reported "reasonably based suspicions" of illegal activity. *Id.* at pp. 1134-1135. The court pointed out that the plaintiff's suspicions in *Green* were based on *actual* federal regulations, specifically safety regulations promulgated by the FAA to implement the Federal Aviation Act. The *Love* court held that the plaintiff could not rely on a suspicion that the employer's conduct must have violated *some* such statute, rule, or regulation:

> Here, **Plaintiff does not cite any statute, rule, or regulation that may have been violated by the disclosed conduct. Rather, he argues simply that he reasonably believed that they activity violated some unnamed statute, rule, or regulation**. More than three years after Plaintiff discovered the alleged safety issue he remains unable to state any statutory or regulatory basis for his claim even when confronted with a direct challenge on this point by Defendant. Plaintiff's silence is telling and indicates a lack of any foundation for the reasonableness of his belief. (*Love, supra,* 309 F.Supp.2d at p. 1135, boldface added.)

To state a claim under section 1102.5, Plaintiff *must* state facts sufficient to show that he had "reasonable cause to believe that the information [reported] discloses a violation of state or

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

federal statute, or a violation or noncompliance with a state or federal rule or regulation." Labor Code §1102.5(b). Because he has not done so, Plaintiff has not stated such a claim as a matter of law, and his claim must be dismissed.

2. ***Plaintiff cannot show that he suffered any adverse employment action.***

To state a claim under section 1102.5, Plaintiff must show that he suffered an adverse employment action. (See *Love, supra,* 309 F.Supp.2d at p. 1134 (citing *Morgan v. Regents of University of California* (2000) 88 Cal.App.4th 52, 69).) As discussed in detail below in section E.1, Plaintiff has not done so as a matter of law. Plaintiff's claim under Labor Code §1102.5 must therefore be dismissed as a matter of law.

**B. Plaintiff cannot state a claim under Labor Code §1102.5 against the individual defendants because they were not Plaintiff's employer.**

By the statute's very terms, a claim under Labor Code §1102.5 can only be stated against an *employer*:

> (a) **An employer** may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (b) **An employer** may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (c) **An employer** may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (d) **An employer** may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment. (Labor Code §1102.5, boldface added.)

The existence of an employer-employee relationship at the time of the alleged retaliatory action is a prerequisite to the assertion of a claim under Labor Code §1102.5. (See *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260; see also *Reno v. Baird* (1998) 18 Cal.4th

640, 663 [no liability against co-workers or supervisors for wrongful termination]; *McCabe v. General Foods Corp* (9th Cir. 1987) 811 F.2d 1336, 1339.)

None of the individuals ever employed Plaintiff and therefore cannot be liable under section 1102.5.

**C. Plaintiff cannot state a claim for Deprivation of Benefits and Privileges of Public Employment and Termination of Public Employment Without Due Process under 42 U.S.C. §1983 because he cannot establish a "legitimate claim of entitlement" to continued employment.**

To state a claim under section 1983, Plaintiff must allege that (1) he has been deprived of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law. (See *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).) Public employees must establish a "legitimate claim of entitlement" to continued employment or to procedural safeguards [a property interest], in order for any federal due process right to exist. (See *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).) "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." (*Id.*)

It is well-settled that public employment in California is held *by statute*, rather than by contract. (See *Miller v. State of California*, 18 Cal.3d 808, 813 (1977); see also *Kim v. The Regents of the University of California*, 80 Cal.App.4th 160, 164 (2000); *Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426 (1988).) The terms of a public employee's employment are established by *law*, not by contract, and the employee's remedies, if any, are confined to those provided by statute. (See *Hill v. City of Long Beach*, 33 Cal.App.4th 1684, 1692 (1995).)

In his First Amended Complaint, Plaintiff fails to cite any statute establishing a "legitimate claim of entitlement" to continued employment or to procedural safeguards. Plaintiff merely cites to "the Merit System Rules, Board Policies, oral representations, and consistently stellar performance evaluations" as establishing terms that "his employment was for an indefinite

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

term not to expire as long as he successfully performed the duties of his position." (FAC, ¶103.) None of these are statutes that define terms of employment and none create a legitimate claim of entitlement to continued employment.

Plaintiff's allegations amount to nothing more than a back door attempt to plead a claim for some type of breach of contract or breach of implied contract. Plaintiff unsuccessfully attempted to plead two breach of contract claims in his initial complaint in state court. Both claims were dismissed by the court because Plaintiff has *no* contractual basis of continued employment. The court granted leave to amend to allow Plaintiff an opportunity "to allege a statutory basis for Plaintiff's claims to continued employment and increased pay." It is clear that Plaintiff cannot do so. Instead of amending, Plaintiff has attempted to cloak his breach of contract claims into this section 1983 claim.

