1   KELLIE M. MURPHY (SBN 189500)
    JOHNSON SCHACHTER & LEWIS
2   A Professional Law Corporation
    California Plaza
3   2180 Harvard Street, Suite 560
    Sacramento, CA 95815
4   Telephone: (916) 921-5800
    Facsimile: (916) 921-0247
5
6   Attorneys for BERKELEY UNIFIED SCHOOL DISTRICT, MICHELE LAWRENCE, LISA
    UDELL, CRISTINA OBIETA, RICHARD DODSON, and TINA BRIER
7

8               IN THE UNITED STATES DISTRICT COURT

9           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      (San Francisco Division)

11  GENE FAURIE, JR.,                    )   Case No. C 08-00060 THE
                                         )
12          Plaintiff                    )   **REPLY IN SUPPORT OF**
                                         )   **DEFENDANTS' MOTION TO**
13  v.                                   )   **DISMISS PLAINTIFF'S FIRST**
                                         )   **AMENDED COMPLAINT OR,**
14  The BERKELEY UNIFIED SCHOOL          )   **ALTERNATIVELY, EACH AND**
    DISTRICT; MICHELLE LAWRENCE,         )   **EVERY CLAIM THEREIN; AND**
15  individually and in her official capacity as )   **MOTION TO STRIKE PLAINTIFF'S**
    BUSD Superintendent; LISA UDELL,     )   **PRAYER FOR PUNITIVE DAMAGES**
16  individually and in her official capacity as )   _____
    BUSD Assistant Superintendent, Human )
17  Resources; CRISTINA OBIETA, individually )
    and in her official capacity as BUSD Director, )
18  Classified Personnel; RICHARD DODSON, in )
    his official capacity as BUSD Director, Labor )
19  Relations; TINA BRIER, individually and in )   **Date:    March 10, 2008**
    her official capacity as BUSD Director,    )   **Time:    10:00 a.m.**
20  Classified Personnel,                )   **Ctrm:    12**
                                         )
21          Defendants.                  )   **Judge:   The Honorable Thelton E.**
    _____ )   **Henderson**
22

23

24

25

26

27

28

    REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

1

## I.  Introduction

Plaintiff has not cited any authority to overcome the deficiencies identified in the moving papers in connection with this motion to dismiss and motion to strike.  For the reasons stated in the moving papers and below, all of Plaintiff's claims must be dismissed and the punitive damage allegations stricken.

## II.  Legal Argument

**A.      As Plaintiff admits, he cannot state a claim under Labor Code §1102.5 against the individual defendants because they were not Plaintiff's employer.**

Plaintiff admits that he may only allege a violation of Labor Code §1102.5 against an *employer*.  Without any supporting authority, however, Plaintiff draws a distinction between the capacity in which the individual defendants are sued, and argues that he can allege such a claim against the individuals in their official capacities.  Plaintiff ignores that the individuals were *never* Plaintiff's employer in *any* capacity, including in their official capacities and therefore cannot be sued for a violation of Labor Code §1102.5 *in any capacity*.

**B.      Plaintiff has not adequately plead a claim against any of the defendants under Labor Code §1102.5 *in his complaint*, and cannot do so based on the statutes cited in his opposition.**

The law very clearly requires that Plaintiff adequately allege, *in his complaint*, that he engaged in a protected activity.  (See *Love v. Motion Industries* (N.D. Cal. 2004) 309 F.Supp.2d 1128, 1134 (citing *Morgan v. Regents of University of California* (2000) 88 Cal.App.4th 52, 69).)  He cannot rely on a suspicion that the District's conduct must have violated some unidentified statute, rule, or regulation:

> Here, **Plaintiff does not cite any statute, rule, or regulation that may have been violated by the disclosed conduct.  Rather, he argues simply that he reasonably believed that the activity violated some unnamed statute, rule, or regulation**.  More than three years after Plaintiff discovered the alleged safety issue he remains unable to state any statutory or regulatory basis for his claim even when confronted with a direct challenge on this point by Defendant. Plaintiff's silence is telling and indicates a lack of any foundation for the reasonableness of his belief.  (*Love, supra,* 309 F.Supp.2d at p. 1135, boldface added.)

