1   KELLIE M. MURPHY (SBN 189500)
    JOHNSON SCHACHTER & LEWIS
2   A Professional Law Corporation
    California Plaza
3   2180 Harvard Street, Suite 560
    Sacramento, CA 95815
4   Telephone: (916) 921-5800
    Facsimile: (916) 921-0247
5
6   Attorneys for BERKELEY UNIFIED SCHOOL DISTRICT, MICHELE LAWRENCE, LISA
    UDELL, CRISTINA OBIETA, RICHARD DODSON, and TINA BRIER

7

8              IN THE UNITED STATES DISTRICT COURT

9            IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      (San Francisco Division)

11  GENE FAURIE, JR.,                      )   Case No. C 08-00060 EDL
                                           )
12         Plaintiff                       )   **OBJECTIONS TO PLAINTIFF'S**
                                           )   **EVIDENCE SUBMITTED IN**
13  v.                                     )   **OPPOSITION TO  DEFENDANTS'**
                                           )   **MOTION TO DISMISS PLAINTIFF'S**
14  The BERKELEY UNIFIED SCHOOL            )   **FIRST AMENDED COMPLAINT OR,**
    DISTRICT; MICHELLE LAWRENCE,           )   **ALTERNATIVELY, EACH AND**
15  individually and in her official capacity as )   **EVERY CLAIM THEREIN; AND**
    BUSD Superintendent; LISA UDELL,       )   **MOTION TO STRIKE PLAINTIFF'S**
16  individually and in her official capacity as )   **PRAYER FOR PUNITIVE DAMAGES**
    BUSD Assistant Superintendent, Human   )   _____
17  Resources; CRISTINA OBIETA, individually )
    and in her official capacity as BUSD Director, )
18  Classified Personnel; RICHARD DODSON, in )
    his official capacity as BUSD Director, Labor )
19  Relations; TINA BRIER, individually and in )   **Date:       March 10, 2008**
    her official capacity as BUSD Director,    )   **Time:       10:00 a.m.**
20  Classified Personnel,                  )   **Ctrm:       12**
                                           )
21         Defendants.                     )   **Judge:      The Honorable Thelton E.**
    _____    )             **Henderson**
22

23      In opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Or,

24  Alternatively, Each and Every Claim Therein; and Motion to Strike Plaintiff's Prayer for

25  Punitive Damages, Plaintiff submitted the following "evidence," to which Defendants hereby

26  object:

27

28

                                        1
        **OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN OPPOSITION TO**
           **DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1.    Declaration of Eric Borgerson in Opposition to Defendants' Motion to Dismiss and Motion to Strike; and

2.    Request for Judicial Notice.

<u>Declaration of Eric Borgerson</u>:

Attached to Mr. Borgerson's declaration are copies of some of the moving and opposing papers filed in connection with Defendants' demurrer to and motion to strike portions of Plaintiff's Complaint filed in this action, which was initially filed in state court before being removed to federal court by Defendants based on Plaintiff's First Amended Complaint, as well as the superior court's rulings on those motions. **Plaintiff has not requested that the Court take judicial notice of any of the documents attached to Mr. Borgerson's declaration, and such documents therefore cannot be considered in connection with this motion.** Evidence outside the pleadings cannot normally be considered in deciding a 12(b)(6) motion. (See *Farr v. United States,* 990 F.2d 451, 454 (9th Cir.1993).) Unless the court converts a motion to dismiss brought under Rule 12(b)(6) into a summary judgment motion, the court cannot consider material outside the complaint, with the exception of matters of which the court takes judicial notice *at the request of one of the parties*. (See *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 925; *Beliveau v. Caras* (CD Cal. 1995) 873 F.Supp. 1393, 1395; *Paulsen v. CNF, Inc.* (ND Cal. 2005) 391 F.Supp.2d 804, 807; see also *Cooperativa de Ahorro Y Credito Aguada v. Kidder, Peabody & Co.* (1st Cir. 1993) 993 F.2d 269, 273 [a court may *not* take judicial notice on its own, without affording the parties opportunity to be heard].)

Even if Plaintiff had requested that the Court take judicial notice of the documents attached to his declaration, judicial notice is not proper. Although a court may take judicial notice of the *existence* and content of filed in another court, it cannot take judicial notice of findings made by that court because they are not facts "not subject to reasonable dispute" as required by Federal Rules of Evidence Rule 201.

> . . . [E]ven though a court may take judicial notice of a "document filed in another court ... to establish the fact of such litigation and related filings," a court cannot take judicial notice of the factual findings of another court. This is so because (1) such findings do not constitute facts "not subject to reasonable

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

2

1

2

> dispute" within the meaning of Rule 201; and (2) "were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous." (*Taylor v. Charter Medical Corporation*, 162 F.3d 827, 830 (9th Cir. 1998).)

3

4

Plaintiff is asking this Court to simply adopt the determination of the state court without

5

independently considering the merits of this motion.  It is improper for Plaintiff even to suggest

such a result.

6

7

> Rule 201 authorizes the court to take notice only of "adjudicative *facts*," not legal determinations. Therefore, a court cannot take judicial notice of another court's legal determination that a party constituted a state actor for the purposes of §1983. That determination is neither an adjudicative fact within the meaning of Rule 201 nor beyond "reasonable dispute." (*Id.* at p. 831.)

