1   ERIC BORGERSON (CA State Bar No. 177943)
    LAW OFFICE OF ERIC BORGERSON
2   2625 School Street
    Oakland, CA  94602
3   Telephone:     (510) 866-3738
    Facsimile:     (510) 535-9898
4
    Attorney for Plaintiff
5   GENE FAURIE, JR.

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTIRCT OF CALIFORNIA

10

11  GENE FAURIE, JR.,                          CASE NO.  CV 08-00060 TEH

12              Plaintiff,

13       vs.

14  The BERKELEY UNIFIED SCHOOL                **PLAINTIFF'S OPPOSITION TO
    DISTRICT; MICHELLE LAWRENCE,               DEFENDANTS' OBJECTIONS;
15  individually and in her official capacity as   REQUEST FOR JUDICIAL NOTICE;
    BUSD Superintendent; LISA UDELL,           REQUEST FOR AWARD OF COSTS AND
16  individually and in her official capacity as   ATTORNEY'S FEES [28 U.S.C. § 1927;
    BUSD Assistant Superintendent, Human       COURT'S INHERENT AUTHORITY]**
17  Resources; CRISTINA OBIETA,
    individually and in her official capacity as
18  BUSD Director, Classified Personnel;       Date: March 24, 2008
    RICHARD DODSON, in his official            Time:  10:00  a.m.
19  capacity as BUSD Director, Labor           Courtroom: 12
    Relations; TINA BRIER, individually and
20  in her official capacity as BUSD Director,  Judge: The Honorable Thelton E. Henderson
    Classified Personnel,
21
                Defendants.
22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ...................................................................................................................... 2

    A.    Defendants' Objections to the Declaration of Eric Borgerson and Attached
        Exhibits Are Unreasonable and Vexatious. ........................................................... 2

       1.    The Pleadings and Orders From the Superior Court Are Properly Before This Court. ... 2

          a.    Defendants' "Objections" Are Improper Because the Exhibits to the
              Declaration of Eric Borgerson Are Not "Evidence" Pertaining To the Merits
              of the Substantive Dispute Between the Parties. ........................................................... 2

          b.    Upon Removal, The Orders of the Superior Court Became the Orders of
              This Court. .......................................................................................................... 3

          c.    Defendants Were Statutorily Required to File With This Court the Orders of the
              Superior Court and All Other Documents Served Upon Them In the State Court
              Proceedings. ....................................................................................................... 4

          d.    Counsel for Defendants Twice Assured Plaintiff's Counsel She Would Cure Her
              Failure To Comply With 28 U.S.C. § 1446(a) and Said She Intended To File With
              This Court Defendants' Moving Papers From the Superior Court As Well, But Did
              Neither. .............................................................................................................. 4

          e.    Defendants Placed Their Superior Court Pleadings At Issue By Re-Submitting
              Their Arguments Without Disclosing the Orders In Force That Rejected Them. ....... 5

          f.    The Pleadings and Orders From the Superior Court Are Indisputably Properly
              Subject to This Court's Judicial Notice. ............................................................... 5

       2.    Plaintiff Properly Apprised This Court of His Arguments to the Superior Court,
          Disclosed the Superior Court's Order, and Openly Requested in Good Faith That This
          Court Overturn the Superior Court's Erroneous Dismissal of Plaintiff's Tort Claim. .... 6

    B.    Plaintiff Requests That This Court Take Judicial Notice of the Orders and Pleadings
        Filed in the Superior Court, Attached as Exhibits A – W to the Borgerson Declaration. .... 9

    C.    This Court May Properly Take Judicial Notice of the CalPERS Security Agreement
        Previously Submitted By Plaintiff and Doing So Does Not Convert the Motion to
        Dismiss Into a Motion for Summary Judgment. ................................................................. 9

    D.    Plaintiff Respectfully Requests That Defense Counsel Be Ordered To Reimburse
        Him For the Excess Costs and Attorney's Fees He Has Incurred In Opposing
        Defendants' Unreasonable, Frivolous, and Vexatious Arguments and Filings In This
        Court. ................................................................................................................................ 11

       1.    Defendants Have Improperly Engaged In Forum Shopping. ........................................ 12

       2.    Defendants Openly Defied Their Statutory Duty Under 28 U.S.C. § 1446(a) To File
          With This Court the Orders and Pleadings Served Upon Them in the Superior Court . 13

       3.    Defendants Filed a Vexatious Motion to Dismiss and Motion to Strike ...................... 13

       4.    Defendants Filed Patently Frivolous "Objections" To Plaintiff's Counsel's
          Declaration and Exhibits and Request for Judicial Notice .......................................... 16

III. CONCLUSION .................................................................................................................. 16

- i-

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

*Armstrong v. Scribner*, Slip Copy, 2008 WL 268974 (SD Cal. Jan. 30 2008) ............................ 9

4

*Asdar Group v. Pillsbury Madison & Sutro*, 99 F.3d 289 (9th Cir. 1996) ................................ 5, 9

5

*Bryant v. Carleson*, 444 F.2d 353 (9th Cir. 1971) ...................................................................... 5, 9

6

*Butner v. Neustadter*, 324 F.2d 783 (9th cir. 1963) ..................................................................... 1, 3

*Disabled Rights Action Committee v. Las Vegas Events, Inc.*,
    375 F.3d 861 (9th Cir. 2004)......................................................................................................... 9

7

*Doran v. Eckold*, 409 F.3d 958 (8th Cir. 2005) ............................................................................. 5, 9

8

*Emich Motors Corp. v. General Motors Corp.*, 181 F.2d 70 (7th Cir. 1950) ................................ 7

