ERIC BORGERSON (CA State Bar No. 177943)
LAW OFFICE OF ERIC BORGERSON
2625 School Street
Oakland, CA 94602
Telephone:     (510) 866-3738
Facsimile:     (510) 535-9898

Attorney for Plaintiff
GENE FAURIE, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTIRCT OF CALIFORNIA

| | |
|---|---|
| GENE FAURIE, JR., | CASE NO. CV 08-00060 TEH |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPLY REGARDING REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]** |
| The BERKELEY UNIFIED SCHOOL DISTRICT; MICHELLE LAWRENCE, individually and in her official capacity as BUSD Superintendent; LISA UDELL, individually and in her official capacity as BUSD Assistant Superintendent, Human Resources; CRISTINA OBIETA, individually and in her official capacity as BUSD Director, Classified Personnel; RICHARD DODSON, in his official capacity as BUSD Director, Labor Relations; TINA BRIER, individually and in her official capacity as BUSD Director, Classified Personnel, | Date: March 24, 2008<br>Time: 10:00 a.m.<br>Courtroom: 12<br><br>Judge: The Honorable Thelton E. Henderson |
| Defendants. | |

## I.     INTRODUCTION

Plaintiff Gene Faurie, Jr. ("Plaintiff" or "Mr. Faurie") respectfully submits this Reply to

the Opposition to his request for attorney's fees and costs, filed by Defendants Michele Lawrence

("Lawrence"), Cristina Obieta ("Obieta"), Lisa Udell ("Udell"), Richard Dodson ("Dodson"),

Tina Brier ("Brier") (collectively "individual Defendants"), and Berkeley Unified School District ("BUSD") (collectively "Defendants").

## II.    ARGUMENT

### A. Defendants and Their Counsel Received Ample Notice and Opportunity To Be Heard Regarding Plaintiff's Request for Reimbursement For Excess Costs and Attorney's Fees and Their Request For Further Delay Is Unreasonable.

Defense counsel's claims that Plaintiff provided inadequate notice, and that counsel for Defendants had an inadequate opportunity to be heard, regarding Plaintiff's request for reimbursement for excess costs and attorney's fees incurred in opposing Defendants' vexatious and unreasonable multiplication of proceedings in this Court, are legally and factually erroneous.

Legally, it is well settled that where fees are sought against an attorney under 28 U.S.C. § 1927, "the opportunity to brief the issue fully satisfies due process requirements." *Pacific Capital Harbor, Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("*Pacific Capital Harbor*"); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1112 (9th Cir. 2004), *cert. denied*, *Sutter v. Lasar*, 546 U.S. 873 (2005).  It is also clear that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue." *Pacific Capital Harbor*, *supra*, 210 F.3d at 1118.  All that is required is that counsel "have 'sufficient opportunity to demonstrate that their conduct was not undertaken recklessly or willfully.'" *Ibid.*, citations omitted.

Here, Defendants and their counsel have received thorough notice, ample opportunity to brief the issues, and may even have the opportunity to address the Court at oral argument on March 24, although they are not entitled to such an opportunity.  Thus, their procedural rights relative to Plaintiff's request have been more than adequately satisfied.  With his Opposition to Defendant's frivolous objections and his request for award of attorney's fees and costs, Plaintiff placed Defendants and their counsel on thorough, detailed notice of the grounds for his request a full *three weeks* prior to the scheduled hearing on Defendants' Motion to Dismiss.  Defendants did not file a responsive pleading for *15 days* after Plaintiff filed that document, more than two full weeks later.  Yet, Defendants articulated no explanation, rationally defensible or otherwise, for their course of improper conduct in this forum.  That Defendants opted to *waive* their

1 opportunity to brief the issues during the two weeks they took to respond did not convert the
2 opportunity they received into a due process deprivation.

3 In light of the foregoing authorities and facts, Plaintiff respectfully submits that
4 Defendants' request for additional time for further briefing on Plaintiff's request for attorney's
5 fees and costs is unreasonable and vexatious and should be summarily denied.

**B. Defendants Have Conceded That Their Conduct In This Forum Was Unreasonable and Vexatious.**

Defendants fail to explain their dilatory conduct, described in detail in Plaintiff's Opposition to Defendant's Objections, Request for Judicial Notice, and Request for Award of Costs and Attorney's Fees. They state that they have "no objection to this Court seeing the state court file" but fail to explain why they failed to show this Court the 12 Orders of the Superior Court that became the Orders of this Court upon removal, which they were required by 28 U.S.C. § 1446(a) to attach to their Notice of Removal. They also misrepresent their "objections" as having merely scolded Plaintiff for failing to request judicial notice of the documents Defendants failed to file, when, in fact, Defendants argued, "Even if Plaintiff had requested that the Court take judicial notice of the documents attached to his declaration, judicial notice is not proper." (Defendants Objections, Document 20, p. 2, lines 21 – 22.) Further, Defendants persist in their distortion of Plaintiff's argument as being that this Court is prohibited from revisiting and, if it deems proper, modifying or reversing rulings of the Superior Court, which Plaintiff never argued. Defendants ignore the fact that the Orders of the Superior Court, which they were required to file, became the Orders of this Court upon removal, Defendants proceeded as though no such orders existed, and they presented to this Court arguments which had been rejected by those Orders, which was grossly improper.

