KELLIE M. MURPHY (SBN 189500)
JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation
California Plaza
2180 Harvard Street, Suite 560
Sacramento, CA 95815
Telephone: (916) 921-5800
Facsimile: (916) 921-0247

Attorneys for BERKELEY UNIFIED SCHOOL DISTRICT, MICHELE LAWRENCE, LISA UDELL, CRISTINA OBIETA, RICHARD DODSON, and TINA BRIER

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| GENE FAURIE, JR., <br><br> Plaintiff <br><br> v. <br><br> The BERKELEY UNIFIED SCHOOL DISTRICT; MICHELLE LAWRENCE, individually and in her official capacity as BUSD Superintendent; LISA UDELL, individually and in her official capacity as BUSD Assistant Superintendent, Human Resources; CRISTINA OBIETA, individually and in her official capacity as BUSD Director, Classified Personnel; RICHARD DODSON, in his official capacity as BUSD Director, Labor Relations; TINA BRIER, individually and in her official capacity as BUSD Director, Classified Personnel, <br><br> Defendants. | Case No. C 08-00060 THE <br><br> **OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]** <br><br> Judge:   The Honorable Thelton E. Henderson |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................. 1

II. LEGAL ARGUMENT. ............................................. 1

    A.    LEGAL STANDARD GOVERNING AWARD OF SANCTIONS UNDER 28 U.S.C. §1927 ................................. 1

    B.    PLAINTIFF HAS FAILED TO SUBMIT ANY EVIDENCE OF SUBJECTIVE BAD FAITH ..................................... 2

        1.    Removal to federal court is not forum shopping .................... 3

        2.    Defense counsel's failure to file an amended Notice of Removal was a mere mistake, completely inadvertent and not motivated by any desire to withhold information from the Court ............... 4

    C.    PLAINTIFF IS NOT ENTITLED TO ANY SANCTIONS AS THERE WAS NO BAD FAITH AND HIS STATEMENT OF FEES IS AN OUTRAGEOUS EXAMPLE OF OVERREACHING ................... 8

    D.    PLAINTIFF CANNOT BE GRANTED SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY ............................... 9

        1.    Plaintiff makes this Request for Sanctions with Unclean Hands ....... 10

        2.    Plaintiff cannot recover attorney fees because defense counsel did not act in bad faith ........................................ 11

III. CONCLUSION ................................................ 12

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

i

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975) .............. 10

Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989) ......................... 8

Chambers v. NASCO, Inc., 501 U.S. 32, 42 (1991) ..................................... 8

Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2d Cir. 1982) .................... 6

Edwards v. General Motors Corp., 153 F3d 242, 246 (5th Cir. 1998) ................... 5

Elliot v. State Farm Mut. Auto. Ins. Co., 786 F.Supp 487, 489 (E.D. Pa 1992) .......... 6

Fayemi v. Hambrecht & Quist, Inc., 174 F.R.D. 319, 326 .............................. 9

Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001) .................................... 8

GRiD Systems Corp. v. John Fluke Mfg. Co., 41 F.3d 1318 (9th Cir. 1994) .............. 1

In re Keegan Management Co., Secur. Litig., 78 F3d 431, 436 (9th Cir. 1996) .......... 5

MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir. 1991) ..................... 1

New Alaska Develp. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989) ........... 5

Pacific Harbor Capital, Inc. v. Carnival Cruise Lines, Inc.,
    210 F3d 1112, 1118 (9th Cir. 2000) ............................................. 5

Preaseau v. Prudential Ins. Co. Of America, 591 F2d 74, 79 (9th Cir. 1979) .......... 10

Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980) ............................ 8

Shepherd v. American Broadcasting Cos., Inc., 62 F.3d 1469, 1477 (DC Cir. 1995) ...... 8

Taylor v. Charter Medical Corporation, 162 F.3d 827, 830 (9th Cir. 1998) ............ 4

United States v. Blodgett 709 F.2d 608, 610-611 (9th Cir. 1983) ..................... 7

Zambrano v. City of Tustin, 885 F.2d 1473, 1481-1482 (9th Cir. 1989) ............... 11

