ERIC BORGERSON (CA State Bar No. 177943)
LAW OFFICE OF ERIC BORGERSON
2625 School Street
Oakland, CA 94602
Telephone:   (510) 866-3738
Facsimile:    (510) 535-9898

Attorney for Plaintiff
GENE FAURIE, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTIRCT OF CALIFORNIA

| | |
|---|---|
| GENE FAURIE, JR., | CASE NO. CV 08-00060 TEH |
| Plaintiff, | |
| vs. | |
| The BERKELEY UNIFIED SCHOOL DISTRICT; MICHELLE LAWRENCE, individually and in her official capacity as BUSD Superintendent; LISA UDELL, individually and in her official capacity as BUSD Assistant Superintendent, Human Resources; CRISTINA OBIETA, individually and in her official capacity as BUSD Director, Classified Personnel; RICHARD DODSON, in his official capacity as BUSD Director, Labor Relations; TINA BRIER, individually and in her official capacity as BUSD Director, Classified Personnel, | **REPLY TO OBJECTIONS REGARDING REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES [28 U.S.C. § 1927; COURT'S INHERENT AUTHORITY]**<br><br>Judge: The Honorable Thelton E. Henderson<br><br>Courtroom 12 |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Gene Faurie, Jr. ("Plaintiff" or "Mr. Faurie") respectfully submits this Reply to the Objections to his request for attorney's fees and costs, filed by Defendants Michele Lawrence ("Lawrence"), Cristina Obieta ("Obieta"), Lisa Udell ("Udell"), Richard Dodson ("Dodson"),

Tina Brier ("Brier") (collectively "individual Defendants"), and Berkeley Unified School District ("BUSD") (collectively "Defendants").

## II.     ARGUMENT

**A. It Was Not the Mere Fact of Removal, but Accompanying Failure to Advise the Court of Adverse Superior Court Orders and Verbatim Repetition of Rejected Arguments That Revealed Defendants' Improper Forum Shopping.**

Defendants irrelevantly argue at length that Plaintiff alleged federal causes of action for the first time in his First Amended Complaint, giving rise to Defendants' statutory right to remove the case to federal court. Plaintiff never contested this right. Rather, Plaintiff took issue with the facts that, having removed the case to federal court, after twice having been advised and reminded that they had a statutory duty to supply this Court with the Orders and pleadings served upon them in the Superior Court, and after twice assuring counsel for Plaintiff that they would file those documents, Defendants failed to advise this Court of the existence of those Orders and pleadings, presented to this Court arguments that had been rejected by those Orders as though the Orders did not exist, and filed frivolous objections when Plaintiff politely filed the Orders and a representative sample of the pleadings in Defendants' stead.

It was Defendants' apparent attempt to obtain a second bite at the apple in this forum with regard to arguments soundly rejected in the Superior Court which Plaintiff argued evinced improper forum shopping. See Opp. to Defendants' Objections, Document ("Doc.") 22, pp. 12-13; Plaintiff's Reply Regarding Request for Award of Attorney's Fees and Costs, Doc. 25, p. 4.

*GRID Systems Corp. v. Fluke*, 41 F.3d 1318 (9th Cir. 1994), relied on by Defendants, is inapposite. There, the Ninth Circuit held that sanctions could not be imposed under § 1927 for *actions that took place in another court*. That is not what Plaintiff is requesting here. Plaintiff is asking to be reimbursed for unreasonable and vexatious conduct *in this Court*.

**B. Defense Counsel's Initial Failure to File the Orders and Pleadings Required by 28 U.S.C. § 1446(a) May Have Been Merely Negligent, But Her Failure To Advise the Court of the Orders When Requesting Reversal of Them, Her Objections To Plaintiff's Filing of the Documents, and Her Continued Default Were and Are Reckless at Best.**

Defense counsel offers a Declaration and argument to the effect that she was unusually busy and that, while she intended to file an amended Notice of Removal as promised, she failed to

1  do so as a negligent oversight.  Perhaps this is true.  Plaintiff's counsel gave defense counsel the

2  benefit of the doubt that this was true, filed a Declaration with 23 Exhibits in order to at least

3  partially cure the defective Notice, and opposed the Motion to Dismiss without requesting

4  sanctions.

