ERIC BORGERSON (SBN 177943)
LAW OFFICE OF ERIC BORGERSON
2625 School Street
Oakland, CA 94602
Telephone: (510) 866-3738
Facsimile: (510) 535-9898

Attorney for Plaintiff GENE FAURIE, JR.

KELLIE M. MURPHY (SBN 189500)
JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation
California Plaza
2180 Harvard Street, Suite 560
Sacramento, CA 95815
Telephone: (916) 921-5800
Facsimile: (916) 921-0247

Attorneys for Defendants
BERKELEY UNIFIED SCHOOL DISTRICT,
MICHELE LAWRENCE, LISA UDELL,
CRISTINA OBIETA, RICHARD DODSON,
and TINA BRIER

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (San Francisco Division)

| | |
|---|---|
| GENE FAURIE, JR., | Case No.  C 08-00060 TEH |
| Plaintiff | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| The BERKELEY UNIFIED SCHOOL DISTRICT; MICHELLE LAWRENCE, individually and in her official capacity as BUSD Superintendent; LISA UDELL, individually and in her official capacity as BUSD Assistant Superintendent, Human Resources; CRISTINA OBIETA, individually and in her official capacity as BUSD Director, Classified Personnel; RICHARD DODSON, in his official capacity as BUSD Director, Labor Relations; TINA BRIER, individually and in her official capacity as BUSD Director, Classified Personnel, | **Judge:**    **The Honorable Thelton E. Henderson** |
| | **Date:** April 21, 2008 |
| | **Time:** 1:30 p.m. |
| | **Ctrm:** 12 |
| Defendants. | |

---

**JOINT CASE MANAGEMENT STATEMENT**

1    Plaintiff GENE FAURIE, JR. and Defendants BERKELEY UNIFIED SCHOOL

2   DISTRICT, MICHELE LAWRENCE, LISA UDELL, CRISTINA OBIETA, RICHARD

3   DODSON, and TINA BRIER submit the following Joint Case Management Statement:

4   **1.    Jurisdiction and Service**

5    Jurisdiction in this action is proper under 28 U.S.C. §§1331 and 1367.  Venue is proper

6   as the claims arose within this judicial district.

7    There are no issues regarding personal jurisdiction.

8    All parties have been served.  The joinder of additional parties is not contemplated at this

9   time.

10  **2.    Facts**

11   Plaintiff was employed as an Administrative Coordinator – Confidential at the Berkeley

12  Unified School District ("BUSD") until his employment ended on July 17, 2006.  The individual

13  defendants held the following positions at various times during Plaintiff's employment: Michele

14  Lawrence – Superintendent; Lisa Udell – Assistant Superintendent of Human Resources;

15  Cristina Obieta – Director of Classified Personnel; Richard Dodson – Director of Labor

16  Relations; and Tina Brier – Director of Classified Personnel.

17   Plaintiff alleges that he was constructively discharged from employment.  Plaintiff

18  alleges that he was required during his employment to perform duties outside of his classification

19  and without differential compensation to which he believes he was entitled.  Plaintiff further

20  alleges that Defendants engaged in a pattern and practice of discrimination within the H.R.

21  Department on the basis of sex by applying different standards to women than to men, including

22  Plaintiff, with regard to working out of classification, granting of differential pay, responses to

23  filing of workers' compensation claims, granting of requests for vacation leave, and quantity of

24  work assigned.  Plaintiff further alleges that he was subjected to a hostile working environment

25  because of his sex, on a continuing basis through July 17, 2006, and to retaliation for his

26  identification of unlawful discrimination based on sex in the H.R. Department.  Plaintiff alleges

27  that each and every of four males hired during his tenure (including himself) were constructively

28  discharged from employment with the District due to a hostile work environment based on sex.

---

**JOINT CASE MANAGEMENT STATEMENT**

1   Plaintiff alleges that he complained to Defendants and outside agencies during his employment
2   about alleged improper policies, directives, and/or activities of Defendants that he believed
3   violated the law.  Plaintiff further alleges that he was subjected to retaliation up to and including
4   constructive discharge due to his reporting of and resistance to such unlawful activity.  Plaintiff
5   also alleges that Defendants treated him improperly with respect and in response to a worker's
6   compensation injury and claim, including ignoring restrictions from his physician.  Plaintiff
7   alleges that he was directed to ignore unlawful activity during a staff meeting on July 11, 2006
8   and that he was subjected to an intolerable, hostile, retaliatory environment when he stated that
9   the conduct was unlawful.