The factual allegations contained in paragraph 103 of Plaintiff's First Amended Complaint are virtually *identical* to his breach of contract allegations contained in paragraph 92 of his initial Complaint filed in state court.[1] The *only* difference in language is that Plaintiff has deleted the word "contractual" in his First Amended Complaint. Despite this fact, Plaintiff still alleges that he has an "employment contract" in his First Amended Complaint. (See FAC, ¶105.) Plaintiff has *no* employment contract and he cannot truthfully allege otherwise.

Plaintiff also fails to allege that he had a property right to administrative "procedures"or to specify what procedures he was denied. For example, Plaintiff alleges he was denied a "fair, impartial, evenly administered, rationally based, and orderly administrative and adjudicatory process prior to termination of his employment." See FAC, ¶104. Plaintiff, however, was *not*

---

[1] Paragraph 92 of Plaintiff's original state court Complaint reads:

> 92. Mr. Faurie was employed by BUSD under *contractual* terms established by the Merit System Rules, Board Policies, oral representations, and consistently stellar performance evaluations. Under those terms, Mr. Faurie's was required to be treated fairly and in conformity with the laws of the State of California, and his employment was for an indefinite term not to expire as long as he successfully performed the duties of his position, subject to termination only for just cause, and only in conformity with BUSD written disciplinary policies and procedures. (Emphasis added.) (See Exhibit A to Notice of Removal of Action Under 28 U.S.C. §1441(b) [Federal Question].)





JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

terminated by the District. Plaintiff submitted his own resignation and now claims constructive discharge. Plaintiff fails to cite what administrative "procedures" he was due *after* he submitted his own resignation.

As Plaintiff's employment was *not* held by contract and Plaintiff has once again failed to plead *any* statutory basis for a "legitimate claim of entitlement" to continued employment or to procedural safeguards, Plaintiff has failed to properly plead that he has suffered any deprivation of a federal right. Without a property interest, there can be no due process violation and thus, no section 1983 claim. (See *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576-578 (1972).)

### D. Plaintiff cannot state a claim for discrimination, harassment, or retaliation under California Government Code §12900 *et seq*. against any defendant because he has not stated a *prima facie* case.

#### 1. *Plaintiff has not suffered an adverse employment action.*

To state a claim under FEHA, an employee must provide evidence showing that he or she has been subjected to an adverse employment action that materially affects the terms, conditions, or privileges of employment. (See *Akers v. County of San Diego* (2002) 95 Cal.App.4th 1441, 1454; *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1051-1052; see also *Soo v. United Parcel Service, Inc.* (N.D. Cal. 1999) 73 F.Supp.2d 1126 [a plaintiff must demonstrate some adverse material effect upon terms or conditions of employment stemming from employer's actions to satisfy adverse action requirement].)

It is *Plaintiff's* burden to show that he was subjected to an adverse employment action. (*Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317, 355.) "**A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient**." (*Akers, supra,* (2002) 95 Cal.App.4th 1441, 1455, boldface added; *Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal.App.3d 590, 615 [mere ostracism in the workplace by supervisors and coworkers is not enough to show an adverse employment action, a required element of a FEHA retaliation claim].)

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

In *Thomas v. Department of Corrections* (2000) 77 Cal.App.4th, 507, 510-512, the plaintiff brought a lawsuit against her employer and a supervisor for retaliation. The *Thomas* plaintiff's claimed adverse employment actions included:

> (1) refusing to allow her a choice of posts;
> (2) refusing to allow her a choice of days off;
> (3) falsely accusing her of refusing to obey orders and "locking down a unit;"
> (4) improper docking of pay despite a medical excuse;
> (5) giving her an undeserved negative performance evaluation;
> (6) unwarranted interference with her appointment to a supervisory committee of the Chino Valley Federal Credit Union;
> (7) giving a series of undeserved negative job evaluations which resulted in a punitive job change and negative reports in her personnel file; and
> (8) failure of the Department to deliver her a check on a timely basis for her shift differential and for overtime. (*Id.* at 509-510.)

The Court in *Thomas* ruled that the plaintiff had not suffered an adverse employment action because none of the plaintiff's claimed adverse actions constituted "a materially adverse change in the terms of ...employment." (*Id.* at 510; citing *Kocsis v. Multi-Care Management, Inc.* (6th Cir. 1996) 97 F.3d 876, 885.) The Court expressly noted the following:

> "[W]ork places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action." (*Id.* at 511; citing *Blackie v. State of Me.* (1st Cir. 1996) 75 F.3d 716, 725.) "If every minor change in working conditions or trivial action were a materially adverse action then any 'action that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'" (*Id.*; citing *Williams v. Bristol-Myers Squibb Co.* (7th Cir. 1996) 85 F.3d 270, 274.)