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

Like the plaintiff in *Love, supra,* Plaintiff here failed to identify a single federal or state statute, rule, or regulation that Defendants allegedly violated.  In his opposition, Plaintiff argues that "Defendants either are or should be aware of the provisions of law that are at issue." (Plaintiff's Opposition, p. 10, lines 1-2.)  It is not, however, Defendants' burden or responsibility to identify such provisions of law.

Because he very clearly did not identify any statutes, rules, or regulations in his First Amended Complaint, Plaintiff attempts to correct the deficiency in his pleading by identifying "provisions of law" in his opposition brief.  Plaintiff cannot, however, defeat a motion to dismiss by doing so.  The proper allegations *must be in Plaintiff's complaint*.  Because they are not, Defendants' motion to dismiss must be granted.

Moreover, Plaintiff cannot simply list or describe laws that he believes Defendants may have violated.  Rather, to adequately plead a claim under section 1102.5, Plaintiff must state *facts* sufficient to show that he had "reasonable cause to believe that the information [reported] discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."  (Labor Code §1102.5(b).)  Plaintiff has not done so in his First Amended Complaint, nor has he shown any way he can do so.  Defendants' motion should therefore be granted without leave to amend.

Plaintiff's Labor Code claim also fails because he cannot show that he suffered an adverse employment action.  Plaintiff dismisses this argument, improperly citing to his interpretation of the pleadings and orders filed in state court in connection with Defendants' demurrer before the action was removed to this Court.  As discussed in detail in the Objections to Plaintiff's Evidence filed concurrently herewith, the arguments made and the orders entered in state court cannot be considered in connection with this motion.

Plaintiff then concludes in his opposition that he has adequately stated conduct sufficient to allege an adverse employment action.  Plaintiff ignores the case law cited in the moving papers that shows that the facts alleged in his First Amended Complaint are insufficient to allege constructive discharge, or any other adverse employment action.  It is well-settled that criticism

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1    of job performance and inadequate compensation, even including demotion or reduction of pay,

2    are not grounds for constructive discharge. (See *Rochlis v. Walt Disney Co.*, 19 Cal.App.4th 201

3    (1993).) The court in *Garamendi v. Golden Eagle Ins. Co.*, 128 Cal.App.4th 452 (2005) held

4    that employees claiming that they were forced to resign (i.e., constructively discharged) after

5    disclosing fraudulent business practices to their superiors failed to establish intolerable working

6    conditions to establish constructive discharge. Numerous other courts have similarly held that

7    conduct far exceeding anything alleged in Plaintiff's First Amended Complaint. (See, e.g.,

8    *Thomas v. Department of Corrections*, 77 Cal.App.4th 507, 510-512 (2000) [actions including

9    refusing days off, improperly docking pay, false accusations of failure to obey orders,

10    undeserved negative performance evaluations, and failure to deliver a check did not constitute

11    adverse employment action]; *Cloud v. Casey*, 76 Cal.App.4th 895, 902-903 (2000) [*six-year*

12    pattern of conduct where superiors told female plaintiff that they did not "see a woman"in a

13    higher position, excluded her from meetings that would have given her necessary experience

14    toward promotion, when not promoted she was told that "we haven't had women in that

15    position" was not enough to establish constructive discharge]; *Fisher v. San Pedro Peninsula*

16    *Hosp.*, 214 Cal.App.3d 590, 615 (1989) [ostracism in the workplace by supervisors and

17    coworkers is not enough to show an adverse employment action sufficient to state a claim under

18    the FEHA].