8

9

Plaintiff appears to be arguing in his opposition that res judicata and/or collateral

10

estoppel bar the arguments raised in Defendants' motion to dismiss and motion to strike.  Both

11

doctrines, however, require a *final judgment on the merits* in the prior action.  (See, e.g., *In re*

12

*Anthony H.*, 129 Cal.App.4th 495, 503 (2005) [res judicata]; *Federation of Hillside & Canyon*

13

*Assns. v. City of Los Angeles*, 126 Cal.App.4th 1180, 1202 (2004) [res judicata]; *Brinton v.*

14

*Bankers Pension Services, Inc.*, 76 Cal.App.4th 550, 556 (1999) [res judicata]; *People v. Carter*,

15

36 Cal.4th 1215, 1240 (2005) [collateral estoppel]; *San Remo Hotel, L.P. v. San Francisco City*

16

*& County*, 364 F.3d 108, 1096 (9th Cir.), *cert. granted in part*, 543 U.S. 1032 (2004), *aff'd*, 545

17

U.S. 323 (2005).  Because there was clearly no final judgment in this action prior to removal to

18

this Court, neither doctrine applies.

19

Mr. Borgerson also sets forth his apparent recollection of the oral argument on the

20

demurrer in state court, which quite obviously cannot be considered by this Court in deciding the

21

motions.  Not only is there absolutely no documentation to verify Mr. Borgerson's

22

representations regarding that argument, but that portion of the declaration is objectionable on

23

the grounds cited above as well as the following grounds: hearsay; lack of foundation; lack of

24

authentication; and relevance.

25

Based on the foregoing, Defendants' respectfully request that the Declaration of Eric

26

Borgerson in Opposition to Defendants' Motion to Dismiss and Motion to Strike be stricken in

27

its entirety and disregarded with respect to the rulings on Defendants' motions.

28

**JOHNSON SCHACHTER & LEWIS**
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

3

**OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

1    <u>Request for Judicial Notice</u>:

2        Plaintiff requests that the Court take judicial notice of a *blank* "California Public

3    Employees' Retirement System Employer User Security Agreement," claiming that "[t]he

4    contents of the form are capable of accurate and ready determination by resort to sources whose

5    accuracy cannot reasonably be questioned, in that the form is publicly accessible online at

6    https://www.calpers.ca.gov/eip-docs/employer/aces/notifications/forms/pers-aesd-43-fill-in.pdf."

7    (See Plaintiff's Request for Judicial Notice, p. 2, lines 6-9.)

8        It is unclear what exactly Plaintiff wants the Court to take judicial notice of, and what

9    Plaintiff claims is capable of accurate and ready determination.  Plaintiff has not identified any

10   *facts* of which the Court can take judicial notice and judicial notice is therefore improper.

11       The document is further objectionable on the following grounds: hearsay; lack of

12   foundation; lack of authentication; and relevance.  Plaintiff claims that the document evidences

13   "authority" that he reasonably believed Defendants' violated, presumably in an attempt to

14   support his claim under Labor Code §1102.5.  There is, however, absolutely no federal or state

15   statute, rule, or regulation cited in the document that would have any bearing on any cause of

16   action asserted in Plaintiff's First Amended Complaint.

17       Based on the foregoing, Defendants' respectfully request that the Request for Judicial

18   Notice be denied and the attached document disregarded with respect to the rulings on

19   Defendants' motions.

20
21   DATED: February 25, 2008           JOHNSON SCHACHTER & LEWIS
                                        A Professional Law Corporation
22

23                                          /s/ Kellie M. Murphy
     _                                  _____
24                                      KELLIE M. MURPHY
                                        Attorneys for Defendants
25

26

27

28

**OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1                                    **PROOF OF SERVICE**

2

3        **CASE NAME:**        **Faurie v. Berkeley Unified School District, et al.**
         **CASE NO.:**

4        I am employed in the County of Sacramento.  I am over the age of eighteen years and not
a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite

5   560, Sacramento, CA 95815.

6        I am familiar with this office's practice whereby the mail is sealed, given the appropriate
postage and placed in a designated mail collection area.  Each day's mail is collected and

7   deposited in a United States mailbox after the close of each day's business.

8        On February 25, 2008, I served the following: **OBJECTIONS TO PLAINTIFF'S
EVIDENCE SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO**

9   **DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, ALTERNATIVELY,
EACH AND EVERY CLAIM THEREIN; AND MOTION TO STRIKE PLAINTIFF'S**

10  **PRAYER FOR PUNITIVE DAMAGES**

11

12  __     United States Mail - on all parties in said action by placing a true copy of the above-
described document(s) enclosed in a sealed envelope in the designated area for outgoing

13       mail addressed as set forth below.

14  __     By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number
a true copy of the above-described document(s).

15  __     Federal Express - on all parties in said action by placing a true copy of the above-
described document(s) in an authorized area for pick-up by an authorized express service

16       courier the same day it is collected and processed in the ordinary course of business as set
forth below.

17

18  __     Personal Service - By personally delivering or causing to be delivered a true copy of the
above-described document to the person(s) and at the address(es) set forth as shown
below.

19

20  _X_   **ELECTRONIC SERVICE** - by causing such document to be served electronically
pursuant to court rule to the individual listed below:

21  Eric Borgerson, Esq.
LAW OFFICE OF ERIC BORGERSON

22  2625 School Street
Oakland, CA 94602

23

24  _X_   FEDERAL: I declare that I am employed in the office of a member of the bar of this
Court at whose direction service was made.

25

26       I declare under penalty of perjury that the foregoing is true and correct and that this
declaration was executed on February 25, 2008, at Sacramento, California.

27

28                                  _____/s/ Mike Quinn_____
                                    Mike Quinn

**JOHNSON SCHACHTER & LEWIS**
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247