9

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70*,
    415 U.S. 423 (1974) ..................................................................................................................... 1

10

*Henein v. Saudi Arabian Parsons Ltd*, 818 F.2d 1508 (1987) ....................................................... 7

11

*Holder v. Holder*, 305 F.3d 854 (9th Cir. 2002) ........................................................................... 5, 9

12

*Jenkins v. Commonwealth Land Title Ins. Co.* 95 F.3d 791 (9th Cir. 1996)............................... 1, 3

13

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ............................................................ 5, 9

*Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)............................................................... 15

14

*Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74 (9th Cir. 1979) ............................ 1, 3, 5

15

*Scott v. Solano County Health and Social Services Dept.*,
    459 F.Supp.2d 959 (E.D. Cal. 2006)........................................................................................... 7

16

*United States v. Author Services, Inc.*, 804 F.2d 1520 (9th Cir. 1986)........................................ 6

17

*United States v. Warneke*, 199 F.3d 906 (7th Cir. 1999) ............................................................ 5, 9

18

**FEDERAL STATUTES**

19

28 U.S.C. § 1446(a) ..............................................................................................................passim

20

28 U.S.C. § 1450 ...................................................................................................................... 1, 3

28 U.S.C. § 1927 .................................................................................................................2, 11, 12

21

22

**FEDERAL RULES**

23

Fed R. Ev. 801(c) ............................................................................................................................ 7

Fed. R. Civ. P. 12(b)(6).................................................................................................................. 3

24

25

**STATE STATUTES**

26

Government Code § 12940 et seq. ............................................................................................ 5, 12

Labor Code § 1102.5................................................................................................................... 14

27

28

-ii-

1

## I.    INTRODUCTION

2    Plaintiff Gene Faurie, Jr. ("Plaintiff" or "Mr. Faurie") respectfully submits this

3 Memorandum of Points and Authorities in Opposition to the misnamed "Objections to Plaintiff's

4 Evidence" filed by Defendants Michele Lawrence ("Lawrence"), Cristina Obieta ("Obieta"), Lisa

5 Udell ("Udell"), Richard Dodson ("Dodson"), Tina Brier ("Brier") (collectively "individual

6 Defendants"), and Berkeley Unified School District ("BUSD") (collectively "Defendants").

7    When a case is removed, "the federal court takes the case up where the State court left it

8 off."   *Jenkins v. Commonwealth Land Title Ins. Co.* 95 F.3d 791, 795 (9th Cir. 1996), citing

9 *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70, 415 U.S. 423*, 436 (1974),

10 internal quotations and citations omitted.  "All … orders, and other proceedings had in such

11 action prior to its removal shall remain in full force and effect until dissolved or modified by the

12 district court."  28 U.S.C. § 1450.  When a case is removed, "the federal court treats everything

13 that occurred in the state court as if it had taken place in federal court." *Preaseau v. Prudential*

14 *Ins. Co. of America*, 591 F.2d 74, 79 (9th Cir. 1979), citing *Butner v. Neustadter*, 324 F.2d 783,

15 785 (9th cir. 1963) (internal quotations and ellipses omitted); *Jenkins*, *supra*, 95 F.3d at 795.

16 Thus, the Orders of the Superior Court[1], including interlocutory orders, *govern this case unless*

17 *and until modified or vacated by this Court*.  This is one of the reasons Defendants were

18 statutorily required to submit copies of those Orders to this Court with their Notice of Removal

19 pursuant to 28 U.S.C. § 1446(a).

20    Despite those cardinal procedural rules, Defendants apparently do not want the Court to

21 see the Orders of the Superior Court or the pleadings previously filed in this case.

22 Notwithstanding Defendants' fanciful arguments, for the reasons discussed *infra*, and based on

23 the authorities cited *supra* and *infra*, the documents and facts set forth in the Declaration of Eric

24 Borgerson and Request for Judicial Notice filed concurrently with Plaintiff's Opposition to

25 Defendants' Motion to Dismiss and Motion to Strike were properly presented and are,

26 indisputably, properly before this Court for its use in ruling upon Defendants' Motions.

27

28
[1] Declaration of Eric Borgerson, previously filed concurrently with Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion to Strike "Borgerson Dec.", Exhibits H-M, R-W.

1    As discussed *infra*, if the Court has not done so already on its own initiative, Plaintiff

2    respectfully requests herein, pursuant to overwhelming settled judicial authority, that this Court

3    take judicial notice of the pleadings and Orders filed in the Superior Court proceedings in this

4    matter, authenticated and identified in the Borgerson Declaration.

5    Further, as discussed *infra*, Plaintiff respectfully requests, pursuant either to 28 U.S.C. §

6    1927 or the Court's inherent authority to manage the proceedings, that this Court order counsel

7    for Defendants to reimburse Plaintiff for the excess costs, expenses and attorney's fees reasonably

8    incurred in compensating for her failure to satisfy her filing duty under 28 U.S.C. § 1446(a) and

9    in opposing her frivolous arguments in this in this Court which have unreasonably and

10   vexatiously multiplied the proceedings in this case.

11

## II.    ARGUMENT

12

13
**A.    Defendants' Objections to the Declaration of Eric Borgerson and Attached Exhibits Are Unreasonable and Vexatious.**

14   Defendants have offered spurious arguments for striking Plaintiff's submission of the

15   Orders and pleadings from the Superior Court and for striking Plaintiff's counsel's summary of

16   his argument to the Superior Court regarding Plaintiff's claim against Defendants for tortious

17   wrongful discharge in violation of fundamental public policy.  Plaintiff will address each in turn.