Instead of dealing with those serious issues or the overwhelming indicia of their improper forum shopping, Defendants go so far as to accuse Plaintiff of forum shopping solely by virtue of having included federal causes of action in his First Amended Complaint. Defendants ignore the simple fact that the state courts possess concurrent jurisdiction over claims asserted under 42 U.S.C. § 1983. *Martinez v. California* (1980) 444 U.S. 277. Plaintiff noted this jurisdictional

- 3 -

rule in his First Amended Complaint. FAC, p. 4, lines 12 – 13.  It is undisputed that Defendants have been aware of Plaintiff's federal Constitutional claims since January 2007 when he filed his Notice of Tort claims.  Although he was not statutorily required to apprise the governing board of the school district of such claims, he did so as a matter of professional courtesy.  When the Superior Court (erroneously, in Plaintiff's opinion) dismissed his tort claims against Defendants, Plaintiff was forced to anchor his claims in a Constitutional foundation through a statutory medium, § 1983.  Nothing about that amendment necessitated removal of the case to federal court.  It was Defendants who removed the case to this forum.  Moreover, it was Defendants' subsequent dilatory conduct, i.e., ignoring Plaintiff's Due Process Claim, failing to apprise this Court of the Superior Court's Orders, re-pedaling arguments that had been rejected by those Orders as though they had not yet been ruled upon, and frivolously objecting to Plaintiff's presentation of the Orders to this Court, which revealed Defendants' forum shopping.

Defendants' failure to address any of the arguments presented in Plaintiff's request for attorney's fees and costs and their persistence in scoffing at their statutory duties in this Court merely underscores the propriety of Plaintiff's request and the unreasonableness of Defendants' conduct.

**C. Defendants' Late-Breaking Windfall From the California Supreme Court Does Not Retroactively Lend a Patina of Good Faith to Their Unreasonable and Vexatious Motion to Dismiss.**

In light of the recent decision of the California Supreme Court in *Jones v. The Lodge at Torrey Pines Partnership, et al.* (March 3, 2008, S151022)__Cal.Rptr.3d__[08 Cal. Daily Op. Serv. 2511], Plaintiff is filing concurrently herewith a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a), voluntarily dismissing his Sixth Cause of Action as to the individual Defendants (but not as against BUSD).  Plaintiff has the right to file such an amended Complaint as a matter of course prior to the filing of a responsive pleading.  Defendant's Motion to Dismiss does not constitute a responsive pleading for purposes of cutting off Plaintiff's right to file an amended complaint as a matter of course.  *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130, fn. 3 (9th Cir. 2000).  Thus, the individual Defendants' motion to dismiss the Sixth Cause of

- 4 -

Action is now moot.[1]

Plaintiff respectfully notes, however, that Defendants offered no substantive argument in their Motion to Dismiss regarding their individual liability for retaliation, provided no notice that the California Supreme Court was considering the issue, and clearly were the beneficiaries of well-timed luck and nothing more.  Their good fortune does nothing to retroactively convert their frivolous Motion to Dismiss and Motion to Strike into a substantively reasonable document.  Nor should it save Defendants from an award of attorney's fees and costs incurred by Plaintiff in opposing their vexatious filings and frivolous arguments in this Court.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully requested that, pursuant either to 28 U.S.C. § 1927 or the Court's inherent authority to manage the proceedings, that this Court order counsel for Defendants to reimburse Plaintiff for the excess costs, expenses and attorney's fees reasonably incurred in compensating for her failure to satisfy her filing duty under 28 U.S.C. § 1446(a) and in opposing her frivolous filings and arguments in this in this Court which have unreasonably and vexatiously multiplied the proceedings herein.

Dated this 19th day of March, 2008        By:   /s/ ERIC BORGERSON
                                                Eric Borgerson, SBN 177943
                                                Law Office Of Eric Borgerson
                                                2625 School Street
                                                Oakland, CA 94602

---

[1] Plaintiff has made no other substantive changes to the Complaint.  The amendment therefore has no other bearing on Defendants' Motion to Dismiss or Motion to Strike.