**FEDERAL STATUTES**

28 U.S.C. 1927 ...................................................................... 9

28 U.S.C. §1441(b) .................................................................. 2

28 U.S.C. §1447 ..................................................................... 3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

ii

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1 | 28 U.S.C. §1927 .................................................................. 5, 11
2 | 28 U.S.C. §1447(c) .................................................................. 3
3 | 42 U.S.C. § 1983 .................................................................... 5

**FEDERAL RULES**

Fed. Rules of Civil Procedure, Rule 12(b)(6) ........................................... 6
Federal Rules of Evidence, Rule 201 .................................................. 4

**STATE STATUTES**

California Business and Professions Code §6068 ....................................... 5
California Government Code §12900(j) ................................................ 5
California Government Code §12900(h) ................................................ 5
California Labor Code §1102.5 ....................................................... 5

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

iii

## I. INTRODUCTION

Defense counsel for Defendants BERKELEY UNIFIED SCHOOL DISTRICT, MICHELE LAWRENCE, LISA UDELL, CRISTINA OBIETA, RICHARD DODSON, and TINA BRIER respectfully submits this Objection to Plaintiff's Request for Award of Costs and Attorney's Fees.

## II. LEGAL ARGUMENT

Plaintiff is so busy accusing defense counsel of improper intentions that he fails to actually cite the controlling law that governs the award of the sanctions he requests. Indeed, Plaintiff's entire citation to the law consists of nothing more than a footnote stating the statutory text of 28 U.S.C. § 1927. Plaintiff ignores express case law establishing what must be proven, defining the very text of that statute, as well as the limitations to the Court's sanctioning power.

**A.  Legal Standard Governing Award of Sanctions Under 28 U.S.C. §1927**

The *moving party* bears the burden of proving grounds for sanctions under section 1927 by a preponderance of the evidence. (See Schwarzer et al., Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2007) ¶ 17:672, p. 17-87.) Because of the punitive nature of section 1927 sanctions, and in order not to chill *legitimate advocacy*, the provision must be strictly construed. (See *Edwards v. General Motors Corp.*, 153 F3d 242, 246 (5th Cir. 1998).)

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies the proceedings* in any case *unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (Emphasis added.)

The terms "unreasonably and vexatiously" require a showing of *bad faith, improper motive, or reckless disregard* of the duty owed to the court. (See, e.g., *New Alaska Develp. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989); *Edwards v. General Motors Corp.*, 153 F3d 242, 246 (5th Cir. 1998).) Sanctions pursuant to section 1927 must be supported by a finding of *subjective bad faith*. (See *Pacific Harbor Capital, Inc. v. Carnival Cruise Lines, Inc.*, 210 F3d 1112, 1118 (9th Cir. 2000).) Subjective bad faith is evidenced by a showing of an attorney's knowledge or recklessness regarding his or her claims and tactics. (See *In re Keegan*

*Management Co., Secur. Litig.*, 78 F3d 431, 436 (9th Cir. 1996).) Negligent conduct is *not* enough to prove bad faith. (See *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991).)

Further, state court proceedings *cannot* form the basis for any argument that proceedings were multiplied. Section 1927 sanctions may only be imposed for multiplication of proceedings <u>*in the case before the district court*</u>. (See *GRiD Systems Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318 (9th Cir. 1994).) In *GRiD,* the defendant (GRiD), filed a state court action after participating in arbitration for over five months. The plaintiff (Fluke) then removed the state action to federal court. After the district court dismissed GRiD's claim against Fluke as duplicative of the arbitration action, the court imposed sanctions under section 1927 for multiplying the proceedings.

The Ninth Circuit Court of Appeals reversed, holding that section 1927 "limits the federal court's ability to sanction an attorney for conduct before another court" and that the arbitration and state court proceedings were entirely separate actions, not subject to this sanctioning power. (See *id.* at 1319.) As no proceedings *before the district court* were multiplied, sanctions under section 1927 could not stand. (See *id.*)

The facts here are indistinguishable. This Court cannot base an award of sanctions under section 1927 on any proceedings that took place in the state court action. Since removal to the federal court, there has been only *one proceeding*, Defendants' Motion to Dismiss.

As in *GRiD*, it makes no difference that a few arguments raised by Defendants were duplicative of state court proceedings. No award under section 1927 can be based on those state court proceedings.