5        It was when Defendants then had the temerity to file *objections* to Plaintiff's submission

6  of those documents that the impropriety of Defendants' conduct became unavoidably clear.

7  Defendants attempt to minimize this wholly improper act by claiming that they really didn't

8  object to Plaintiff's submission of the documents or to the Court's taking judicial notice of them.

9  Thus, when defense counsel *said*, "Even if Plaintiff had requested that the Court take judicial

10  notice of the documents attached to his declaration, *judicial notice is not proper*" (Defendants'

11  Objections, Document 20, p. 2, lines 21 – 22, emphasis added), she purports to have *meant* the

12  following:

13  > Defense counsel noted that Plaintiff was improperly arguing that the Court must adopt the findings of those rulings.  This is simply not the law.  Defense counsel correctly argued that the Court was not bound under the Federal Rules of Evidence (or otherwise) by the findings in those state court orders.  The Court could consider the orders but was not required to follow them.

16  Defendants' Objections to Request for Costs and Fees, Doc. 31, p. 9, lines 17-21.

17        The proffered rationale contains a fatal flaw:  *Plaintiff never argued that this Court was*

18  *required to follow the Orders of the Superior Court.*  Incredibly, despite the fact that this has now

19  been addressed several times in writing and at oral argument, Defendants keep falsely attributing

20  this argument to Plaintiff.  To the contrary, Plaintiff correctly stated the governing law as being:

21  "This Court has authority to revisit and change law and motion rulings of the Superior Court.

22  *Preaseau v. Prudential Ins. Co. of America*,  591 F.2d 74, 79 (9th Cir. 1979)."  Opposition to

23  Motion to Dismiss, Doc. 16, p. 20, fn. 10, ln. 27-28.  Plaintiff also summarized the relevant law in

24  his Opposition to Defendants' Objections to his Declaration as follows:

25  > When a case is removed, "the federal court takes the case up where the State court left it off."   *Jenkins v. Commonwealth Land Title Ins. Co.* 95 F.3d 791, 795 (9th Cir. 1996), citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70, 415 U.S. 423*, 436 (1974), internal quotations and citations omitted.  "All … orders, and other proceedings had in such action prior to its removal shall remain in full force and effect ***until dissolved or modified by the district court***."  28 U.S.C. § 1450.  When a case is removed, "the federal court treats everything that

occurred in the state court as if it had taken place in federal court." *Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 79 (9th Cir. 1979), citing *Butner v. Neustadter*, 324 F.2d 783, 785 (9th cir. 1963) (internal quotations and ellipses omitted); *Jenkins*, *supra*, 95 F.3d at 795. Thus, the Orders of the Superior Court[], including interlocutory orders, *govern this case **unless and until modified or vacated by this Court***. This is one of the reasons Defendants were statutorily required to submit copies of those Orders to this Court with their Notice of Removal pursuant to 28 U.S.C. § 1446(a).

Opposition to Defendants' Objections, Doc. 22, p. 1, lines 7-19 (bold emphasis added).

Plaintiff never suggested that the Court was precluded from reversing the Superior Court's rejection of Defendants' arguments. Rather, to Defendants' apparent dismay, Plaintiff stated,

Without acknowledging it, BUSD is in effect asking this Court to overturn the Superior Court's rejection of Defendant's unmeritorious Demurrer to Plaintiff's cause of action for discrimination based on sex under the FEHA. The arguments presented at pages 11 to 15 of Defendants' Memorandum in support of their Motion to Dismiss in this Court were presented, verbatim, to the Superior Court at pages 7 to 9 of the Memorandum of Points and Authorities in Support of BUSD's Demurrer. (Borgerson Dec., Ex. C, pp. 7-9.) Those arguments were soundly rejected by the Superior Court.