10          Defendants deny that the alleged events took place and/or took place as described.
11  Defendants deny that Plaintiff was constructively discharged and contend that Plaintiff's
12  resignation from employment with BUSD was voluntary.  Defendants deny that Plaintiff was
13  required to perform duties outside of his classification and further deny that differential
14  compensation was required.  Defendants deny that Plaintiff was treated differently in any respect
15  because of his gender (or on any other basis), and deny that Plaintiff was subjected to a hostile
16  work environment or retaliated against. Defendants further deny that Plaintiff engaged in any
17  protected activity.  Defendants deny that other males in the department (or any other employees)
18  were subject to discrimination, harassment, or retaliation, and deny that the other resignations
19  referenced in the pleadings have any relevance to or bearing on this action.  Defendants further
20  deny that they engaged in a pattern or practice of discrimination on the basis of sex (or on any
21  other basis).  Defendants deny that they engaged in any illegal activities and deny that Plaintiff
22  engaged in any protected activity with respect to such alleged activities.  Defendants deny that
23  Plaintiff was treated improperly with respect to his worker's compensation claim or with respect
24  to any restrictions imposed by his physician (or in any other respect).  Defendants deny that
25  Plaintiff was directed to ignore unlawful activity during a staff meeting on July 11, 2006 (or at
26  any other time), and dispute the factual allegations regarding that meeting.
27  / / /
28  / / /

---

**JOINT CASE MANAGEMENT STATEMENT**

3.    **Legal Issues**

Plaintiff alleges that he was retaliated against for whistleblowing and refusing to comply with unlawful directives [California Labor Code §1102.5], that he was denied equal protection of the laws (i.e., that the individual defendants treated him unequally based on sex) [42 U.S.C. §1983; U.S. Constitution Amendments V and XIV]; that he was deprived of benefits and privileges of public employment and terminated without due process [42 U.S.C. §1983; U.S. Constitution Amendments V and XIV];[1] that he was subjected to gender discrimination, harassment, and retaliation [California Government Code §12900, *et seq.*]; and that he was subjected to intentional infliction of emotional distress.

Defendants deny all of the above allegations and those set forth in Plaintiff's pleadings. Defendants specifically deny that Plaintiff was subjected to retaliation, discrimination, harassment, or unequal treatment on any basis.  Defendants deny that Plaintiff was denied equal protection and deny that Plaintiff was deprived of benefits and privileges of public employment or terminated without due process.  Defendants further deny that Plaintiff was subjected to intentional infliction of emotional distress.  Defendants assert all available affirmative defenses, including but not limited to immunity.

4.    **Motions**

Defendants filed a motion to dismiss and motion to strike, which was heard on March 24, 2008.  The Court issued its Order Granting In Part and Denying In Part Defendants' Motion to Dismiss on March 26, 2008.  With respect to his third cause of action for denial of due process, Plaintiff was granted leave to amend to assert specific laws, rules or agreements that give him a property right to his employment.  Plaintiff anticipates filing an amended complaint with respect to that cause of action.  Depending on the facts and allegations pled in connection therewith, Defendants may file a motion to dismiss addressing that claim.

[1] Plaintiff anticipates filing an amended complaint following the Court's recent Order granting (with leave to amend) Defendants' motion to dismiss this claim.

1    Defendants anticipate filing a motion for summary judgment (or for partial summary

2    judgment) in this action.  Plaintiff may also file such motion.  Other motions may be appropriate

3    as discovery develops.

4    **5.    <u>Amendment of Pleadings</u>**

5    Plaintiff anticipates filing an amended pleading, in accordance with the Court's Order on

6    Defendants' motion to dismiss and motion to strike, addressing his third cause of action for

7    denial of due process.  Further amendment may be necessary if a further motion to dismiss is

8    filed.

9    The parties do not otherwise anticipate any amendment of the pleadings at this time.

10   **6.    <u>Evidence Preservation</u>**

11   The parties represent that they have taken all reasonable steps to preserve existing

12   evidence relevant to the issues reasonably evident in this action, including suspending all

13   document-destruction programs with respect to such evidence and preserving all existing e-

14   mails, voicemails, and other electronically-recorded material.

15   **7.    <u>Disclosures</u>**

16   The parties have agreed to waive Initial Disclosures and proceed with discovery as set

17   forth below.

18   **8.    <u>Discovery</u>**

19   No discovery has been conducted to date.  The parties intend to conduct discovery on the

20   subjects of liability and damages.