The Court of Appeal noted that the actions cited by Thomas amounted to mere inconveniences or alterations of job responsibilities; and they were not the detrimental and substantial actions necessary to amount to an adverse employment action. (*Thomas, supra,* 77 Cal.App.4th at 511.) A materially adverse change is evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities. (*Ibid.*)

Plaintiff in this case alleges that he was rebuffed or ignored, but not punished in any way. ". . . [A] mere oral or written criticism of an employee or a transfer into a comparable position does not meet the definition of an adverse employment action under the FEHA." *Akers, supra,* 95 Cal.App.4th at p. 1454. Here, Plaintiff alleges that he received *positive* performance

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

evaluations. Plaintiff alleges nothing more than frustration, inconvenience, and displeasure with his employment. Mere ostracism in the workplace by supervisors or co-workers does not amount to adverse employment action. See *Fisher, supra,* 214 Cal.App.3d 590, 615. Plaintiff does not allege that he suffered a materially adverse change s and minor alterations in working conditions and job responsibilities. Plaintiff cannot prove that he has suffered *any* adverse employment action.

Plaintiff attempts to allege a constructive discharge. A constructive discharge, however, occurs ***only*** when the employer *coerces* the employee's resignation, either by creating working conditions that are intolerable ***under an objective standard***, or by failing to remedy the objectively intolerable working conditions that are ***actually known*** to the employer. (See *Mullins v. Rockwell International Corp.* (1997) 15 Cal.4th 731, 737.) Even a demotion accompanied by a *reduction* in pay, does not constitute constructive discharge. (See *Lee v. Bank of America National Trust and Savings Ass'n* (1994) 27 Cal.App.4th 197, 213 [a demotion of job level, even when accompanied by reduction in pay, does not constitute a constructive discharge]; *Gibson v. Aro Corp.* (1995) 32 Cal.App.4th 1628, 1635 [a demotion is not enough, as a matter of law, to compel a reasonable person to resign].)

Plaintiff simply cannot show actions on the part of any defendant that rise to the level of intolerability to convert his voluntary resignation into a constructive discharge. (See *Cloud v. Casey* (2000) 76 Cal.App.4th 895, 902-903 [*six year pattern of conduct* where superiors told female plaintiff that they did not "see a woman" in a higher position, excluded her from meetings that would have given her necessary experience toward promotion, when not promoted she was told that "we haven't had women in that position" ***was not*** enough to show constructive discharge].) Moreover, at least one defendant, Ms. Brier, had resigned at least two months *before* Plaintiff was allegedly "constructively discharged." *Any* cause of action based on such constructive termination therefore cannot be stated as a matter of law against Ms. Brier. (See *Turner v. Anheuser - Busch, Inc.* (1994) 7 Cal.4th 1238, 1251; *Cloud, supra,* 76 Cal.App.4th at p. 905 ["Her willingness to stay with Western Atlas so long as she reported to the very person who

discriminated against her strongly supports the inference that the employment conditions were not so intolerable that a reasonable person would have to resign."].)

As the California Supreme Court explained:

> An employee cannot simply 'quit and sue,' claiming he or she was constructively discharged. The conditions giving rise to the resignation must be sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer. . . Every job has its frustrations, challenges, and disappointments; these inhere in the nature of work. An employee is protected from . . . unreasonably harsh conditions, in excess of those faced by his [or her] co-workers. He [or she] is not, however, guaranteed a working environment free of stress. (*Turner, supra,* 7 Cal.4th at p. 1246-1247.)

Clearly, Plaintiff has *not* shown that he suffered aggravated and intolerable working conditions created by the District that would compel him to resign. ***Objective*** standards, rather than Plaintiff's particular subjective sensitivities, must be applied. (See *Turner, supra,* 7 Cal. 4th at p. 1247.) In fact, Plaintiff cannot, as a matter of law, show that he suffered *any* adverse employment action at all. As such, Defendants' motion to dismiss should be granted.

**2. *Plaintiff has not alleged any facts that show intentional discrimination.***

"Disparate Treatment" is intentional discrimination against one or more persons on prohibited grounds. (See *International Brotherhood of Teamsters v. United States* (1977) 431 U.S. 324, 335-336 [disparate treatment is treating similarly situated individuals differently in their employment because of a protected characteristic].) In a disparate treatment case, the plaintiff must plead and prove that ***intentional discrimination was the "determinative factor"*** in the adverse employment action. (See *Hazen Paper Co. v. Biggins* (1993) 507 U.S. 604, 610 [Whatever the employer's decision making process, a disparate treatment claim cannot succeed unless the employee's protected trait had a determinative influence on the outcome].)