19       Plaintiff here cannot show conditions sufficient to establish constructive discharge. He

20    alleges simply that he was rebuffed or ignored, but does not allege that he was punished in any

21    way. He in fact alleges that he received *positive* performance evaluations. Because he cannot

22    show that he suffered an adverse employment action, Plaintiff cannot state a claim under Labor

23    Code §1102.5.

24

25    **C.**     **Plaintiff has not adequately pled a claim against any of the defendants for violation of due process under 42 U.S.C. §1983 and cannot do so by alleging conclusory statements and citing "rules" that he hopes to uncover during discovery.**

26

27

28

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

1          Plaintiff's opposition completely ignores the legal authority cited in the moving papers

2    that very clearly states that, in order to state a claim for violation of due process under 42 U.S.C.

3    §1983, Plaintiff must establish a "legitimate claim of entitlement" to continued employment or to

4    procedural safeguards (i.e., a property interest), which must be grounded in an independent

5    source such as state law.  (See *Board of Regents of State Colleges v. Roth*, 408 U.S. 563, 577

6    (1972); see also *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).)  California state law does *not*

7    support such a property interest in public employment.  (See *Miller v. State of California*, 18

8    Cal.3d 808, 813 (1977); see also *Kim v. The Regents of the University of California*, 80

9    Cal.App.4th 160, 164 (2000); *Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426 (1988); *Hill*

10   *v. City of Long Beach*, 33 Cal.App.4th 1684, 1692 (1995).)

11         Plaintiff "supports" his claim under section 1983 in his opposition with the following

12   declaration:

13         Plaintiff has adequately pled that he had a reasonable expectation of continued
           employment based on the Merit System Rules, consistently stellar performances,
14         oral representations of his supervisors, and internal memoranda.  **Those items of
           evidence are not publicly posted and must be obtained through discovery**.
15         (Plaintiff's Opposition, p. 14, lines 4-7, boldface added.)

16         After *admitting* that he cannot cite a statutory or other basis for his section 1983 claim,

17   Plaintiff then concludes that "Plaintiff has adequately alleged the source of his Constitutionally

18   cognizable property interest."  (Plaintiff's Opposition, p. 14, lines 8-9.)  None of the items that

19   Plaintiff *hopes* to obtain through discovery to support his claim would in fact support such a

20   claim.

21         Similarly, the case on which Plaintiff relies, *Cleveland Board of Education v. Loudermill*,

22   470 U.S. 532 (1985), does not support his claim.

23

24   **D.     Plaintiff has not adequately pled a *prima facie* case under the FEHA against
            any of the defendants.**

25         Again, Plaintiff improperly relies on the pleadings and order from the state court before

26   the action was removed to this Court.  As discussed above and in the Objections to Plaintiff's

27

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1    Evidence filed concurrently herewith, nothing "decided" in state court can be considered in

2    connection with this motion.

3          Plaintiff discusses the "shifting burdens analysis" at length in his opposition. He does

4    not, however, address his failure to satisfy his initial burden – to allege facts sufficient to state a

5    *prima facie* case of discrimination, harassment, and retaliation. Plaintiff's self-serving,

6    conclusory statements cannot satisfy his burden. As discussed in the moving papers and above,

7    Plaintiff has not shown that he was subjected to adverse employment action. Further, Plaintiff

8    has not alleged *any* facts that show intentional discrimination, an element he completely ignores

9    in his opposition, thus conceding that he has not and cannot allege such facts. Plaintiff's claims

10   under the FEHA must therefore be dismissed.

11   **E.    As with his claim under Labor Code §1102.5, Plaintiff cannot state a claim for
         discrimination under the FEHA against the individual defendants because
12       they were not Plaintiff's employer.**

13         Again without any supporting authority, however, Plaintiff draws a distinction between

14   the individual defendants in their official capacities as opposed to their individual capacities,

15   apparently as it relates to their status as employers. Plaintiff ignores that the individuals were

16   *never* Plaintiff's employer in *any* capacity, including in their official capacities.

17         The legal principle at issue is *not*, as Plaintiff suggests, that there is a lack of individual

18   liability, for such claims, but rather that an individual cannot be sued *in any capacity* under

19   either statute because such claims can only be brought against an *employer*. An individual

20   employee of the District is *not* the employer of another individual employee of the District and

21   therefore cannot be sued under the FEHA (or Labor Code §1102.5) in either their individual

22   capacity *or* their official capacity.