18
**1.    The Pleadings and Orders From the Superior Court Are Properly Before This Court.**
19

20   Defendants' purported objections to Plaintiff's submission of the pleadings and Orders

21   that Defendants were required to submit pursuant to 28 U.S.C. § 1446(a), and related pleadings

22   filed in the Superior Court by Defendants, are wholly lacking in merit.   For the following

23   reasons, the Court should summarily disregard Defendants' objections:

24
**a.    Defendants' "Objections" Are Improper Because the Exhibits to the Declaration of Eric Borgerson Are Not "Evidence" Pertaining To the Merits of the Substantive Dispute Between the Parties.**
25

26   Defendants' purported "objections" are improper in form because Exhibits A – W to the

27   Declaration of Eric Borgerson are not "evidence" probative of the merits of the legal dispute

28
- 2 -

1  between the parties.  Rather, they are the pleadings and Orders filed in the Superior Court prior to

2  Defendants' removal of the case to this Court.  Plaintiff has not submitted them as "evidence"

3  probative of his claims.  The only issues of which they are probative are the rulings of the Court

4  currently governing this case, the arguments the parties have submitted, Defendants' failure to

5  satisfy their statutory duty under 28 U.S.C. § 1446(a), and their improper attempt to have this

6  Court overturn Orders in this case without acknowledging that the Orders are in effect or that the

7  exact same arguments have already been rejected by the Orders that are in effect.  Those are not

8  evidentiary issues regarding proof of Plaintiff's claims.  Accordingly, Defendants' arguments

9  regarding the court's consideration of matters outside the pleadings when ruling on the Fed. R.

10  Civ. P. 12(b)(6) motion (see Defendants' Objections p. 2) are wholly inapposite, as are all the

11  cases they cite.  The documents attached to the Borgerson Declaration are not probative of the

12  substantive issues presented in the Rule 12(b)(6) motion.  As discussed *supra* and *infra*, they

13  constitute the Orders that are in effect in this case and the pleadings that were filed in this case in

14  the Superior Court, all of which are properly before this Court, and all of which are indisputably

15  properly subject to this Court's judicial notice.

16  **b.  Upon Removal, The Orders of the Superior Court Became the Orders of This Court.**

17

18  Defendants appear to believe that the Orders of the Superior Court ceased to have effect

19  when Defendants removed the case to this Court.  That belief is erroneous.  Upon removal,

20  Orders of the Superior Court are treated as though they were issued by this Court unless and until

21  modified by this Court.  See *Jenkins*, *supra*, 95 F.3d at 795; *Preaseau*, *supra*, 591 F.2d at 79;

22  *Butner*, *supra*, 324 F.2d at 785; 28 U.S.C. § 1450.  This principle is not "an argument based on

23  *res judicata* or collateral estoppel," as Defendants disingenuously argue at p. 3 of their

24  Objections.  It is a long settled rule governing removal jurisdiction of which Defendants either

25  were, or should have been, aware and of which they were placed on notice, at the very latest, by

26  Plaintiff's citation to *Preauseau*, *supra*, in his Opposition to Defendants' Motion to Dismiss.

27  ///

28

- 3 -

1          **c.  Defendants Were Statutorily Required to File With This Court the Orders of the Superior Court and All Other Documents Served Upon Them In the State Court Proceedings.**

2

3    Although Defendants remain in default of their duty to comply with its terms, the

4    requirements of 28 U.S.C. § 1446(a) could not be more clear.  That provision states:

5        A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States

6    for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and

7    containing a short and plain statement of the grounds for removal, ***together with a copy of all process, pleadings, and orders served upon such defendant or***

8    ***defendants in such action.***

9    (emphasis added.)

10    Thus, Defendants were required to file with this Court all Orders of the Superior Court,

11    Plaintiff's original Complaint for Damages, and all pleadings Plaintiff filed in Opposition to

12    Defendants Demurrers and Motions to Strike.  Defendants have filed none of those documents.

13    Their failure to do so is a plain violation of the removal statute.

14          **d.  Counsel for Defendants Twice Assured Plaintiff's Counsel She Would Cure Her Failure To Comply With 28 U.S.C. § 1446(a) and Said She Intended To**

15    **File With This Court Defendants' Moving Papers From the Superior Court As Well, But Did Neither.**

16

17    As explained in detail in the Declaration of Eric Borgerson, counsel for Plaintiff refrained

18    from filing a Motion to Remand over the procedural defect in Defendant's Notice of Removal

19    because (1) the defect was not jurisdictional in nature, and (2) counsel for Defendants assured

20    counsel for Plaintiff during two telephone conversations (on January 5, 2008 and January 23,

21    2008) that she intended to file an amended Notice of Removal promptly, curing the defect by

22    attaching the documents required by 28 U.S.C. § 1446(a), along with Defendants' moving papers

23    filed in the Superior Court.  However, Defendants never filed an amended Notice of Removal,

24    and have still not filed an amended Notice.  Worse, after improperly re-submitting rejected

25    arguments as though the Orders of the Superior Court did not exist and after imposing on Plaintiff

26    the burden and expense of filing the documents Defendants were statutorily required to file but

27    neglected to attach to their Notice, Defendants have now filed frivolous arguments that the

28    documents should be stricken, wasting additional resources of Plaintiff and the Court.