**B.    Plaintiff Has Failed To Submit Any Evidence of Subjective Bad Faith**

Plaintiff fails to present *any* evidence whatsoever that defense counsel acted in bad faith in *any* aspect of the defense of this action. Plaintiff alleges a multitude of absurd allegations that amount to nothing more than advocacy by defense counsel on the part her clients. Indeed, defense counsel was bound by a duty to each of her clients to file the Motion to Dismiss.

/ / /

### 1. *Removal to federal court is not forum shopping*

In his First Amended Complaint, Plaintiff alleged, *for the first time*, two claims under federal law. Until that time, this lawsuit was not subject to removal to federal court because neither diversity nor federal question jurisdiction existed. The right to remove an action based on federal question jurisdiction is guaranteed by 28 U.S.C. section 1441(b). Contrary to Plaintiff's baseless arguments, the exercise of a federal statutory right to have this case heard in federal court is not forum shopping. Nor is it sanctionable conduct.

Plaintiff was not "forced to anchor his claims in a Constitutional foundation through a statutory medium, § 1983." (Plaintiff's Reply Regarding Request for Award of Costs and Attorney's Fees, p. 4.) The filing of a lawsuit and the choice of claims to allege is a completely voluntary activity. Plaintiff *chose* to include federal claims in his First Amended Complaint. Defendants merely exercised the rights given to them under federal law.

Plaintiff's argument that Defendants have been aware of "Plaintiff's federal Constitutional claims since January of 2007 when he filed his Notice of Tort Claims" is nonsensical. (See Plaintiff's Reply Regarding Request for Award of Costs and Attorney's Fees, p. 4.) Defendants' awareness of something in a tort claim is irrelevant. Plaintiff cites no authority, and Defendants are aware of none, that gives a party a right to remove a case to federal court based on allegations presented in a tort claim (which is *not* a state court pleading).

28 U.S.C. section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within **thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *If the case stated by the **initial pleading** is not removable*, a notice of removal may be filed within **thirty days** after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading*, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action. (Emphasis added.)

The simple fact is that no federal claims were alleged in Plaintiff's *initial pleading*. As such, Defendants had no legal basis whatsoever to remove the case to federal court prior to the filing of the First Amended Complaint. If Plaintiff truly believed that this case was improperly removed because Defendant had waived a previous right to remove, *his* statutory duty was to bring a Motion to Remand under 28 U.S.C. section 1447, *not* a request for sanctions.

### 2.   *Defense counsel's failure to file an amended Notice of Removal was a mere mistake, completely inadvertent and not motivated by any desire to withhold information from the Court*

Defense counsel admits that she was informed by counsel for Plaintiff of the procedural defect of not filing the state court orders issued after Defendants' demurrer to Plaintiff's initial Complaint. Defense counsel's failure to file the amended Notice of Removal however, was an oversight. (See Declaration of Kellie M. Murphy, filed concurrently herewith.) To err is human and the practice of law is a uniquely human endeavor. Contrary to Plaintiff's insistence, the mere forgetfulness to file the amended notice is not tantamount to openly and knowingly defying a statutory duty.[1]

In Defendants' Memorandum of Points and Authorities in support of their Motion to Dismiss, *Defense counsel specifically referenced the prior court orders* in the argument for the dismissal of Plaintiff's claim for Deprivation of Benefits and Privileges of Public Employment. Defendants even noted that Plaintiff had been given leave to amend to allege a statutory basis for employment. If defense counsel were truly attempting to hide the existence of these orders, she would not have specifically referenced them in the moving papers.

Plaintiff grossly misrepresents the arguments that defense counsel presented in objecting to Plaintiff's attachment of the orders to his declaration. Defense counsel *did not* argue to the Court that it could not take judicial notice of the orders. Defense counsel's verbatim argument was as follows:

---

[1] If Plaintiff's counsel truly believed that defense counsel had improperly fulfilled a statutory duty in noticing this removal, *Plaintiff's* statutory duty was to file a Motion to Remand the case to state court for defect in procedure under 28 U.S.C. § 1447(c). Defense counsel recognizes that Plaintiff may have relied on meet and confer attempts and therefore defense counsel *does not argue* that Plaintiff ever waived his right to bring such a motion. Instead, he filed an improperly noticed request for sanctions claiming fraud on the court.

OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]

4

> "Even if Plaintiff had requested that the Court take judicial notice of the documents attached to his declaration, judicial notice is not proper. Although a court may take judicial notice of the *existence* and content of filed [sic] in another court, it cannot take judicial notice of findings made by that court because they are not facts "not subject to reasonable dispute" as required by Federal Rules of Evidence Rule 201.
>
> ... [E]ven though a court may take judicial notice of a "document filed in another court ... to establish the fact of such litigation and related filings," a court cannot take judicial notice of the factual findings of another court. This is so because (1) such findings do not constitute facts "not subject to reasonable dispute" within the meaning of Rule 201; and (2) "were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous." (*Taylor v. Charter Medical Corporation*, 162 F.3d 827, 830 (9th Cir. 1998).)

Plaintiff is asking this Court to simply adopt the determination of the state court without independently considering the merits of this motion. It is improper for Plaintiff even to suggest such a result.

> Rule 201 authorizes the court to take notice only of "adjudicative *facts*," not legal determinations. Therefore, a court cannot take judicial notice of another court's legal determination that a party constituted a state actor for the purposes of §1983. That determination is neither an adjudicative fact within the meaning of Rule 201 nor beyond "reasonable dispute." (*Id.* at p. 831.)"[2]

As clearly stated in her argument, defense counsel acknowledged that the Court had the power to judicially notice the orders *and* their contents. Defense counsel noted that Plaintiff was improperly arguing that the Court must adopt the findings of those rulings. This is simply *not the law*. Defense counsel correctly argued that the Court was *not* bound under the Federal Rules of Evidence (or otherwise) by the findings in those state court orders. The Court could consider the orders, but was not required to follow them. As the district court was not bound by the state court's findings and could independently consider the issues, defense counsel properly and in good faith raised arguments in the Motion to Dismiss that had previously been raised in state court.

In Plaintiff's haste to argue that Defendants' entire Motion to Dismiss was "vexatious," he fails to note the sheer number of completely new allegations contained in his First Amended

---

[2] See Defendants' Objections to Plaintiff's Evidence Submitted in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, pp. 2-3.

**OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]**

5

Complaint. For example, Plaintiff's First Amended Complaint alleged *five* new Claims for Relief which had *never before been pled*: Retaliation in Violation of Labor Code section 1102.5; Violation of Federal Right to Equal Protection [42 U.S.C. § 1983]; Deprivation of Benefits and Privileges of Public Employment Without Due Process of Law [42 U.S.C. § 1983]; Unlawful Harassment on the Basis of Sex/Gender [Gov. Code § 12900(j)]; and Unlawful Retaliation [Gov. Code § 12900(h)].

Defense counsel represents six separate clients in this case, one public entity and five individuals. Defense counsel owes an ethical and fiduciary duty to each of those clients equally. (See Cal. Bus. & Prof. Code § 6068.) In amending his Complaint, Plaintiff alleged various claims against the individual defendants that were precluded as a matter of law.[3] Defense counsel was *obligated* to provide an equal defense to her individual clients with respect to these claims. These individuals have no desire to be named under claims for which they cannot be liable, even if only named by Plaintiff symbolically. Indeed, if the individual defendants each had independent counsel, each of those attorneys would have been duty bound to seek dismissal of improperly alleged claims brought against their clients. There would be no question that such a motion would be considered meritorious and *necessary* to the proper representation of those clients.

The state court had previously sustained Defendants' demurrer as to the claim brought under the Fair Employment and Housing Act (hereinafter "FEHA"), and as to Plaintiff's claim for Intentional Infliction of Emotional Distress. In addition, the state court granted Defendants' motion to strike punitive damages against *all* Defendants. In fact, Defendants' demurrer was only overruled as to *one* cause of action against *one* of the six named defendants. Demurrer as to *all* of the other causes of action against *all* six defendants were sustained either with or without leave to amend. For re-arguing one overruled state claim (that this Court can independently consider), Plaintiff asks for $25,000. Such a request is unconscionable.