Opposition to Motion to Dismiss, Doc. 16, p. 15, ln. 27, to p. 16, ln. 5. Thus, Plaintiff pointed out that Defendants had failed to acknowledge that there were relevant Orders in effect and that they were requesting that the Orders be reversed. Plaintiff also *argued* that the Orders were correctly decided. At no time did Plaintiff argue that this Court was irrevocably bound by the Orders of the Superior Court. Rather, Plaintiff argued that Defendants improperly failed to disclose that they were asking this Court to revisit and overturn those Orders.

Thus, Defendants' purported justification for submitting their frivolous objections to Plaintiff's Declaration and submission of the Orders and pleadings Defendants neglected to file is wholly specious. This, of course, was not the only infirmity plaguing Defendants' improper objections. Plaintiff will not belabor the other problems here, but refers the Court to his Objections to Defendants' Objections, previously filed at Document 22.

Defense counsel attempts to mitigate her failure to disclose the existence of the Orders that rejected the arguments she repeated in this Court by stating,

In Defendants' Memorandum of Points and Authorities in support of their Motion to Dismiss, *Defense counsel specifically referenced the prior court orders* in the argument for the dismissal of Plaintiff's claim for Deprivation of Benefits and

      Privileges of Public Employment. Defendants even noted that Plaintiff had been given leave to amend to allege a statutory basis for employment. If defense counsel were truly attempting to hide the existence of these orders, she would not have specifically referenced them in the moving papers.

Objections to Request for Costs and Fees, Doc. 31, p. 8, ln. 16 to 20 (emphasis in original).

      This argument is noteworthy for two reasons. First, Plaintiff never said that defense counsel "attempted to hide" anything. Plaintiff did not speculate as to defense counsel's intent. Rather, Plaintiff stated that Defendants improperly failed to file the Orders and pleadings they were required to submit by 28 U.S.C. § 1446(a), failed to apprise this Court of the existence of Orders that rejected arguments Defendants had submitted in the Superior Court, and presented verbatim the same arguments in this Court as though they had not been rejected by Orders of the Superior Court. Those are facts discernible from the face of the documents submitted herein.

      Secondly, it is non-responsive to state that Defendants made oblique reference to Orders of the Superior Court that ruled against Plaintiff. The point is Defendants failed to disclose the existence of Orders that ruled against Defendants' arguments, then presented the same arguments in this Court as though no such adverse Orders existed.

      Inexplicably, while protesting that she has not displayed reckless disregard for the law and that "the mere forgetfulness to file the amended notice is not tantamount to openly and knowingly defying a statutory duty" (Objections to Request for Attorney's Fees and Costs, Doc. 31, p. 4, ln. 12 to 14), defense counsel *remains in default of her statutory duty under 28 U.S.C. § 1446(a)*, as she still has not filed the documents served upon Defendants other than the sample filed by counsel for Plaintiff. While continuing to scoff at her duty to this Court, and while admitting that she twice assured counsel for Plaintiff that she would comply with her duty to file an amended Notice of Removal and that Plaintiff's counsel relied on those assurances, defense counsel adds insult to injury by arguing that counsel for Plaintiff should have filed a Motion to Remand instead of a Declaration with the documents she failed to submit. Objections to Request for Attorney's Fees and Costs, Doc. 31, p. 4, fn. 1. Defense counsel is estopped by her own conduct from asserting this specious argument.