21   Plaintiff wishes to ensure efficient and expeditious completion of discovery in this

22   matter.  The case having been removed to this Court, Plaintiff believes the rules governing

23   discovery in this Court as set forth in Rule 26(a) should govern and would promote expeditious

24   adjudication of this case.  Plaintiff wishes to avoid delay in the proceedings and is concerned

25   about potential harassment through unreasonably lengthy depositions.  Plaintiff is open to a

26   reasonable accommodation of Defendants' concerns regarding the discovery limitations, but

27   believes the Court should be involved in defining the discovery rules.

28

1   Defendants anticipate the need to modify the limitations on discovery under Rule 26(a),

2   including the limitations on the number and length of depositions and the number of

3   interrogatories.  The Second Amended Complaint ("SAC") filed in this action asserts seven

4   causes of action against six separate defendants, including the Berkeley Unified School District

5   and five current and former District employees.  The SAC contains numerous factual allegations

6   set forth in 150 paragraphs.  Given the nature, complexity, and amount of issues involved in this

7   litigation, Defendants anticipate that the deposition of Plaintiff will most likely take significantly

8   longer than the time limits provided in Rule 26(a).  Defendants also anticipate the need to serve

9   more than 25 interrogatories in this action, and propose that doing so will help to limit, to the

10  extent possible, the time required for the deposition of Plaintiff.  Defendants also anticipate

11  serving production requests and subpoenaing employment and other records, and reserve the

12  right to seek other discovery as appropriate as the litigation progresses.  Defendants also

13  anticipate the need to take depositions of numerous witnesses, which may exceed the limit of 10

14  depositions per party.

15  Defendants propose that the limitations discussed above be waived, with an agreement

16  between the parties to meet and confer regarding any resulting issues and subject to the right of

17  either party to seek a protective order should there be any concerns about the length or

18  appropriateness of discovery.

19  **9.    Class Actions**

20  Not applicable.

21  **10.    Related Cases**

22  The parties are not aware of any related cases.

23  **11.    Relief**

24  Plaintiff respectfully submits the following **estimates** of the damages he claims and expects the

25  evidence to show.  These are estimates only and the following figures are subject to modification

26  as discovery progresses.

27  / / /

28  / / /

---

**JOINT CASE MANAGEMENT STATEMENT**

Against all Defendants:

- Appropriate differential pay from April 2003 through July 17, 2006: approximately $4,300;

- Proper job classification (Senior Personnel Analyst or Assistant Director, Classified Personnel) and associated salary from April 2003 through July 16, 2006: Approximately $120,000.00;

- Proper job classification (Senior Personnel Analyst or Assistant Director, Classified Personnel) and associated salary from July 17, 2006, to January 1, 2007: approximately $40,000 (- $9,000.00 EDD compensation) = approximately $31,000.00;

- Liquidated value of Plaintiff's health benefits from July 17, 2006 to January 1, 2007: approximately $2,800.00;

- Liquidated value of 13.5 days vacation Plaintiff would have accrued from July 17, 2006 to January 1, 2007: approximately $4,400.00;

- CalPERS contributions for the period from July 17, 2006 to January 1, 2007: approximately $4,000.00, plus income on contributions;

- Liquidated value of CalPERS service credit during period between July 17, 2006 to January 1, 2007, according to proof;

- Job search expenses: approximately $1,000.00;

- Front pay constituting the difference between the rate of pay Plaintiff has received since obtaining employment in January 1, 2007 and the pay he would receive as a Senior Personnel Analyst or Assistant Director, Classified Personnel had he been properly classified by BUSD and had not been constructively discharged:  $30,625;

- General damages for physical injuries including gastrointestinal disturbances, headaches, vomiting, and exhaustion in an amount in excess of $150,000.00, the precise amount of which is subject to proof. Such damages are ongoing and subject to increase;

- Special damages for treatment for physical injuries including copayments and medicines, in excess of $250.00, the precise amount of which is subject to proof. Such damages are ongoing and subject to increase;

1    •    General damages for severe mental and emotional distress, including panic attacks, sleep

2          disturbances, anxiety attacks, persistent anxiety, humiliation, fear, embarrassment,

3          depression and discomfort all to his damage in an amount in excess of $500,000.00, the

4          precise amount of which is subject to proof. Such damages are ongoing and subject to

5          increase;

6    •    Special damages for treatment for emotional distress, including treatment providers'

7          copayments and medicines, in excess of $1,400, the precise amount of which is subject to

8          proof. Such damages are ongoing and subject to increase;

9    •    Prejudgment interest on all amounts claimed;

10   •    Attorney's fees and costs of suit;

11        <u>Against the individual Defendants</u>:

12   •    Punitive damages according to proof.