Plaintiff has failed to plead any facts establishing that his gender (male) was a determinative factor in Defendants' actions toward him. The only allusion to Plaintiff's gender in the entire complaint is the statement that he is male and conclusory statements that he was treated differently as a male. That, without more, is not enough to establish a claim of sex discrimination. (See *Watson v. Southeastern Pa. Transp. Auth.* (3rd Cir. 2000) 207 F.3d 207, 211

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

[it is not enough for plaintiff to show merely that discrimination is a motivating factor in the adverse employment action, it must be shown to be the determinative factor]; *Raytheon Co. v. Hernandez* (2003) 540 U.S. 44, 52 [liability in disparate treatment case depends on whether protected trait actually motivated employer's decision].)

Plaintiff has not shown that any of the allegations throughout his First Amended Complaint have any connection to his gender. Plaintiff's fourth cause of action must therefore be dismissed.

**E. Plaintiff cannot state a claim for discrimination under California Government Code §12900 *et seq*. against the individual defendants because they were not his employer.**

Plaintiff alleges his fourth cause of action for discrimination in violation of the FEHA against "BUSD and Defendants in their Official Capacities."[2] Individuals, however, including supervisory employees, cannot be liable for discrimination under FEHA as a matter of law regardless of the capacity in which they are sued. (See *Reno, supra,* 18 Cal.4th at pp. 645-646; see also *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 62.) Quoting with approval from the opinion in *Janken*, the Supreme Court in *Reno* held that discrimination claims "arise out of the performance of necessary personnel management duties . . . [and] making decisions is a type of conduct essential to personnel management." Thus, according to the Supreme Court:

> An individual supervisory employee cannot . . . refrain from engaging in the type of conduct which could later give rise to a discrimination claim. Making personnel decisions is an inherent and unavoidable part of the supervisory function. Without making personnel decisions, a supervisory employee simply cannot perform his or her job duties. (*Reno, supra,* 18 Cal.4th at p. 646.

Plaintiff cannot state a claim for discrimination against any of the individual defendants as his co-workers or supervisors. Plaintiff's fourth cause of action must therefore be dismissed against all individual defendants.

/ / /

/ / /

[2] Plaintiff's First Amended Complaint, p. 30, lines 9-10.





JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**F. Plaintiff cannot state a claim for intentional infliction of emotional distress.**

***1. Plaintiff has failed to plead a statutory basis for a claim of intentional infliction of emotional distress.***

Government Code §815 provides that "Except as otherwise provided by statute: . . . A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." This applies to employees of the public entity as well. (See *Ross v. San Francisco Bay Area Transit District* (2007) 146 Cal.App.4th 1507.) Plaintiff fails to plead any statutory violation as is required to establish liability against a public entity and its employees, and his seventh cause of action must thus be dismissed.

***2. Plaintiff has failed to allege sufficient facts to state a prima facie case of intentional infliction of emotional distress.***

Further, Plaintiff fails to allege sufficient facts to state a cause of action for intentional infliction of emotional distress. To state such a claim, Plaintiff must allege *facts* to support the following elements: (1) "outrageous" conduct by Defendants; (2) that Defendants intended to cause (or recklessly disregarded the probability of causing) Plaintiff emotional distress; (3) that Plaintiff suffered severe emotional distress; and (4) an actual and proximate causal link between Defendants' "outrageous" conduct and the severe emotional distress. (See *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 155, fn. 7; *Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 300.

"Outrageous" conduct sufficient to state a claim for intentional infliction of emotional distress "' . . . must be so extreme that it exceeds all bounds of that usually tolerated in a civilized community.' [Citation.]" (*Nally, supra,* 47 Cal.3d at p. 300; see also *Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1225-1226.) Allegations of personnel management decisions are insufficient to support a claim of intentional infliction of emotional distress, even where they are alleged to be improperly motivated. (See *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 80.)

> Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a

> claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination. (*Id.* at p. 80.)

"Ordinarily mere insulting language, without more, does not constitute outrageous conduct." (*Cole, supra,* 43 Cal.3d at p. 155, n. 7.) Even conduct such as screaming and yelling by a supervisor in the process of criticizing an employee's performance, threatening to throw an employee out of the department, and making threatening gestures toward an employee have been held insufficient to constitute outrageous conduct as a matter of law. (*Schneider v. TRW, Inc.* (9th Cir. 1991) 938 F.2d 986, 992-993.) "While such incidents may show rudeness and insensitivity, they do not amount to outrageous conduct." (*Id.* at p. 992.) Plaintiff fails to plead any facts or to properly allege any conduct that would constitute outrageous conduct by any defendant..