23
     **F.    Plaintiff cannot state a cause of action for intentional infliction of emotional
24       distress against any of the defendants because there is no statutory basis for
         such claim, because the facts alleged do not support such claim, and because
25       such claim is preempted by the Worker's Compensation Act.**

26

27

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1   Again, Plaintiff cannot rely on the rulings, as he interprets them, from the state court

2   prior to removal of this action.  (See Objections to Plaintiff's Evidence, filed concurrently

3   herewith.)

4   As set forth in the moving papers, Government Code §815 provides that "Except as

5   otherwise provided by statute: . . . A public entity is not liable for an injury, whether such injury

6   arises out of an act or omission of the public entity or a public employee or any other person."

7   Plaintiff has not and cannot plead any statutory basis for a claim of intentional infliction of

8   emotional distress, and such claim must therefore be dismissed.

9   Further, Plaintiff spends a great deal of time in his opposition arguing that certain

10  conduct, under certain circumstances, can form the basis for a claim of intentional infliction of

11  emotional distress.  Plaintiff completely ignores that he has failed to state *facts* sufficient to

12  establish conduct to support such a claim *in this case* and against Defendants.  To state such a

13  claim, Plaintiff must allege *facts* to support the following elements: (1) "outrageous" conduct;

14  (2) that the District intended to cause (or recklessly disregarded the probability of causing)

15  Plaintiff emotional distress; (3) that Plaintiff suffered severe emotional distress; and (4) an actual

16  and proximate causal link between the District's "outrageous" conduct and the severe emotional

17  distress.  (See *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 155, fn. 7; *Nally v.*

18  *Grace Community Church* (1988) 47 Cal.3d 278, 300.

19  **As a matter of law, allegations of personnel management decisions are insufficient**

20  **to support a claim of intentional infliction of emotional distress, even where they are**

21  **alleged to be improperly motivated.**  (See *Janken v. GM Hughes Electronics* (1996) 46

22  Cal.App.4th 55, 80.)  That is precisely what Plaintiff attempts to allege here – personnel

23  management decisions relating to people other than Plaintiff, with which he disagreed.

24  Plaintiff alleges in his complaint, quite generally, that the individual defendants were

25  rude to him.   "Ordinarily mere insulting language, without more, does not constitute outrageous

26  conduct."  (*Cole, supra,* 43 Cal.3d at p. 155, n. 7.)  Even conduct such as screaming and yelling

27  by a supervisor in the process of criticizing an employee's performance, threatening to throw an

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

employee out of the department, and making threatening gestures toward an employee have been held insufficient to constitute outrageous conduct as a matter of law. (*Schneider v. TRW, Inc.* (9th Cir. 1991) 938 F.2d 986, 992-993.) "While such incidents may show rudeness and insensitivity, they do not amount to outrageous conduct." (*Id.* at p. 992.) Plaintiff attempts to distinguish *Schneider* by arguing that the conduct to which Plaintiff was subjected did not occur in the course of criticizing his job performance and points out that he was not criticized for his job performance. That concession directly contradicts Plaintiff's claim. Plaintiff fails to plead any facts to establish that any of the defendants intended to cause him emotional distress and in fact alleges to the contrary. Such facts are inconsistent with an allegation of intent to cause emotional distress. Plaintiff's complaint also fails to allege that Plaintiff suffered any emotional distress as a result of any act or omission on the part of the District.

For similar reasons, Plaintiff cannot overcome worker's compensation preemption, which includes emotional distress injuries allegedly resulting from an employer's conduct in employment actions involving termination, promotions, demotions, criticism of work, grievances, and other such actions. (See *Shoemaker, supra,* 52 Cal.3d at p. 20; *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 814-815; *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160.) Allegations that an employer's conduct was intentional, malicious, or outrageous are *insufficient* to permit a civil action outside of the workers' compensation system. (See *Cole, supra,* 43 Cal.3d at p. 160; *Shoemaker, supra,* 52 Cal.3d at p. 25.)