- 4 -

1

> **e. Defendants Placed Their Superior Court Pleadings At Issue By Re-Submitting Their Arguments Without Disclosing the Orders In Force That Rejected Them.**

2

3    As discussed in detail in Plaintiff's Opposition to Defendants' Motion to Dismiss and

4    Motion to Strike, Defendants have attempted to re-pedal in this Court, verbatim, arguments which

5    were rejected by Order of the Superior Court regarding Plaintiff's Fair Employment and Housing

6    Act ("FEHA")[2] discrimination claim against BUSD, Plaintiff's emotional distress damages, and

7    Defendants' immunity defenses.  While Defendants would certainly have been within their rights

8    to ask this Court to *revisit* an issue ruled upon in the Superior Court and *overturn* its ruling (See,

9    e.g., *Preaseau*, *supra*), it was highly improper for Defendants to proceed *as though there were not*

10   *adverse Orders in effect* rejecting their arguments and simply assert the arguments before this

11   Court as though they were being presented for the first time in this case.  Counsel for Plaintiff

12   attached to his Declaration representative examples of Defendants' pleadings in the Superior

13   Court because (1) counsel for Defendants told him she wished that they accompany Plaintiff's

14   pleadings when presented to this Court and (2) the contents of Defendants' state court pleadings

15   demonstrate the impropriety of Defendants' failure to mention the existing Orders in this case.

16

> **f. The Pleadings and Orders From the Superior Court Are Indisputably Properly Subject to This Court's Judicial Notice.**

17

18    Judicial notice may be taken of documents filed and orders or decisions entered in any

19   federal or state court.  *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) ("*Holder*"); *Lee v.*

20   *City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) ("*Lee*") (proceedings in State or Federal

21   courts, court's own records) *United States v. Warneke*, 199 F.3d 906, 909, fn. 1 (7th Cir. 1999)

22   ("*Warneke*"); *Doran v. Eckold*, 409 F.3d 958, 962, fn. 1 (8th Cir. 2005) ("*Doran*"); *Bryant v.*

23   *Carleson*, 444 F.2d 353, 357 (9th Cir. 1971) ("*Bryant*").  It is absolutely beyond dispute that the

24   District Court may take judicial notice of pleadings and court orders in earlier related proceedings

25   in the litigation.  *Asdar Group v. Pillsbury Madison & Sutro*, 99 F.3d 289, 290, fn. 1 (9th Cir.

26   1996) ("*Asdar*").

27   ///

---

28   [2] California Government Code § 12940 et seq. - 5 -

1    Contrary to Defendants' distortion, Plaintiff *nowhere* asked this Court to take judicial

2    notice of the truth of any factual findings of the Superior Court. Thus, there is no hearsay problem

3    (see discussion of hearsay, *infra*), and no judicial notice problem.  Nor did Plaintiff ever argue

4    that this Court was precluded from revisiting, modifying, and/or overturning an Order of the

5    Superior Court.  To the contrary, Plaintiff openly requested that the Court exercise its power to do

6    so with regard to Plaintiff's tort claim against Defendants.

7    Plaintiff presented to this Court documents that were filed in the Superior Court and

8    Orders that were issued by the Superior Court, so that the Court would be aware of what

9    transpired in the Superior Court and what Orders currently govern this case.  Plaintiff *argued* that

10    the Superior Court's Orders were correct in some respects and incorrect in some respects.  But,

11    that is Plaintiff's prerogative.  That is not the same as asking this Court to take judicial notice of

12    the Superior Court's findings as truth.  Moreover, this Court is free to put the findings of the

13    Superior Court to whatever use it deems appropriate.  See *United States v. Author Services, Inc.*,

14    804 F.2d 1520, 1523 (9th Cir. 1986) (court did not abuse discretion by taking judicial notice of

15    facts developed in earlier hearing and relying on those facts after determining that there was no

16    new evidence that would justify further evidentiary proceedings.)

17    Defendants appear to be confused.  The Orders of the Superior Court, upon removal,

18    *became* the Orders of this Court.  Thus, this Court not only can take judicial notice of those

19    Orders, it must do so.  This is why Defendants were statutorily required to produce the Orders

20    upon removal.

21    **2.  Plaintiff Properly Appraised This Court of His Arguments to the Superior Court,
       Disclosed the Superior Court's Order, and Openly Requested in Good Faith That
22     This Court Overturn the Superior Court's Erroneous Dismissal of Plaintiff's
       Tort Claim.**

23

24    Defendants apparently do not want this Court to know what was argued in the Superior

25    Court or how the Superior Court ruled on those arguments.  Defendants do not only improperly

26    fault Plaintiff for showing this Court the pleadings they filed in the Superior Court and for

27    producing the Superior Court's Orders Defendants neglected to file herein. Defendants also

28    attempt to silence Plaintiff regarding arguments presented to the Superior Court on his behalf and

OPP. TO OBJECTIONS; REQ. FOR JUDICIAL NOTICE; REQ. FOR ATTORNEY'S FEES AND COSTS
CASE NO. CV 08-00060 TEH

1  assert that he has no right to ask this Court to overturn the Orders he has openly disclosed to this

2  Court.

3      Unlike Defendants, Plaintiff's counsel truthfully summarized for this Court his argument

4  to the Superior Court, openly acknowledged the Superior Court's rejection of it, and openly

5  requested that this Court revisit and reverse that ruling based on the analysis in *Scott v. Solano*

6  *County Health and Social Services Dept.*, 459 F.Supp.2d 959, 966-970 (E.D. Cal. 2006).

7      Contrary to Defendants' specious arguments, nothing bars Plaintiff's counsel from

8  summarizing for this Court what he argued regarding the improperly dismissed tortious wrongful

9  discharge cause of action.  Tellingly absent from Defendants' laundry list of complaints regarding

10  Plaintiff's summary is any suggestion that it lacks veracity.  Defendants have not and indeed

11  cannot suggest that Plaintiff has described his argument to the Superior Court with anything less

12  than 100 percent accuracy.   This is because Defendants and/or their counsel would have to

13  perjure themselves to make such a suggestion, which could be readily and definitively revealed

14  by reference to the Reporter's Transcript.