---

[3] Plaintiff even re-alleged his Discrimination claim against the individual defendants after the state court's express ruling that individuals cannot be held liable for Discrimination.

---

**OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]**
6

Moreover, defense counsel properly brought the Motion to Dismiss against Plaintiff's claim for Deprivation of Benefits and Privileges of Public Employment Without Due Process of Law. Plaintiff completely failed to allege any statutory basis establishing a property interest in his employment.[4] The Court granted Defendants' Motion to Dismiss this claim and even expressed bewilderment as to how Due Process can be afforded an individual who quits his job. Defense counsel clearly had legitimate reasons for bringing this motion. Indeed, had defense counsel *not* brought the Motion to Dismiss, she would have violated duties owed to each of her clients.

Plaintiff's argument that Defendants "did not even address one of the two federal causes of action set forth in the FAC" is specious. (See Plaintiff's Opposition to Defendants' Objections; Request for Judicial Notice; Request for Award of Costs and Attorney's Fees, p. 12.) To the extent that Plaintiff claims that Defendants were *required* to oppose all claims, this is simply not true. A party may move to dismiss all or portions of a complaint. (See Fed. Rules Civ. Proc. Rule 12(b)(6); *Elliot v. State Farm Mut. Auto. Ins. Co.*, 786 F.Supp 487, 489 (E.D. Pa 1992); *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir. 1982).)

Incredibly, Plaintiff argues that the fact that Defendants did *not* challenge one of Plaintiff's new claims is evidence of bad faith, when in fact the contrary is true. Defense counsel chose not to move for dismissal of this claim because her research indicated that Plaintiff had pled sufficient facts. If defense counsel were truly bringing this entire motion for vexatious purposes, she would have opposed every single claim for relief, whether or not she believed there was a valid reason for doing so. Instead, defense counsel opposed only those claims and allegations that were improper *as a matter of law*, and those which she believed in good faith should be dismissed for failure to state sufficient facts, something Plaintiff previously failed to do in his initial Complaint.

Because of the new claims and allegations Plaintiff included in his amended complaint, many of which were improper, Defendants brought their Motion to Dismiss. Diligent

---

[4] Plaintiff had also previously failed in the initial Complaint filed in state court to allege a statutory basis for a right to continued employment in his Breach of Contract cause of action. He then brought this Deprivation claim for relief, which required the same showing and once again failed to allege a statutory basis.

OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]

7

representation requires advocacy against those claims that defense counsel believes are improper. As such, the filing of this Motion to Dismiss did nothing to multiply *any* proceedings before the district court. Claims that can be disposed of pretrial should be disposed of pretrial.

### C. Plaintiff is Not Entitled To Any Sanctions as There Was No Bad Faith and His Statement of Fees is an Outrageous Example of Overreaching

In allowing Plaintiff's request for sanctions to be considered, the Court gave Plaintiff an inch and he has taken a mile. Plaintiff has represented that it cost him almost $25,000 to oppose a single Motion to Dismiss.[5] An opposition to a Motion for Summary Judgment often does not cost this much.

As a practical matter, under section 1927, an attorney may only be ordered to pay an opposing party the "excess" costs, expenses and fees resulting from the attorney's improper conduct. *United States v. Blodgett*, 709 F.2d 608, 610-611 (9th Cir. 1983). Plaintiff's letter brief of costs reveals that he believes he is due costs and expenses for Defendants' merely presenting a legitimate defense.

For example, Plaintiff includes costs and expenses related to the removal of this action to federal court. The exercise of a federal statutory right to remove this action to federal court cannot be said to be in bad faith. Plaintiff has no evidence that Defendants acted in bad faith in doing so and his arguments to the contrary are illogical and unsupported by law.[6]

As demonstrated above in section B.2., there is no evidence whatsoever that defense counsel brought the Motion to Dismiss in bad faith. There is no dispute that Plaintiff alleged five previously unpled claims. There is no dispute that Plaintiff alleged various claims against individually named defendants in clear contradiction of established law and the prior state court's ruling. Defense counsel also specifically chose not to move to dismiss one of the federal claims as she concluded that there was no good faith reason to do so at this stage of the litigation.

---

[5] It is interesting to note that Plaintiff's Letter Brief of fees is not made under penalty of perjury as would be required in state court.