      Plaintiff argued at length in his request for an award of costs and fees that Defendants'

- 5 -

filings and arguments in this Court were unreasonable and vexatious. Defense counsel is correct that reckless disregard of a duty owed to the Court or arguments or filings submitted with reckless disregard of the law are unreasonable and vexatious. See *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) ("Bad faith is present when an attorney knowingly or ***recklessly raises a frivolous argument*** or argues a meritorious claim for the purpose of harassing an opponent", quoting *Estate of Blas ex rel. Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986), emphasis added); *Pacific Harbor Capital, Inc. v. Carnival Cruise Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("Knowing or reckless conduct meets this standard", quoting *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121-22 (9th Cir. 1991)); *In re Keegan Management Co. Securities Litigation*, 78 F.3d 431, 436 (9th cir. 1996) (reckless and frivolous filings properly result in sanctions under § 1927). Plaintiff respectfully submits that Defense counsel's conduct discussed in Plaintiff's request for attorney's fees and costs was reckless and frivolous and Plaintiff should be reimbursed for the excess costs and fees he incurred in opposing Defendants' unreasonable and vexatious filings and arguments in this Court.

**C. Plaintiff Respectfully Defers to the Court's Sound Judgment as to Which Portions of Defendants' Motion to Dismiss Were Unreasonable and Vexatious.**

Plaintiff will not belabor issues already argued at length or respond to Defendants' contentions regarding the purported meritoriousness of their Motion to Dismiss. Plaintiff respectfully directs the Court to arguments presented in his request for attorney's fees and costs and entrusts determination of which portions of work in opposing Defendants' filings and arguments are properly compensable. The Court has issued a ruling on Defendants' Motion and the Court's analysis speaks for itself. As Plaintiff's counsel stated at oral argument, and contrary to Defendants' apparent assumption, Plaintiff does not request to be awarded attorney's fees and costs for work opposing filings and arguments which the Court deems meritorious.

**D. Defendants' "Unclean Hands" Argument Is Unreasonable and Vexatious.**

Defendants' argument that somehow Plaintiff's request for an award of costs and fees is tainted by "unclean hands", to the extent that it is decipherable, is completely lacking in merit. Plaintiff did not re-allege any claims that were dismissed by the Superior Court. Defendants note

- 6 -

1  that Plaintiff filed a Second Amended Complaint in light of the Supreme Court's decision

2  regarding retaliation under the FEHA, but fail to explain how that made his hands unclean.

3  Plaintiff was well within his rights to allege a Due Process claim, even though the Court

4  dismissed it with leave to amend.  And, there was nothing improper about Plaintiff's request that

5  this Court revisit the Superior Court's rejection of his tort cause of action, which, unlike

6  Defendants, Plaintiff did openly after apprising this Court of the Superior Court's ruling.

7        Once again, Defendants assert that Plaintiff "argues from both sides of his mouth" and

8  that "On one side he accuses defense counsel of re-litigating matters decided by the state court

9  while arguing out of the other side that he should be able to do just that." Plaintiff refers the Court

10  to the answer previously given to this wholly specious argument at Opposition to Defendants'

11  Objections, Doc. 22, page 8:

> Defendants contend that Plaintiff unfairly criticizes them for seeking reversal of the Superior Court's rulings against them while requesting reversal of the Superior Court's rulings against him.  Defendants miss the point entirely.  As discussed above, Defendants would have been within their rights if they had requested that this Court reverse the rulings of the Superior Court, as Plaintiff has done.  But, this is not what Defendants did.  Rather, they evaded their statutory duty to provide this Court with the Orders of the Superior Court, submitted their Memorandum in support of their Motion to Dismiss and Motion to Strike without mentioning the disposition of their arguments in the Superior Court or the Orders that currently govern this case, and repeated verbatim the arguments that were rejected by the Superior Court without acknowledging that they were asking this Court to overturn the Orders Defendants had neglected to disclose.

19  Defendants' unclean hands argument is a further waste of Plaintiff's and the Court's time.

20  **E. Defendants Have Distorted Plaintiff's Request For Award of Attorney's Fees and Costs and His Supporting Arguments.**

22        Plaintiff recognizes that a request of this type is a sensitive matter and that a defensive and

23  somewhat hyperbolic response is to be expected.  However, throughout the briefing and oral

24  argument on these issues, Plaintiff's counsel took great care to avoid speculation regarding

25  defense counsel's intentions.  Thus, contrary to defense counsel's repeated complaints, Plaintiff

26  has not "accused" her of anything.  Plaintiff has set forth accurate factual statements regarding the

27  sequence of events in this Court, has made observations regarding those facts, and has requested

28  reimbursement for attorney's fees and costs incurred in opposing frivolous and unreasonable

filings and arguments.