13

14        Defendants deny that Plaintiff is entitled to any damages or any other relief in this action.

15  In the event liability is established, Defendants contend that they are entitled to a set-off pursuant

16  to California Government Code §985. Defendants further contend that damages must be reduced

17  based on the principles of comparative fault (including but not limited to comparative fault as a

18  result of Plaintiff's resignation from employment). Defendants also contend that any damages

19  must be reduced as a result of Plaintiff's failure to mitigate his damages. Defendants reserve the

20  right to have independent medical examinations conducted with respect to the physical and

21  mental injuries claimed by Plaintiff and contend that any such damages must be calculated based

22  on the results of such examinations, including any identified preexisting conditions. Defendants

23  contend that Plaintiff was not entitled to differential pay and is not entitled to any damages

24  associated with either differential pay or the alleged failure to properly classify his position.

25  Defendants deny that Plaintiff is entitled to punitive damages based on immunity grounds

26  (California Government Code §818) and on the ground that no individual defendants acted with

27  oppression, fraud, malice, or any other basis justifying an award of punitive damages.

28

1  Defendants assert all available defenses with respect to Plaintiff's claim of attorney fees, and

2  also claim that they are entitled to attorney fees and costs in connection with this action.

3  **12.    Settlement and ADR**

4       Though it is premature at this time to assess settlement prospects, the parties agree to

5  evaluate the propriety of ADR and the potential for settlement as the litigation progresses.

6  **13.    Consent to Magistrate Judge For All Purposes**

7       The parties do not consent at this time to have a magistrate conduct all further

8  proceedings.

9  **14.    Other References**

10       The case is not suitable for other references.

11  **15.    Narrowing of Issues**

12       At this point, the parties are unable to identify issues that can be narrowed by agreement

13  or by motion, but agree to meet and confer regarding that potential throughout the litigation.

14       The parties agree to consider the use of summaries and stipulated facts at trial as

15  appropriate and to confer regarding such issues.

16       There are no requests to bifurcate issues, claims, or defenses at this time.

17  **16.    Expedited Schedule**

18       This case is not of a type that can be handled on an expedited basis with streamlined

19  procedures.

20  **17.    Scheduling**

21  Plaintiff proposes the following dates:

22       Discovery Cut-Off:              October 31, 2008

23       Expert Witness Disclosure:     November 2008

24       Expert Witness Discovery:     December 2008

25       Dispositive Motion Hearing Cut-Off:  January 30, 2009

26       PreTrial Conference:         March 2009

27       Trial:                    April 2009

28  / / /

1    Defendants propose the following dates:

2          Discovery Cut-Off:                March 2009

3          Expert Witness Disclosure:       April 2009

4          Expert Witness Discovery:       May 2009

5          Dispositive Motion Hearing Cut-Off:   June 2009

6          PreTrial Conference:           July 2009

7          Trial:                    September 2009

8

9    **18.**    **Trial**

10         Defendants have filed a demand for jury trial.  Plaintiff also requests a jury trial.  The

11   parties estimate that the trial will take 16-18 days.

12   **19.**    **Disclosure of Non-Party Interested Entities or Persons**

13         Plaintiff is not presently aware of any persons, firms, partnerships, corporations

14   (including parent corporations) or other entities that have either a financial interest in the subject

15   matter in controversy or in a party to the proceeding or any other kind of interest that could be

16   substantially affected by the outcome of the proceeding.

17         Defendant Berkeley Unified School District is exempt from the filing requirement

18   pursuant to Local Rule 3-16(a).  The remaining defendants are not presently aware of any

19   persons, firms, partnerships, corporations (including parent corporations) or other entities that

20   have either a financial interest in the subject matter in controversy or in a party to the proceeding

21   or any other kind of interest that could be substantially affected by the outcome of the

22   proceeding.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    **20.    <u>Other Matters</u>**

2          None.

3

4    Date:   April 14, 2008                    LAW OFFICE OF ERIC BORGERSON

5
                                               _____/S/_____
6                                              ERIC BORGERSON
                                               Attorney for Plaintiff GENE FAURIE, JR.
7

8    Date:   April 14, 2008                    JOHNSON SCHACHTER & LEWIS
                                               A Professional Law Corporation
9

10                                             _____/S/_____
                                               KELLIE M. MURPHY
11                                             Attorneys for Defendants BERKELEY UNIFIED
                                               SCHOOL DISTRICT, MICHELE LAWRENCE,
12                                             LISA UDELL, CRISTINA OBIETA, RICHARD
                                               DODSON, and TINA BRIER
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28