Plaintiff also fails to plead any facts to establish that any defendant intended to cause him emotional distress. To the contrary, Plaintiff alleges that he " . . . was ranked in the highest category of each of his performance evaluations" and specifically that "[h]is evaluations by Brier stated that she was comfortable leaving the office knowing that Mr. Faurie was available to handle issues in her absence." Such facts are inconsistent with an allegation of intent to cause emotional distress.

Further, Plaintiff fails to allege facts to show that he suffered severe emotional distress that rose to the level required to state a claim for intentional infliction of emotional distress. Severe emotional distress is " . . . emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." (*Fletcher v. Western Life Insurance Co.* (1970) 10 Cal.App.3d 376, 397.) The First Amended Complaint fails to allege that Plaintiff suffered any emotional distress as a result of any act or omission on the part of any defendant.

Because Plaintiff's complaint fails to state a statutory basis to establish liability against Defendants and because the complaint fails to plead any facts or to allege any conduct meeting the pleading requirements for such a claim, his seventh cause of action for intentional infliction of emotional distress must be dismissed..

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**3. *Plaintiff's cause of action for intentional infliction of emotional distress is preempted by the Worker's Compensation Act.***

The California Workers' Compensation Act provides the "sole and exclusive remedy" for personal injuries "arising out of and in the course of employment." (See California Labor Code §§3600-3602, 5300; see also *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 18; *Gibbs v. American Airlines, Inc.* (1999) 74 Cal.App.4th 1 [exclusive remedy provision barred employee's cause of action against employer for emotional distress where injury arose in course of her employment and was caused by her employment].) This includes injuries, including emotional distress, allegedly caused by an employer's conduct in employment actions involving termination, promotions, demotions, criticism of work, grievances, etc. (See *Shoemaker, supra,* 52 Cal.3d at p. 20; *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 814-815; *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160.) Allegations that an employer's conduct was intentional, malicious, or outrageous are *insufficient* to permit a civil action outside of the workers' compensation system. (See *Cole, supra,* 43 Cal.3d at p. 160; *Shoemaker, supra,* 52 Cal.3d at p. 25.)

Plaintiff's entire complaint is centered around alleged wrongful acts *in employment*. Because Plaintiff's alleged emotional injuries arose in the course of Plaintiff's employment, his seventh cause of action for intentional infliction of emotional distress is barred by the exclusive remedy provision of the Worker's Compensation Law and must be dismissed against Ms. Brier.

**G. The individual defendants are immune from liability as a matter of law.**

Under Government Code Section 820.2, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Immunity under section 820.2 applies to actions taken by employees of school districts in connection with the employment of personnel, including the discipline and termination of such employees. (See *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 979 [immunity applied to school

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

board members' decision not to renew a superintendent's employment contract]; see also *Tietz v. Los Angeles Unified School District* (1965) 238 Cal.App.2d 905 [immunity applied to school principal and vice principal for acts taken in connection with employment of tenured teacher and librarian]; *Hardy v. Vial* (1957) 48 Cal.2d 577 [immunity applied to college employees and employees of the Department of Education for acts taken in connection with termination of professor's employment]; *Toney v. State* (1976) 54 Cal.App.3d 779 [immunity applied to college administrator for acts taken in connection with disciplinary proceedings against a college professor]; and *Jones v. Oxnard School District* (1969) 270 Cal.App.2d 587 [immunity applied to employees of school district for acts taken in connection with refusal to hire applicant for employment].)

All of the acts alleged against the individual defendants in Plaintiff's complaint are discretionary in nature under the authorities cited above. Defendants are therefore entitled to immunity under Section 820.2 and *all* causes of action must be dismissed.

**H. The punitive damage allegations against the individual defendants must be stricken because they are not recoverable as a matter of law against an individual public employee for acts taken in her representative capacity and because Plaintiff has not stated sufficient facts to support punitive damages.**

The motion to strike brought under Rule 12 (f) is based on the grounds that individual governmental employees sued in their representative capacities cannot be held liable for an award of punitive damages and that Plaintiff has not stated facts sufficient to recover punitive damages.

Individual public entity employees sued in their representative capacities cannot be held liable for an award of punitive damages. (See Government Code §818.) State officials acting in their official capacity are immune from punitive damages. (See *Will v. Mich. Dep't of State Police* (1989) 491 U.S. 58, 71 [a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and is therefore no different from a suit against the State itself]; see also Government Code §815.2; *Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 187 [a school district is vicariously liable for the negligence of employees in the course and scope of their employment].)

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

Plaintiff's First Amended Complaint for Damages expressly alleges that the individual defendants were Ms. Brier was acting within the course and scope of her employment with the District. (See FAC, p. 3, ¶11.) There are absolutely no facts pled to establish *any* acts by any of the individuals that were outside the course and scope of their employment. Because all of the alleged actions were within the scope of her employment, the individuals cannot be liable as a matter of law for punitive damages.