Plaintiff argues that, because some of the individual defendants' actions were "outside her legitimate role as employer," his claim is not preempted. Plaintiff, however, has alleged no facts to support that argument, and has in fact alleged to the contrary.

Plaintiff cannot state a cause of action for intentional infliction of emotional distress against any of the defendants, and such claim must therefore be dismissed.

**G.     The individual defendants are immune from all liability because their actions were necessarily discretionary acts for which they cannot be held liable.**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1    Again, Plaintiff cannot rely on the rulings, as he interprets them, from the state court

2    prior to removal of this action.  (See Objections to Plaintiff's Evidence, filed concurrently

3    herewith.)

4    In arguing that immunity cannot apply to FEHA claims, Plaintiff misstates and

5    mischaracterizes the Court's opinion and holding in *Caldwell v Montoya* (1995) 10 Cal.4th 972.

6    In *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 976, the California Supreme Court unanimously

7    held that Government Code § 820.2 immunized school board members against a terminated

8    school superintendent's claims *for violations of the FEHA*.   The Court found that the decision of

9    the board to replace the district's superintendent was a "basic" governmental policy decision and

10    a "quintessential discretionary act" which was entrusted to the board members' judgment and

11    thus was protected under § 820.2.  (*Ibid.*)  The Court also expressly rejected the argument that

12    Plaintiff claims it advances – that FEHA actions prevail over the discretionary immunity code –

13    holding that the immunity "cannot be abrogated by a statute which simply imposes a general

14    duty or liability on persons, including public employees."  (*Ibid.* at 986.)

15    All of the acts alleged against the individual defendants constitute discretionary acts

16    under *Caldwell* and cases decided thereafter.  This point was recognized and emphasized in the

17    case of *Tinker v. Des Moines School Dist.* (1969) 393 U.S. 503, 507, where the U.S. Supreme

18    Court reiterated that "the Court has repeatedly emphasized the need for affirming the

19    comprehensive authority of the States and of *school officials*, consistent with fundamental

20    constitutional safeguards, to prescribe and control conduct in the schools."

21    Because the acts that form the basis of Plaintiff's entire First Amended Complaint were

22    the result of the exercise of discretion vested in District officials, the District *and* the individual

23    defendants are immune from liability.  Plaintiff's entire First Amended Complaint, and each

24    cause of action asserted therein, must be dismissed against Defendants.[1]

25

26

27    [1]  This includes Plaintiff's claim of violation of equal protection, which Plaintiff incorrectly states that
Defendants have failed to address in this motion.  Defendants' immunity argument was and is directed to *all* causes

28    of action in Plaintiff's First Amended Complaint.

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1  **H.    Plaintiff's request that this Court grant him leave to amend to state a cause of action not stated in his First Amended Complaint is improper and should be denied.**

2

3    Amazingly, after arguing throughout his opposition that Defendants should not be

4  allowed to even raise arguments raised in connection with their demurrer to Plaintiff's original

5  complaint filed in state court and that this Court should simply adopt the state court's ruling with

6  respect to several claims, Plaintiff requests (in a footnote, number 10, on page 20 of his

7  opposition) that the Court "grant Plaintiff leave to amend the Complaint to reinstate his cause of

8  action for tortious wrongful termination in violation of fundamental public policy which the

9  Superior Court erroneously dismissed."  According to Plaintiff, this Court must follow the state

10  court's rulings on issues with which Plaintiff agrees, but has authority to disregard the rulings

11  with which Plaintiff disagrees.  Plaintiff cites the case of *Preseau v. Prudential Ins. Co. of*

12  *America*, 591 F.2d 74, 79 (9th Cir. 1979) in support of its argument.  *Preseau* actually supports

13  Defendants' argument in the accompanying Objections to Plaintiff's Evidence and above that the

14  Court is not bound by the state court's rulings regarding Defendants' demurrers in ruling on this

15  motion.  The court in *Preseau* considered a similar circumstance – where a motion was brought

16  prior to removal, ruled on, then brought in federal court after removal.  The court held that the

17  federal court was not bound by the prior ruling in state court, which is precisely what Defendants

18  assert herein.  Neither that case nor any other case, however, support Plaintiff's request that this

19  Court reinstate, *sua sponte*, a cause of action that has not been alleged in the complaint before

20  this Court.  Plaintiff's request is wholly improper and must be denied.