15      Defendants' suggestion that Plaintiff's counsel's summary of his argument to the Superior

16  Court is barred by the rule against hearsay reflects a misunderstanding of the concept.  Hearsay is

17  a statement made out of court *offered to prove the truth of the matter asserted*.  Fed R. Ev. 801(c).

18  "If the significance of an offered statement lies solely in the fact that it was made, no issue is

19  raised as to the truth of anything asserted, and the statement is not hearsay."  Advisory

20  Committee's Note to Original Rule, Subdivision (c), citing *Emich Motors Corp. v. General*

21  *Motors Corp.*, 181 F.2d 70 (7th Cir. 1950), *rev'd on other grounds*, 340 U.S. 558; accord, *Henein*

22  *v. Saudi Arabian Parsons Ltd*, 818 F.2d 1508, 1512 (1987) ("The hearsay rule does not operate to

23  render inadmissible every statement repeated by a witness as made to another person.  It does not

24  exclude evidence offered to prove the fact that a statement was made, rather than the truth of the

25  statement") citing *United States v. Anfield*, 539 F.2d 674, 678 (9th Cir. 1976), internal quotations

26  and brackets omitted.

27      Plaintiff's counsel's summary of his argument to the Superior Court regarding Plaintiff's

28  tortious wrongful discharge cause of action, set forth at Borgerson Declaration ¶ 15, was not

OPP. TO OBJECTIONS; REQ. FOR JUDICIAL NOTICE; REQ. FOR ATTORNEY'S FEES AND COSTS
CASE NO. CV 08-00060 TEH

1  offered to prove the truth of its contents (i.e., that the contents of his arguments were correct), but

2  to describe *what was argued* to the Superior Court. Thus, it is not hearsay. Referring to those

3  arguments, reasserting them by reference, or *arguing* that they were correct are not the same as

4  offering them for the truth of the matter asserted. Accordingly, there is no hearsay issue.

5        Defendants contend that Plaintiff unfairly criticizes them for seeking reversal of the

6  Superior Court's rulings against them while requesting reversal of the Superior Court's rulings

7  against him. Defendants miss the point entirely. As discussed above, Defendants would have

8  been within their rights if they had requested that this Court reverse the rulings of the Superior

9  Court, as Plaintiff has done. But, this is not what Defendants did. Rather, they evaded their

10  statutory duty to provide this Court with the Orders of the Superior Court, submitted their

11  Memorandum in support of their Motion to Dismiss and Motion to Strike without mentioning the

12  disposition of their arguments in the Superior Court or the Orders that currently govern this case,

13  and repeated verbatim the arguments that were rejected by the Superior Court without

14  acknowledging that they were asking this Court to overturn the Orders Defendants had neglected

15  to disclose.

16        Defendants also fault Plaintiff for situating his request that this Court overturn the

17  Superior Court's dismissal of his tort claim in a footnote in his Opposition to Defendants' Motion

18  to Dismiss.[3] Unfortunately, Plaintiff was restricted to limited space for presentation of his request

19  due to the substantial portion of his Memorandum consumed with addressing Defendants' failure

20  to satisfy their filing duty under 28 U.S.C. § 1446(a), conversations between counsel, Defendants'

21  improper failure to mention the Superior Court's Orders in this Court when repeating the

22  arguments rejected by those Orders, and related matters. Plaintiff would have much preferred to

23  have devoted a full section of his Memorandum to requesting that this Court correct the Superior

24  Court's erroneous ruling on Plaintiff's tort claim, but his resources and text space were expended

25  responding to Defendants' vexatious, unreasonable, and dilatory machinations in this forum.

26  ///

27  [3] Plaintiff notes, however, that Defendants' arguments demonstrate that the space he devoted to
presenting his request was sufficient to place them on notice of the substance of his request and

28  his supporting arguments and authority.

- 8 -

1      **B.      Plaintiff Requests That This Court Take Judicial Notice of the Orders and Pleadings
            Filed in the Superior Court, Attached as Exhibits A – W to the Borgerson**
2           **Declaration.**

3           If the Court has not yet done so of its own initiative, Plaintiff respectfully requests that it

4      take judicial notice of the documents authenticated and attached as Exhibits A – W to the

5      Declaration of Eric Borgerson, filed concurrently with Plaintiff's Opposition to Defendants'

6      Motion to Dismiss and Motion to Strike.  As discussed in Section A(1)(f), *supra*, those

7      documents are properly subject to this Court's judicial notice.  See *Holder*, *supra*, 305 F.3d at

8      866; *Lee*, *supra*, 250 F.3d at 688-89; *Warneke*, *supra*, 199 F.3d at 909, fn. 1; *Doran*, *supra*, 409

9      F.3d at 962, fn. 1; *Bryant*, *supra*, 444 F.2d at 357; *Asdar*, *supra*, 99 F.3d at 290, fn. 1.

10     **C.      This Court May Properly Take Judicial Notice of the CalPERS Security Agreement
            Previously Submitted By Plaintiff and Doing So Does Not Convert the Motion to**
11          **Dismiss Into a Motion for Summary Judgment.**

12          Defendants' argument against Plaintiff's Request for Judicial Notice of the CalPERS

13     security agreement, filed concurrently with Plaintiff's Opposition to Defendants' Motion to

14     Dismiss and Motion to Strike, is unmeritorious and unreasonable.  The Court may take judicial

15     notice of public records.  *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d

16     861, 866, fn. 1 (9th Cir. 2004) (licensing agreement with Nevada's University System); *Brown v.*

17     *Valoff*, 422 F.3d 926, 931, 933 fns. 7, 9 (9th Cir. 2005) (California Dept. of Corrections

18     Operations Manual, as well as Administrative Bulletin setting forth Department procedures);

19     *Armstrong v. Scribner*, Slip Copy, 2008 WL 268974 (SD Cal. Jan. 30 2008) "Judicial notice may

20     be taken of records of state agencies and other undisputed matters of public record," citing

21     *Disabled Rights Action Committee v. Las Vegas*, *supra*.  Moreover, a court may take judicial

22     notice of public records outside the pleadings without converting a motion to dismiss into a

23     motion for summary judgment.  *Lee*, *supra*, 250 F.3d at 688-89.