[6] For example, Plaintiff argues that Defendants were somehow "aware" of federal claims stated in a tort claim, but not pled in his initial state court Complaint.

OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]

8

Considering how much time Plaintiff's counsel claims he spent researching and drafting his request for sanctions, one would think that such time would have resulted in the citation to at least some controlling legal authority on the subject of sanctions. As it stands however, Plaintiff provided only the statutory text of section 1927 and completely ignores any law governing the Court's inherent authority to sanction (though he requests sanctions under that power as well).

Plaintiff chose to allege improper claims against individual parties in his First Amended Complaint. Indeed, it was Plaintiff's *choice* to file a Second Amended Complaint while the Motion to Dismiss was pending. He alone must bear the fees for defending a properly brought Motion to Dismiss, which this Court did in fact grant on several grounds.

**D.    Plaintiff Cannot Be Granted Sanctions Under the Court's Inherent Authority**

The Court's inherent sanctioning power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." (*Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991).) "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." (*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).)

Before a court may impose sanctions against a lawyer or party under its inherent power, it must find that the lawyer or party "acted in *bad faith, vexatiously, wantonly or for oppressive reasons.*" (*Chambers, supra,* 501 U.S. at pp. 45-46, emphasis added.) *Recklessness alone is insufficient* to justify sanctions under the court's inherent power to award sanctions for bad faith conduct. (See *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).)

Sanctions imposed under the court's inherent power are *punitive* in nature, and are based on allegations of fraud or other quasi-criminal wrongdoing. Although the Ninth Circuit has not yet decided the issue of the standard of proof required under this inherent authority, other Circuits have held that bad faith must be proven by **clear and convincing** evidence. (See *Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1477 (DC Cir. 1995); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).)

Ultimately, Plaintiff relies on the exact same evidence for his requests for sanctions under 28 U.S.C. 1927 and under the Court's inherent authority. As outlined above in sections B.

OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]
9

and C. above, Plaintiff has not proven bad faith under a preponderance of the evidence standard, let alone under a clear and convincing standard. As such, he has failed to meet his burden.

Plaintiff has no evidence of fraudulent or unethical conduct on the part of defense counsel. Neglecting to file an amended Notice of Removal does not equal fraud on the court, particularly in light of defense counsel's specific reference to the previous court orders in her moving papers. Likewise, making an argument supported by case law holding that the district court is not bound by the prior state court rulings is not fraud on the Court.

### 1.   *Plaintiff makes this Request for Sanctions with Unclean Hands*

Because the relief sought by the Plaintiff is equitable, the unclean hands doctrine applies. Pursuant to that doctrine, a party will be denied equitable relief where it has acted unconscionably in relation to the matter at issue to the detriment of the other party. (See *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 326 (S.D.N.Y. 1997).)

In Plaintiff's Request for Sanctions, he alleges conduct of which he himself is guilty. Plaintiff expends considerable effort outlining why Defendants' arguments were frivolous while ignoring several critical facts:

- Plaintiff alleged *two* claims against the individual defendants that were precluded as a matter of law;
- One of those claims (for Discrimination) had previously been dismissed by the state court on this very basis. Yet Plaintiff re-alleged that claim against the individual defendants in his First Amended Complaint;
- *Plaintiff* chose to file a Second Amended Complaint, without prompting from either Defendants or the Court, dismissing the individual defendants from the FEHA Retaliation claim (which he now refers to as a windfall);
- In his First Amended Complaint, Plaintiff alleged a claim for Deprivation of Benefits and Privileges of Public Employment, which requires a showing of a statutory right of continued employment. This is precisely the same showing required for the Breach of Contract cause of action pled in his initial Complaint. He failed meet this showing and the cause of action was dismissed on demurrer.

Knowing that he could not make such a showing, Plaintiff still alleged the Deprivation of Benefits and Privileges of Public Employment claim;

- Plaintiff requested that this Court allow him to re-allege his claim for Tortious Wrongful Termination in Violation of Public Policy after it was dismissed by the state court.