Plaintiff's counsel neither harbors nor intends to convey with his papers any disrespect toward defense counsel, whom he considers a capable and respected colleague. Rather, counsel for Plaintiff is concerned with the defense's *conduct* in this Court, which he believes is unreasonable and improper, and Plaintiff wishes to be compensated for fees and costs to the extent that Defendants' conduct was wasteful and frivolous. Plaintiff also submits that the Court's resources have been wasted and that the Court may wish to take action in that regard.

**F. Defendants' Third Objection Memorandum Is Untimely and Improper.**

As Plaintiff's counsel went online to e-file his Reply to Defendants' objections to his request for attorney's fees and costs, he discovered that defense counsel had filed a third set of objections the day before the Reply was due, necessitating further revision of this Reply on the day it is due for filing. It is fortunate that Plaintiff did not file his Reply a day earlier, that his counsel checked email prior to filing the Reply, and that he could make time to revise the Reply in light of the late-filed document, or Defendants' action would have deprived Plaintiff of the opportunity to respond. Defendants' action is plainly unreasonable and vexatious.

It is well settled that where fees are sought against an attorney under 28 U.S.C. § 1927, "the opportunity to brief the issue fully satisfies due process requirements." *Pacific Harbor, supra*, 210 F.3d at 1118; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1112 (9th Cir. 2004), *cert. denied*, *Sutter v. Lasar*, 546 U.S. 873 (2005). It is also clear that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue." *Pacific Harbor*, *supra*, 210 F.3d at 1118. All that is required is that counsel "have 'sufficient opportunity to demonstrate that their conduct was not undertaken recklessly or willfully.'" *Ibid*., citations omitted.

Counsel for Defendants had a full three weeks notice of Plaintiff's request for an award of costs and fees prior to the hearing before this Court on March 24, 2008. More than two weeks later, Defendants filed a brief in opposition to that request. At oral argument on March 24, 2008, defense counsel was afforded an oral hearing on the sanctions issue, which was more than she was entitled to under the above-cited authorities. In honor of her request, she also was given a

- 8 -

*second* opportunity to submit a brief subsequent to the oral argument. By order of the Court at the oral argument and by Minute Order of the same date, this Court clearly set the deadline for Defendants' second brief on the issue of attorney's fees and costs as April 2, 2008. Defense counsel submitted her second, full brief, on April 2, 2008. Defendants' "supplemental objection", their third brief on the subject, filed April 8, 2008, is untimely, reflects a reckless disregard of this Court's Order, and should not be considered.

Moreover, the objection is immaterial. This Court possesses authority to modify the rule defense counsel cites, as she admits. This Court issued clear notice and set out a clear briefing schedule, after asking defense counsel herself in open court, on the record, what would satisfy her right to notice and opportunity to be heard. Defense counsel has been generously accommodated and no more notice or opportunity for briefing or hearing on this issue is due under Constitution, statute, local rule, or principle of fairness.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully requested that, pursuant to 28 U.S.C. § 1927 and/or the Court's inherent authority to manage the proceedings, that this Court order counsel for Defendants to reimburse Plaintiff for the excess costs, expenses and attorney's fees reasonably incurred in compensating for her failure to satisfy her filing duty under 28 U.S.C. § 1446(a) and in opposing her frivolous filings and arguments in this Court which have unreasonably and vexatiously multiplied the proceedings herein.

Dated this 9th day of April, 2008

By:   /s/ ERIC BORGERSON
Eric Borgerson, SBN 177943
Law Office Of Eric Borgerson
2625 School Street
Oakland, CA 94602

- 9 -

REPLY TO OBJECTIONS REGARDING REQUEST FOR ATTORNEY'S FEES AND COSTS
CASE NO. CV 08-00060 TEH