Where a complaint seeks punitive damages, California Civil Code section 3294 requires that the plaintiff establish "oppression, fraud, or malice." (*Brousseau v. Jarrett* (1977) 73 Cal.App.3d 864, 872.) Punitive damage allegations are improper where there are no *facts* alleged to show that a party acted with malice, oppression, or fraud. (See *Smith v. Superior Court* (1992) 10 Cal.App.4th 1033, 1041-1042.)

California Civil Code section 3294 defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Section 3294 also states that "fraud" means "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Section 3294 provides that "malice" means "conduct which is intended to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights and safety of others." Courts have further indicated that in order to support a claim for punitive damages, a complaint must contain *facts* that would indicate ***evil motive*** and intent to injure on the part of defendant. (See *Ebaugh v. Rabkin* (1972) 22 Cal.App.3d 891, 894-895; *Cyrus v. Haveson* (1976) 65 Cal.App. 3d 306, 316-317 [holding the facts demonstrating defendant's oppression, fraud or malice must be alleged.].)

Moreover, under controlling authority, fairness to defendants require that claims for punitive damages be pled with specificity. (*G.D. Searlen & Co v. Superior Court* (1975) 49 Cal.App.3d 22, 29.) Civil Code §3294(a) provides as follows:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

> oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

**It is not enough to simply plead in conclusory fashion that defendants acted with oppression, fraud or malice.** (*Cyrus, supra*, 65 Cal.App. 3d at 316-317.) Rather, a plaintiff must specifically state facts illustrating such action on the part of defendants. (*Smithson v. Sparber* (1932) 123 Cal.App.225, 232.)

Numerous California cases, dealing with this issue at the demurrer stage, provide that a plaintiff must allege *facts describing* specific conduct that is oppressive, fraudulent, or malicious. (*Monge v. Superior Court* (1986) 176 Cal.App.3d 503, 511 [the underlying complaint provided *descriptive factual* allegations showing that the *only* ostensible motive for defendants' injurious conduct was to vex, harass, and annoy plaintiffs by subjecting them to an oppressive job environment]; *Perkins v. Superior Court* (1981) 117 Cal.App.3d 1, 5-7 [the terms "wrongfully and intentionally," and "in retaliation" are not objectionable terms in a pleading when sufficient *facts* are alleged to support the allegation]; *James v. Herbert* (1957) 149 Cal.App.2d 741, 749-750 [plaintiff specifically alleged *details* of fraud and malice in her complaint].)

Plaintiff's punitive damage allegations must therefore be stricken.

## V. Conclusion

For the reasons set forth above, Defendants respectfully requests that the Court grant their motion to dismiss in its entirety.

DATED: January 18, 2008

JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation

KELLIE M. MURPHY
Attorneys for Defendants

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

TABLE OF CONTENTS

**I. INTRODUCTION** .......... **1**

**II. PLAINTIFF'S ALLEGATIONS** .......... **2**

**III. LEGAL STANDARDS** .......... **5**

**IV. LEGAL ARGUMENT** .......... **6**

**A. Plaintiff cannot state a claim under Labor Code §1102.5 against any of the defendants because Plaintiff has not identified any state or federal statute, rule, or regulation that he reasonably believed was violated and because he cannot show that he suffered any adverse employment action.** .......... 6

1. *Plaintiff has not identified any state or federal statute, rule, or regulation that he reasonably believed was violated..* .......... 6

2. *Plaintiff cannot show that he suffered any adverse employment action..* .......... 8

**B. Plaintiff cannot state a claim under Labor Code §1102.5 against the individual defendants because they were not Plaintiff's employer** .......... 8

**C. Plaintiff cannot state a claim for Deprivation of Benefits and Privileges of Public Employment and Termination of Public Employment Without Due Process under 42 U.S.C. §1983 because he cannot establish a "legitimate claim of entitlement" to continued employment** .......... 9

**D. Plaintiff cannot state a claim for discrimination, harassment, or retaliation under California Government Code §12900 *et seq*. against any defendant because he has not stated a *prima facie* case.** .......... 11

1. *Plaintiff has not suffered an adverse employment action.* .......... 11

2. *Plaintiff has not alleged any facts that show intentional discrimination* .......... 14

**E. Plaintiff cannot state a claim for discrimination under California Government Code §12900 *et seq*. against the individual defendants because they were not his employer** .......... 15

**F. Plaintiff cannot state a claim for intentional infliction of emotional distress** .......... 16

1. *Plaintiff has failed to plead a statutory basis for a claim of intentional infliction of emotional distress.* .......... 16