21

22  **I.    The facts alleged in this action do not support a claim for punitive damages against the individual defendants in their individual capacities.**

23    Again, Plaintiff cannot rely on the rulings, as he interprets them, from the state court

24  prior to removal of this action.  (See Objections to Plaintiff's Evidence, filed concurrently

25  herewith.)

26    Plaintiff argues that he has pled sufficient facts to allege punitive damages.  It is not,

27  however, enough for Plaintiff to simply allege in a conclusory fashion that a plaintiff has been

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1    subject to harassment, retaliation, etc.  If that were the case, punitive damages would be properly

2    alleged by merely asserting those causes of action against an individual.  In essence, any and

3    every case under the FEHA would automatically support allegations of punitive damages.  As it

4    is, this is not the state of the law.

5        What Plaintiff has failed to do here is allege *facts* that evidence "oppression, fraud or

6    malice."  Plaintiff merely alleges a laundry list of alleged actions taken during the course and

7    scope of the individual defendants' employment, most of which had *nothing* to do with Plaintiff

8    at all.  Such allegations cannot support an award of punitive damages.  In his opposition,

9    Plaintiff cites several cases that consider whether substantial evidence was presented *at trial* to

10   support jury verdicts.  (See *Cloud v. Casey* (1999) 76 Cal.App.4th 895; *Boeken v. Phillip Morris*

11   *Inc.* (2005) 127 Cal.App.4th 1640; *The Nippon Credit Bank v. 1333 North Cal. Blvd.* (2001) 86

12   Cal.App.4th 486.)  These cases have nothing to do with the sufficiency of ***pleadings*** in a

13   complaint that requests punitive damages.

14       All punitive damage allegations must be stricken from Plaintiff's First Amended

15   Complaint because the factual allegations cannot support punitive damages as a matter of law.

### III.  Conclusion

16

17       Based on the foregoing, on the moving papers previously submitted, and on the

18   Objections to Plaintiff's Evidence filed concurrently herewith, Defendants respectfully request

19   that the Court grant its motion to dismiss Plaintiff's entire First Amended Complaint and strike

20   all punitive damage allegations.

21

22   DATED: February 25, 2008              JOHNSON SCHACHTER & LEWIS
                                          A Professional Law Corporation
23

24                                           /s/ Kellie M. Murphy

25   –                                     KELLIE M. MURPHY
                                           Attorneys for Defendants
26

27

28

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

**PROOF OF SERVICE**

**CASE NAME:**     **Faurie v. Berkeley Unified School District, et al.**
**CASE NO.:**

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 560, Sacramento, CA 95815.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On February 25, 2008, I served the following: **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, EACH AND EVERY CLAIM THEREIN; AND MOTION TO STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES**

__     United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

__     By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

__     Federal Express - on all parties in said action by placing a true copy of the above-described document(s) in an authorized area for pick-up by an authorized express service courier the same day it is collected and processed in the ordinary course of business as set forth below.

__     Personal Service - By personally delivering or causing to be delivered a true copy of the above-described document to the person(s) and at the address(es) set forth as shown below.

_X_     **ELECTRONIC SERVICE** - by causing such document to be served electronically pursuant to court rule to the individual listed below:

Eric Borgerson, Esq.
LAW OFFICE OF ERIC BORGERSON
2625 School Street
Oakland, CA 94602

_X_     FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 25, 2008, at Sacramento, California.

_/s/ Mike Quinn_____
Mike Quinn

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

11