24          Plaintiff has alleged in his First Amended Complaint ("FAC") that, among the many

25     improper directives and acts of his supervisors he resisted and reported was Brier's practice of

26     unauthorized distribution of confidential passwords used for retrieval of information from the

27     online CalPERS system.  FAC ¶ 50 states, in relevant part:

28     ///

- 9 -

1    In addition, Brier unlawfully distributed confidential CalPERS passwords to
     unauthorized individuals to avoid the inconvenience of obtaining proper
2    authorization for individuals to whom she wished to delegate information-
     retrieval duties.  Mr. Faurie reported this legal violation to CalPERS on or about
3    November 2005, which resulted in the suspension of the passwords until proper
     authorization was obtained by CalPERS.
4

5    (FAC ¶ 50, lines 14 – 19.)

6          Plaintiff requested that this Court take judicial notice of the publicly posted CalPERS

7    internet usage security agreement which clearly sets forth the requirement that such passwords be

8    kept confidential.  (See Request for Judicial Notice, Ex. A.)  Defendants disingenuously assert:

9    "It is unclear what exactly Plaintiff wants the Court to take judicial notice of, and what Plaintiff

10   claims is capable of accurate and ready determination."  Defendants' Objections, p. 4.  As stated

11   in Plaintiff's request for Judicial Notice, Plaintiff has asked the Court to take Judicial Notice of

12   the *contents* of the form.  See, *inter alia*, Request for Judicial Notice, p. 1, line 27, p. 2, line 6.

13   Further belying Defendants' feigned confusion as to what exactly about the form is at issue,

14   Plaintiff notes that he quoted specific language from the form in his Opposition to Defendants'

15   Motion to Dismiss and Motion to Strike:

16          The online CalPERS system user security agreement states, in relevant part,
            "Passwords must be kept confidential."  The document also expressly prohibits
17          "sharing or allowing others access to your password for any reason."  (See
            Request for Judicial Notice, Ex. A, filed concurrently herewith.)
18

19   (Memorandum in Opposition to Defendants' Motion to Dismiss and Motion to Strike, p. 11, lines

20   24-27.)  The face of the form makes clear that BUSD and its officials used the CalPERS internet

21   interface pursuant to a contract which, as CalPERS is a State of California agency, was entered

22   into by CalPERS via legislatively delegated authority.  The form is ample evidence of CalPERS'

23   exercise of lawful authority and it provides evidence of the terms of a legally binding agreement

24   to which Defendants were subject regarding use of passwords, the violation of which was

25   specifically placed at issue in Plaintiff's allegations at FAC ¶ 50.

26          Thus, judicial notice of the contents of the form is proper, its contents are relevant to

27   Plaintiff's allegations, and its consideration by this Court is relevant to assessment of Defendants'

28   ///

- 10 -

OPP. TO OBJECTIONS; REQ. FOR JUDICIAL NOTICE; REQ. FOR ATTORNEY'S FEES AND COSTS
CASE NO. CV 08-00060 TEH

1 claim that Plaintiff lacked a good faith basis for believing that his supervisors were engaging in

2 unlawful conduct.

3 **D.      Plaintiff Respectfully Requests That Defense Counsel Be Ordered To Reimburse Him For the Excess Costs and Attorney's Fees He Has Incurred In Opposing**

4 **Defendants' Unreasonable, Frivolous, and Vexatious Arguments and Filings In This Court.**

5

6       Plaintiff has extended every professional courtesy and benefit of the doubt to Defendants.

7 See Plaintiff's Opposition to Motion to Dismiss and Motion to Strike, pp. 3-4 (Plaintiff stipulated

8 to extension of time for Defendants to answer FAC in state court to January 4, 2008; Defendants

9 then filed Notice of Removal on last day for answering in state court, which automatically

10 secured an additional 10 days to answer FAC); *Id*. at pp. 4-5 (Despite that 10-day additional

11 extension due to the removal, Plaintiff stipulated to Defendants' requested additional extension of

12 time to answer the FAC to January 23, 2008); Borgerson Dec. ¶¶ 3, 4, 5; Exs. A – W (Plaintiff

13 advised counsel for Defendants of her duty to file with her Notice of Removal all documents

14 served on Defendants in Superior Court and, based on counsel's assurances, refrained from filing

15 Motion to Remand; when counsel for Defendants failed to file an amended Notice of Removal as

16 promised, Plaintiff's counsel politely filed a representative sample of documents Defendants had

17 neglected to file.)

18       However, Defendants have abused the procedures of this Court by, *inter alia*, improperly

19 engaging in forum shopping due to dissatisfaction with rejection of their challenges to Plaintiff's

20 sex discrimination claim in state court, filing a frivolous Motion to Dismiss and Motion to Strike,

21 not only failing to satisfy, but now scoffing at their duty under 28 U.S.C. § 1446(a), and, after

22 Plaintiff partially remedied that failure, filing patently frivolous arguments in opposition to his

23 submission of the Orders and pleadings from the Superior Court.