Plaintiff argues from both sides of his mouth. On one side he accuses defense counsel of re-litigating matters decided by the state court while arguing out the other side that he should be able to do just that. Indeed, Plaintiff even cited legal authority supporting the fact that this Court was *not* bound by the previous state court rulings on Defendants' demurrer. (See *Preaseau v. Prudential Ins. Co. Of America*, 591 F2d 74, 79 (9th Cir. 1979).) Plaintiff attempts to hide this contradiction by arguing that Defendants were required to ask the court to *revisit* these issues previously decided. (See Plaintiff's Opposition to Defendants' Objections; Request for Judicial Notice; Request for Award of Costs and Attorney's Fees, p. 5.) For this proposition, he cites no authority, and no such authority exists.

It appears, by Plaintiff's own actions and arguments, that he believes that presenting an argument previously made in state court is sanctionable conduct if defense counsel does it, but is conduct to be rewarded if Plaintiff's counsel does it.[7] Such a double standard cannot stand.

### 2. *Plaintiff cannot recover attorney fees because defense counsel did not act in bad faith*

The American Rule regarding attorney's fees is that each party shall bear their own attorney fees except where statutes provide otherwise or bad faith conduct or willful disobedience of court orders is shown. (See *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975).) Courts have no power to shift attorney fees in the absence of such showing. (See *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481-1482 (9th Cir. 1989).)

---

[7] Ultimately, defense counsel submits that such conduct is not sanctionable against either party, but is mere advocacy on the part of their clients. Should Plaintiff file a motion to amend his complaint to add a claim that was outright dismissed by the state court, defense counsel's opposition will be based on the clear state of the law, not personal attacks on the character of opposing counsel. Nevertheless, such a motion is *no different* than defense counsel's Motion to Dismiss claims she believed should have been dismissed in state court.

OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]

As no statute establishes the Court's inherent power to sanction, Plaintiff is again required to show bad faith to obtain attorney fees. As set forth above, he fails in every respect to meet this standard.

### III. CONCLUSION

Plaintiff's Request for Sanctions must be denied as he is seeking nothing more than to suppress the legitimate advocacy of defense counsel in representing her clients. Plaintiff has assembled a laundry list of unfounded and unsupported accusations. At the same time, Plaintiff has failed to inform this court of the controlling law that governs the imposition of sanctions.

Plaintiff is not due sanctions under 28 U.S.C. section 1927 because such sanctions cannot be imposed based on proceedings that took place in state court. Plaintiff also fails to meet his burden to show *subjective bad faith*. Similarly, Plaintiff fails to meet his burden for sanctions under this Court's inherent sanctioning power as he has again made no showing of *subjective bad faith*, under either the preponderance of the evidence standard or the clear and convincing evidence standard.

Finally, Plaintiff's request for $25,000 in fees and costs is an outright abuse of this Court's procedures and demonstrates Plaintiff's level of desperation to re-characterize an attorney's oversight as a conspiracy of fraud against him and the Court.

Date: April 2, 2008

JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation

/S/ Kellie M. Murphy
KELLIE M. MURPHY
Attorneys for Defendants BERKELEY UNIFIED SCHOOL DISTRICT, MICHELE LAWRENCE, LISA UDELL, CRISTINA OBIETA, RICHARD DODSON, and TINA BRIER

---

OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]
12

# PROOF OF SERVICE

CASE NAME:    Faurie v. Berkeley Unified School District, et al.
CASE NO.:

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 560, Sacramento, CA 95815.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On April 2, 2008, I served the following:

**OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]**

___   United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

___   By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

___   Federal Express - on all parties in said action by placing a true copy of the above-described document(s) in an authorized area for pick-up by an authorized express service courier the same day it is collected and processed in the ordinary course of business as set forth below.

___   Personal Service - By personally delivering or causing to be delivered a true copy of the above-described document to the person(s) and at the address(es) set forth as shown below.

_X_   **ELECTRONIC SERVICE** - by causing such document to be served electronically pursuant to court rule to the individual listed below:

Eric Borgerson, Esq.
LAW OFFICE OF ERIC BORGERSON
2625 School Street
Oakland, CA 94602

_X_   FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 2, 2008, at Sacramento, California.

　　　　　　　　　　　　　　　　　　　　/s/ Mike Quinn
　　　　　　　　　　　　　　　　　　　　Mike Quinn

---

OBJECTION TO PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]
13