2. *Plaintiff has failed to allege sufficient facts to state a prima facie case of intentional infliction of emotional distress* .......... 16

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

3. *Plaintiff's cause of action for intentional infliction of emotional distress is preempted by the Worker's Compensation Act* . . . . . . . . . . . 18

**G. The individual defendants are immune from liability as a matter of law** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**H. The punitive damage allegations against the individual defendants must be stricken because they are not recoverable as a matter of law against an individual public employee for acts taken in her representative capacity and because Plaintiff has not stated sufficient facts to support punitive damages** . . . . . . . . . . . . . . . . . . . . . . . 19

**V. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

## TABLE OF AUTHORITIES

FEDERAL CASES

*Scott v. Clay County*, 205 F.3d 867, 879-880 (6th Cir. 2000 . . . . . 2

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . 5

*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn.1 (9th Cir. 1997) . . . . . 5

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996) . . . . . 5

*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) . . . . . 5

*Associated Gen. Contractors of Calif. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) . . . . . 5

*Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974) . . . . . 5

*Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal.1996) . . . . . 5

*Love v. Motion Industries* (N.D. Cal. 2004) 309 F.Supp.2d 1128, 1134, 1135 . . . . . 6, 7, 8

*Morgan v. Regents of University of California* (2000) 88 Cal.App.4th 52, 69 . . . . . 6, 8

*216 Sutter Bay Assoc., supra,* 58 Cal.App.4th at p. 866 . . . . . 6

*Aubry, supra,* 2 Cal.4th at pp. 966-967 . . . . . 6

*Pan Pacific Properties, Inc., supra,* 81 Cal.App.3d at p. 251 . . . . . 6

*Green v. Ralee Engineering* (1998) 19 Cal.4th 66 1134-1135 . . . . . 7

*McCabe v. General Foods Corp* (9th Cir. 1987) 811 F.2d 1336, 1339 . . . . . 9

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980) . . . . . 9

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972) . . . . . 9, 11

*Soo v. United Parcel Service, Inc.* (N.D. Cal. 1999) 73 F.Supp.2d 1126 . . . . . 11

*Kocsis v. Multi-Care Management, Inc.* (6th Cir. 1996) 97 F.3d 876, 885 . . . . . 12

*Blackie v. State of Me.* (1st Cir. 1996) 75 F.3d 716, 725 . . . . . 12

*Williams v. Bristol-Myers Squibb Co.* (7th Cir. 1996) 85 F.3d 270, 274.) . . . . . 12

*International Brotherhood of Teamsters v. United States* (1977) 431 U.S. 324, 335-336 . . . . . 14

*Hazen Paper Co. v. Biggins* (1993) 507 U.S. 604, 610 . . . . . 14

*Watson v. Southeastern Pa. Transp. Auth.* (3rd Cir. 2000) 207 F.3d 207, 211 . . . . . 14

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

*Raytheon Co. v. Hernandez* (2003) 540 U.S. 44, 52 . . . . . . . . . . 15

*Schneider v. TRW, Inc.* (9th Cir. 1991) 938 F.2d 986, 992-993 . . . . . . . . . . 17

*Will v. Mich. Dep't of State Police* (1989) 491 U.S. 58, 71 . . . . . . . . . . 19

FEDERAL STATUTES

42 U.S.C. §1983 . . . . . . . . . . 1, 9

28 U.S.C. §1367(a) and (c) . . . . . . . . . . 1-2

Article III of the United States Constitution . . . . . . . . . . 2

Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . . . 5

Federal Rules of Civil Procedure 12(f) . . . . . . . . . . 5

STATE CASES

*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260 . . . . . . . . . . 8

*Reno v. Baird* (1998) 18 Cal.4th 640, 663 . . . . . . . . . . 8-9, 15

*Miller v. State of California*, 18 Cal.3d 808, 813 (1977) . . . . . . . . . . 9

*Kim v. The Regents of the University of California*, 80 Cal.App.4th 160, 164 (2000) . . . . . . . . . . 9

*Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426 (1988) . . . . . . . . . . 9

*Hill v. City of Long Beach*, 33 Cal.App.4th 1684, 1692 (1995) . . . . . . . . . . 9

*Akers v. County of San Diego* (2002) 95 Cal.App.4th 1441, 1454 . . . . . . . . . . 11, 12

*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1051-1052 . . . . . . . . . . 11

*Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317, 355 . . . . . . . . . . 11

*Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal.App.3d 590, 615 . . . . . . . . . . 11, 13

*Thomas v. Department of Corrections* (2000) 77 Cal.App.4th, 507, 510-512 . . . . . . . . . . 12