24       An attorney who unreasonably and vexatiously multiplies the proceedings in federal court

25 may be required to pay the reasonable attorney's fees and costs incurred by her adversary in

26 opposing the unreasonable and vexatious filings and arguments.  28 U.S.C. § 1927.[4]  The Court

27 [4] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously

28 may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees

1    also possesses inherent authority to order such reimbursement.  Plaintiff respectfully submits that

2    he should be reimbursed for the reasonable attorney's fees and costs incurred in opposing all of

3    the proceedings in this Court to date.

4        In considering Plaintiff's request, Plaintiff respectfully requests that the Court consider the

5    following points:

6        **1.  Defendants Have Improperly Engaged In Forum Shopping.**

7        Defendants removed this case on grounds of federal question jurisdiction.  However,

8    Defendants then filed a Motion to Dismiss which did not even address one of the two federal

9    causes of action set forth in the FAC.  Defendants offered no argument whatsoever against

10   Plaintiff's Equal Protection claim.   Instead, despite their statutory duty to do so, Defendants

11   failed to inform this Court:

12       •       That they had Demurred to Plaintiff's FEHA claim against BUSD in the Superior

13               Court;

14       •       That the Superior Court had *overruled* that Demurrer;

15       •       That the Superior Court had *conditionally* rejected Plaintiff's emotional distress

16               damages claim only because it was predicated on his wrongful discharge and

17               discrimination claims which the court rejected against the individual Defendants,

18               giving Plaintiff leave to amend his Complaint to state a viable predicate for his

19               emotional distress damages claim, which he did;

20       •       That Defendants had asserted claims of immunity for discretionary acts in the

21               Superior Court;

22       •       That the Superior Court had *rejected* those immunity defenses; and

23       •       That the Superior Court had issued 12 written Orders setting forth those rulings,

24               which currently govern this case.

25       Despite failing to inform this Court of those facts and disclose those documents, as they

26   were required to do, Defendants focused their Motion to Dismiss on attempting to overturn the

27   _____

28   reasonably incurred because of such conduct."  28 U.S.C. § 1927.

                                        - 12 -

1  Superior Court's rejection of their Demurrer to Plaintiff's FEHA claim against BUSD,

2  circumventing Plaintiff's success in setting forth in his FAC a viable basis for his emotional

3  distress damages claim within the terms of the existing Orders, and resurrecting their rejected

4  immunity claims, by repeating verbatim the arguments that had been rejected by Order of the

5  Superior Court.  Defendants' conduct is nothing but improper forum shopping of the crudest

6  form.

7  **2.  Defendants Openly Defied Their Statutory Duty Under 28 U.S.C. § 1446(a) To File With This Court the Orders and Pleadings Served Upon Them in the Superior Court**

8

9  As discussed at length in the Borgerson Declaration, Plaintiff's Opposition to Defendants'

10  Motion to Dismiss and Motion to Strike, and herein, counsel for Defendants knew she was

11  required by 28 U.S.C. § 1446(a) to file all Orders and pleadings served on Defendants in the

12  Superior Court, assured counsel for Plaintiff during two phone conversations (January 5, 2008

13  and January 23, 2008) that she intended to promptly cure her failure to satisfy that duty by filing

14  an Amended Notice of Removal with the required documents attached, but has failed to do so.

15  Defendants have thus, indisputably, openly and knowingly defied their statutory duty to provide

16  this Court with those documents and, to make matters worse, as discussed below, have gone so

17  far as to submit frivolous arguments in an attempt to prevent Plaintiff from presenting the

18  documents in Defendants' stead.

19  **3.  Defendants Filed a Vexatious Motion to Dismiss and Motion to Strike**

20  Plaintiff would have had a good faith basis to have requested an award of attorney's fees

21  and costs when he opposed Defendants' Motion to Dismiss and Motion to Strike, as it is

22  completely frivolous.  Instead, hoping to foster a productive relationship between counsel to this

23  case, Plaintiff politely opposed the Motion and politely filed the documents Defendants had

24  neglected to file, despite their counsel's assurances.  As discussed below, however, Defendants'

25  filing of their "objections" to Plaintiff's counsel's Declaration and Request for Judicial Notice

26  have carried these proceedings to such an extreme of vexatiousness and harassment that the entire

27  sequence of frivolous actions must now be addressed.

28  ///

- 13 -

1    First, Defendants' Motion to Dismiss and Motion to Strike is unreasonable, frivolous and

2    vexatious because, as discussed at length herein, Defendants improperly presented multiple

3    arguments which could not properly be adjudicated without first knowing that the Superior Court

4    had issued 12 Orders on Defendants' Demurrers and Motions to Strike in the Superior Court on

5    identical and/or very similar arguments.  This infirmity is not confined to Defendants' improper

6    attempt to get a second bite at the apple with regard to the FEHA claim against BUSD, but with

7    regard to the issues of emotional distress damages, Defendants' rejected immunity claims, and

8    Plaintiff's punitive damages claims.  (See Plaintiff's Opposition to Defendants' Motion to

9    Dismiss and Motion to Strike).

10    Second, Defendants submitted a frivolous argument that Plaintiff's whistleblower claim

11    (Labor Code § 1102.5) failed adequately to specify what legal violations Plaintiff had reported

12    and resisted.  As set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion

13    to Strike, Plaintiff's FAC placed Defendants on notice of no less than ten categories of legal

14    violations constituting violations of an overwhelming body of statutory, regulatory, and

15    constitutional law.  (See Plaintiff's Opposition, pp. 9-13.)  Defendants' claim of ignorance as to

16    the laws that are implicated by Plaintiff's very specific allegations reflects a disturbing contempt

17    for the authorities governing their roles as public servants. Moreover, the unreasonableness and

18    vexatiousness of Defendants' argument is revealed by the fact that the FAC, itself, set forth

19    several legal authorities which proscribed discrimination based on sex, which Plaintiff alleged he

20    resisted and reported, resulting in his retaliatory constructive discharge in violation of Labor Code

21    § 1102.5.  In addition, the Notice of Tort Claims, which Plaintiff served on the Berkeley Unified

22    School District, advised the BUSD governing board of all Plaintiff's claims, including his Equal

23    Protection claim, Due Process claim, FEHA claims, whistleblower claims, tortious wrongful

24    discharge claims, and all claims set forth in both the Complaint and FAC.  Thus, Defendants'

25    pretense of ignorance as to the laws Plaintiff reasonably believed they violated not only is

26    unreasonable, it is clearly false.