*Kocsis v. Multi-Care Management, Inc.* (6th Cir. 1996) 97 F.3d 876, 885 . . . . . . . . . . 12

*Mullins v. Rockwell International Corp.* (1997) 15 Cal.4th 731, 737.) . . . . . . . . . . 13

*Lee v. Bank of America National Trust and Savings Ass'n* (1994)

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

27 Cal.App.4th 197, 213 . . . . . . . . . . 13

*Gibson v. Aro Corp.* (1995) 32 Cal.App.4th 1628, 1635 . . . . . . . . . . 13

*Cloud v. Casey* (2000) 76 Cal.App.4th 895, 902-903 . . . . . . . . . . 13

*Turner v. Anheuser - Busch, Inc.* (1994) 7 Cal.4th 1238, 1251 . . . . . . . . . . 13, 14

*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 62 . . . . . . . . . . 15, 16

*Ross v. San Francisco Bay Area Transit District* (2007) 146 Cal.App.4th 1507 . . . . . . . . . . 16

*Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 155, fn. 7 . . . . . . . . . . 16, 17, 18

*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 300 . . . . . . . . . . 16

*Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1225-1226 . . . . . . . . . . 16

*Fletcher v. Western Life Insurance Co.* (1970) 10 Cal.App.3d 376, 397 . . . . . . . . . . 17

*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 18 . . . . . . . . . . 18

*Gibbs v. American Airlines, Inc.* (1999) 74 Cal.App.4th 1 . . . . . . . . . . 18

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 814-815 . . . . . . . . . . 18

*Caldwell v. Montoya* (1995) 10 Cal.4th 972, 979 . . . . . . . . . . 18

*Tietz v. Los Angeles Unified School District* (1965) 238 Cal.App.2d 905 . . . . . . . . . . 19

*Hardy v. Vial* (1957) 48 Cal.2d 577 . . . . . . . . . . 19

*Toney v. State* (1976) 54 Cal.App.3d 779 . . . . . . . . . . 19

*Jones v. Oxnard School District* (1969) 270 Cal.App.2d 587 . . . . . . . . . . 19

*Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 187 . . . . . . . . . . 19

*Brousseau v. Jarrett* (1977) 73 Cal.App.3d 864, 872 . . . . . . . . . . 20

*Smith v. Superior Court* (1992) 10 Cal.App.4th 1033, 1041-1042 . . . . . . . . . . 20

*Ebaugh v. Rabkin* (1972) 22 Cal.App.3d 891, 894-895 . . . . . . . . . . 20

*Cyrus v. Haveson* (1976) 65 Cal.App. 3d 306, 316-317 . . . . . . . . . . 20, 21

*G.D. Searlen & Co v. Superior Court* (1975) 49 Cal.App.3d 22, 29 . . . . . . . . . . 20

*Smithson v. Sparber* (1932) 123 Cal.App.225, 232 . . . . . . . . . . 21

*Monge v. Superior Court* (1986) 176 Cal.App.3d 503, 511 . . . . . . . . . . 21

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

*Perkins v. Superior Court* (1981) 117 Cal.App.3d 1, 5-7 . . . . . . . . 21

*James v. Herbert* (1957) 149 Cal.App.2d 741, 749-750 . . . . . . . . 21

STATE STATUES

Labor Code §1102.5 . . . . . . . . 6, 7, 8, 9

Labor Code §1102.5(b) . . . . . . . . 8

*California Government Code §12900 et seq.* . . . . . . . . 11, 15

California Labor Code §§3600-3602, 5300 . . . . . . . . 18

Government Code Section 820.2 . . . . . . . . 18, 19

Government Code Section 820.2 . . . . . . . . 19

Government Code §815.2 . . . . . . . . 19

California Civil Code section 3294 . . . . . . . . 20

Civil Code §3294(a) . . . . . . . . 20

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**PROOF OF SERVICE**

**CASE NAME:** **Faurie v. Berkeley Unified School District, et al.**
**CASE NO.:**

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 560, Sacramento, CA 95815.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On January 18, 2008, I served the following:

_ United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

_ By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

_ Federal Express - on all parties in said action by placing a true copy of the above-described document(s) in an authorized area for pick-up by an authorized express service courier the same day it is collected and processed in the ordinary course of business as set forth below.

_ Personal Service - By personally delivering or causing to be delivered a true copy of the above-described document to the person(s) and at the address(es) set forth as shown below.

X **ELECTRONIC SERVICE** - by causing such document to be served electronically pursuant to court rule to the individual listed below:

Eric Borgerson, Esq.
LAW OFFICE OF ERIC BORGERSON
2625 School Street
Oakland, CA 94602

X FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 18, 2008, at Sacramento, California.

Mike Quinn

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247