27    Third, the individual Defendants' submission of arguments regarding their individual

28    liability vis-à-vis Plaintiff's claims under Labor Code § 1102.5 and for intentional discrimination

1   under the FEHA were superfluous and reasonable, as Plaintiff only pled those causes of action

2   against BUSD and the other Defendants in their official capacities.  Defendants waste time and

3   Plaintiff's resources contending that Plaintiff offered "no authority" for the principle that where

4   Defendants are sued in their official capacities, the party effectively sued is the public entity.

5   First, as Plaintiff noted in his Opposition, the point is "axiomatic."  Defendants are well aware of

6   this basic legal principle, since this issue was litigated in the Superior Court, and relevant

7   authorities were cited there.  See, e.g., Borgerson Dec. Ex. D, p. 12.  The law is settled that

8   regardless of whether a public official may be held liable individually for acts within his or her

9   official duties, if the public entity may be sued, the public officials may be sued in their official

10  capacities and such a suit is in effect a suit against the public entity because in carrying out their

11  duties those officials *are* the public entity.  See, e.g., *Monell v. Dept. of Social Services*, 436 U.S.

12  658, 691-692 (1978)(local government entity can be held liable based on conduct of its officials

13  who are implementing entity's policies; does not depend on *respondeat superior* theory).

14        Fourth, Defendants' claims of immunity are wholly unmeritorious, not only because they

15  neglect to mention that they have already been flatly rejected in state court, but also for the

16  reasons and based on the authorities set forth in Plaintiff's Opposition to Defendants' Motion to

17  Dismiss and Motion to Strike.

18        Fifth, Defendants' arguments against emotional distress damages are deceptive in that

19  they neglect to accurately apprise this court of what occurred in the Superior Court or of the

20  Superior Court's Orders with regard to Defendants' first attempt to extinguish Plaintiff's

21  emotional distress damages.  Moreover, for the reasons and based on the authorities set forth in

22  Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion to Strike, Defendants'

23  arguments for dismissal of Plaintiff's claims for emotional distress damages not only lack merit,

24  they are frivolous.

25        Sixth, Defendants' arguments against punitive damages are deceptive in that they neglect

26  to accurately apprise this court of what occurred in the Superior Court or of the Superior Court's

27  Orders with regard to Defendants' first attempt to extinguish Plaintiff's punitive damages claims.

28  Again, Plaintiff respectfully refers the Court to his arguments set forth in Opposition to

-15-

1  Defendants' Motion to Dismiss and Motion to Strike. Defendants' arguments for dismissal not

2  only lack merit, they are unreasonable under settled law.

3      **4.  Defendants Filed Patently Frivolous "Objections" To Plaintiff's Counsel's**
        **Declaration and Exhibits and Request for Judicial Notice**

4

5      Unsatisfied with having improperly imposed on Plaintiff the substantial inconvenience

6  and expense of filing documents Defendants were statutorily required to submit with their Notice

7  of Removal and which they twice had promised to promptly produce, Defendants have the

8  audacity to submit arguments suggesting that Plaintiff did something improper by filing the

9  documents in Defendants' stead, that the documents are not subject to this Court's judicial notice,

10  and that Plaintiff's counsel's Declaration and Exhibits and Request for Judicial Notice should be

11  stricken. Defendants' desperate maneuver is simply beyond the pale. Their failure to file a proper

12  Notice of Removal, combined with their "objections" constitute a flagrant contempt for the

13  statute governing removal to this Court and the rules governing proceedings in this forum. Their

14  conduct is unreasonable and vexatious by any competent professional standard. Plaintiff

15  respectfully submits that the entire course of proceedings in this Court, to date, has served to vex,

16  harass, delay, frustrate, and impoverish Plaintiff, and that it smacks of an age-old improper

17  technique known as "litigation by attrition." Plaintiff is more than happy to litigate the *merits* of

18  his claims. Plaintiff submits that he should be reimbursed for the substantial resources

19  Defendants have forced him to waste in contesting their improper, unreasonable, and dilatory

20  tactics in this Court.

21                                    **III. CONCLUSION**

22      For the foregoing reasons, it is respectfully requested that the Court summarily overrule

23  Defendants' objections to the Declaration of Eric Borgerson and the Exhibits thereto and the

24  previously filed Request for Judicial Notice. It is further respectfully requested, if the Court has

25  not already done so of its own initiative, that it take judicial notice of Exhibits A – W to the

26  Borgerson Declaration. It is further respectfully requested that the Court order counsel for

27  ///

28  ///

- 16 -

1  Defendants to reimburse Plaintiff for the excess costs and attorneys' fees incurred in opposing

2  Defendants frivolous filings and arguments in this Court.

3  Dated this 3rd day of March, 2008                By: _____
                                                    Eric Borgerson, SBN 177943
4                                                   Law Office Of Eric Borgerson
                                                    2625 School Street
5                                                   Oakland, CA 94602

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          - 17 -