IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE FAURIE, JR.,<br><br>           Plaintiff,<br><br>   v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>           Defendants. | NO. C 08-0060 TEH<br><br>ORDER AWARDING SANCTIONS |

     Plaintiff Gene Faurie brings this action against his former employer, the Berkeley Unified School District, and several of its managerial employees, alleging they violated state and federal law by discriminating against him on the basis of gender, harassed him, retaliated against him for his whistleblowing activity, and intentionally inflicted emotional distress. Defendants removed the suit from state court and then moved to dismiss. Plaintiff sought sanctions after Defendants objected to Plaintiff's submission of superior court documents that Defendants themselves were required to file, and then failed to inform the Court of the superior court's earlier rulings.

     After considering the parties multiple briefs concerning the request for sanctions, hearing oral argument on March 24, 2008, and again giving counsel for Defendants an opportunity to respond at the Case Management Conference held on April 21, 2008, the Court hereby GRANTS the request and awards sanctions under both 28 U.S.C. § 1927 and the Court's inherent power. Sanctions of $9,746.28 are awarded against Defendant's

1  counsel. This represents the amount Plaintiff's attorney's fees and costs directly attributable
2  to Defendant's counsel sanctionable conduct.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed a Complaint in Alameda County Superior Court on July 9, 2006, alleging causes of action for tortious discharge in violation of public policy, gender-based discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 *et seq.*, breach of contract and the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress ("IIED"). Defendants filed demurrers on August 27, 2007. On November 16, 2007, the Superior Court sustained the demurrers as to some claims, but overruled them as to others.[1]

Plaintiff filed his First Amended Complaint ("FAC") in the Superior Court on December 12, 2007. The FAC added causes of action under 42 U.S.C. § 1983. Defendants filed a Notice of Removal to this Court on January 4, 2008. With their Notice of Removal, Defendants filed only the Complaint and First Amended Complaint filed in the Superior Court. The day after Defendants filed the Notice, Plaintiff's counsel Eric Borgerson contacted counsel for the Defendants Kellie Murphy, to advise her that 28 U.S.C. § 1446(a)[2] requires Defendants to file, along with the Notice of Removal, all documents that were served on the Defendants in the state court proceeding. Declaration of Eric Borgerson In Opposition to Motion to Dismiss, filed February 18, 2008 ("Borgerson Decl.") ¶ 3. Mr.

---

[1] Specifically, the Superior Court sustained the demurrers as to Plaintiff's claims for breach of contract and implied covenant and for wrongful discharge in violation of public policy. It overruled the demurrers with respect to Plaintiff's sex discrimination claim against BUSD, but found that the individual defendants could not be liable under FEHA for disparate treatment, and so dismissed those claims with leave to amend to allege other conduct actionable under FEHA (such as harassment). It sustained the demurrers to the IIED claims against individual defendants because it had rejected the other claims on which they were predicated, but gave Plaintiff leave to amend to allege another predicate for IIED. Because all the claims against individual defendants had been dismissed, the superior court struck the punitive damages award, with leave to amend.

[2] The statute provides that any defendant desiring to remove a case must file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the State court action. 28 U.S.C. § 1446(a).

2

Borgerson indicated he would prefer not to have to file a Motion to Remand for a procedural defect that Defendants could easily cure. *Id.* Ms. Murphy stated she would cure the defect by filing an amended Notice of Removal. *Id.* On January 23, 2008, Plaintiff's counsel again telephoned counsel for Defendants, and she again assured him that they would be filed. *Id.* ¶ 4. In reliance on those statements, Plaintiff's counsel allowed the deadline for filing a Motion to Remand to pass. *Id.*

Defendants did not file an Amended Notice of Removal attaching the documents required by § 1446(a). Plaintiff's counsel therefore submitted, along with his opposition to Defendants' Motion to Dismiss, many of the documents that Defendants should have filed with the Notice of Removal (specifically, Borgerson Decl. Exhs. A, D, E, H-M, P, R, and S-W).

In response, Defendants *objected* to submission of those documents. As this Court noted in its Order on the Motion to Dismiss, the objections were specious. Order Granting in Part and Denying In Part Defendants' Motion to Dismiss, filed March 25, 2008 at 4 n.3. The Court can consider matters properly subject to judicial notice on a motion to dismiss, which would include court filings in the superior court. In any case, the documents at issue are properly considered part of this Court's record. *See discussion id.*

In addition to raising improper objections, Defense counsel failed to acknowledge the superior court's rulings in her briefing. Counsel asserted numerous theories already raised in the Superior Court – sometimes verbatim – without noting that the Superior Court had ruled on virtually identical arguments.[3] As discussed more fully below, this failure was improper under 28 U.S.C. § 1450.

Plaintiff responded to the objections and requested an award of attorney's fees and costs March 3, 2008. Plaintiff sought these sanctions under either the Court's inherent

---

[3] Plaintiff, in contrast, asked that the Court revisit one of the Superior Court's rulings – but only after describing the ruling and explicitly asking that this Court come to a different conclusion, Plaintiff's Opposition to Motion to Dismiss, filed February 18, 2008, at 20 and n.10, and explicitly explained why he believed another of the Superior Court's rulings did not preclude one of the claims he added with the First Amended Complaint. *Id.* at 14-15.

3

1 power, or pursuant to 28 U.S.C. § 1927, which allows the Court to require an attorney who
2 "unreasonably and vexatiously" "multiplies the proceedings" to pay the excess costs,
3 expenses and attorney's fees incurred because of the conduct.

4 Two weeks later, on March 18, 2008, Defense counsel filed a response to the request
5 for sanctions. That response contained barely one page of substantive argument, and
6 concluded, "if the Court consider's [sic] Plaintiff's 'request,' an opportunity to fully brief the
7 issue is required and is hereby requested." Plaintiff filed a reply the next day, arguing that in
8 the intervening weeks, Defendants' brief, and the hearing on the motion provided both notice
9 and an opportunity to be heard.

10 The Court heard argument on the request for sanctions on March 24, 2008 (together
11 with the hearing on the Motion to Dismiss). The Court instructed the Plaintiff to submit a
12 breakdown of attorney's fees and costs incurred in responding both to Defendants'
13 Objections and the Motion to Dismiss. At the Court's instruction, the parties met and
14 conferred about Plaintiff's counsel's hourly rate, and Defendants do not object to Plaintiff's
15 requested hourly billing rate of $250.00 per hour. Plaintiff timely submitted his billing
16 statement (and a supplemental letter in reply) which showed that in total, Plaintiff's counsel
17 spent approximately 40 hours in negotiation, research, writing, and preparation relating to the
18 Notice of Removal and its defects, Plaintiff's Declaration supplying the superior court
19 documents, Plaintiff's response to Defendants' objections to the superior court documents,
20 Plaintiff's request for an award of attorney's fees, and related pleadings. March 26, 2008
21 Borgerson Letter Brief re: Fees ("Borgerson Fee Letter"); April 9, 2008 Borgerson Letter
22 Brief re: Fees ("Borgerson Reply Fee Letter"). Plaintiff's counsel spent approximately 60
23 hours on the merits of the motion to dismiss. *Id.*

24 Defendants timely filed Objections to the request for an award on April 2, 2008.
25 ("Def. April 2, 2008 Brief"). Defendants then filed a "Supplemental Objection" (asserting a
26 new argument) almost a week later. ("Def. April 8, 2008 Brief"). Plaintiff filed a reply.
27 Two days later, Defendants filed a "Request to File Amended Notice of Removal If the Court
28 Deems Necessary."

4

**LEGAL STANDARD**

Title 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Court cannot award sanctions under § 1927 for mere negligence or recklessness; sanctions must be supported by finding of subjective bad faith. *B.K.B. v. Maui Police Dept.,* 276 F.3d 1091, 1106 (9th Cir. 2002); *Ingle v. Circuit City,* 408 F.3d 592, 596 (9th Cir. 2005). The Court will find subjective bad faith where there is recklessness plus "something more" – an additional factor such as frivolousness, harassment, or an improper purpose, such that the conduct is "tantamount to bad faith." *Fink v. Gomez,* 239 F.3d 989, 993-94 (9th Cir. 2001), *citing Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir.1997) and *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996); *New Alaska Development Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir. 1989), *quoting Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986)("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.")

Under this standard, recklessness plus demonstrated knowledge of the applicable rules and law is "sufficient to justify the imposition of § 1927 sanctions." *B.K.B.,* 276 F.3d at 1106-07; see also *City of Santa Rosa v. Patel,* 2007 WL 2790687, 3 (N.D.Cal. September 25, 2007)(counsel acted in subjective bad faith by acting with "knowledge of, and in disregard of ... unambiguous and binding authority.")

The Court can also impose a wide range of sanctions (including attorney's fees) against attorneys or parties under its inherent power. Such sanctions are appropriate for "willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons...." *Roadway Express, Inc. v. Piper*, 447

5

1 U.S. 752, 766 (1980). To impose sanctions under its inherent power, the court must make a
2 finding of bad faith. *Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir. 2001).

**DISCUSSION**

**I.   Notice and an Opportunity To Be Heard**

Defense counsel has had abundant notice of Plaintiff's request for sanctions and multiple opportunities to be heard that amply meet due process requirements. *See Pacific Capital Harbor, Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)(for sanctions under § 1927, "the opportunity to brief the issue fully satisfies due process requirements," and an oral or evidentiary hearing is not required). Plaintiff requested an award of fees on March 3, 2008, three weeks before the hearing on Defendants' Motion to Dismiss. Since that time, Defendants' counsel has been heard at two hearings and has filed *four* responsive pleadings (on March 18, 2008, April 2, 2008, April 8, 2008, and April 10, 2008).

In her "Supplemental Objection" to the request for sanctions, filed six days after their objections were due (and the afternoon before Plaintiff's reply was due), Defense counsel argues that Plaintiff's request for an award of fees and costs did not comply with Local Rule 7-8, which requires motions for sanctions to be filed in conformity with Local Rule 7-2. Local Rule 7-2(a), in turn, specifies that motions must be noticed 35 days in advance - "[e]xcept as otherwise ordered or permitted by the assigned Judge." Here, the Court set a briefing schedule on Plaintiff's request for sanctions in open court; thus, the schedule set out in the Local Rules does not apply.

**II.   Defense Counsel Unreasonably Multiplied The Proceedings in Bad Faith**

Sanctions under both 28 U.S.C. § 1927 and the Court's inherent power are clearly warranted here.

Defense counsel improperly failed to file the superior court pleadings required by 28 U.S.C. § 1446(a) with the Notice of Removal. As a result, Plaintiff incurred significant fees

6

1  and costs[4] informing Defendants' counsel of the requirements of § 1446(a) and preparing his
2  submission of the documents to the Court. Borgerson Fee Letter at 1, 2, 5. Defense counsel
3  declares that her failure to file the right documents was an oversight; she was preparing for
4  and in trial and forgot to file the Amended Notice. Declaration of Kellie M. Murphy in
5  Support of Opposition to Plaintiff's Request for Sanctions. While Plaintiff clearly incurred
6  costs because of Defendants' continuing failure to file an appropriate Notice of Removal,
7  there has been no showing that this failure was anything other than inadvertent or negligent.
8  Accordingly, the Court will not impose sanctions for counsel's mere failure to file the
9  documents.

10  But Defense counsel's *objection* to Plaintiff's submission of those documents -- and
11  subsequent wrong-headed defense of those objections – are another story. After Plaintiff
12  filed and referred to the Superior Court pleadings and orders, Defense counsel argued:

> **Plaintiff has not requested that the Court take judicial notice of any of the documents attached to Mr. Borgerson's declaration , and such documents therefore cannot be considered in connection with this motion.**

15  Objections To Plaintiff's Evidence Submitted in Opposition to Defendants' Motion to
16  Dismiss Plaintiff's First Amended Complaint ("Objections to Evidence"), filed February 25,
17  2008 at 2. (emphasis in original). Defense counsel went on to argue that "[e]ven if Plaintiff
18  had requested that the Court take judicial notice of the documents attached to his declaration,
19  judicial notice is not proper. Although a court may take judicial notice of the *existence* and
20  content of filed [sic] in another court, it cannot take judicial notice of findings made by that
21  court." *Id.*

22  As set out above, these objections were utterly without merit. They plainly multiplied
23  the proceedings: Plaintiff was forced to respond to the objections, and to (very reasonably)
24  seek an award of fees to compensate time spent responding to the objections.

25  They were also unreasonable, vexatious, made recklessly, and unrelated to her other
26  trial and pre-trial obligations. Plaintiff had already informed Defense counsel that the bulk of

---

[4] Specifically, Plaintiff incurred fees at the rate of $250.00 per hour for the following: 1.25 hours on January 7, 2008; .25 hours on January 23, 2008; 8 hours on February 16, 2008; and 2 hours for revising his declaration on February 17, 2008.

7

the documents should have been filed with the Court pursuant to 28 U.S.C. § 1446(a). As set out in this Court's Order on the Motion to Dismiss, at 4 n.3, the objections were patently frivolous: they flew in the face of 28 U.S.C. § 1447(b) and 1450. Accordingly, because Defense counsel recklessly presented frivolous objections, with knowledge that they were improper, her conduct was tantamount to bad faith and sanctions under § 1927 are appropriate. *B.K.B.,* 276 F.3d at 1106-07.[5]

Defense counsel also unreasonably multiplied the litigation by rearguing theories presented to the superior court without informing the Court that the Superior Court had already rejected those theories. There is simply no question that state court orders in an action issued "prior to its removal ... *remain in full force and effect until dissolved or modified by the district court.*" 28 U.S.C. § 1450 (emphasis added); *see also* Wright, Miller, & Cooper, 14C *Federal Practice and Procedure, Jurisdiction 3d* § 3738 p. 405 (well-settled that state court orders remain binding on the parties); *In re Diet Drugs,* 282 F.3d 220, 231-232 (3rd Cir. 2002)("After removal, interlocutory orders of the state court are transformed into orders of the court to which the case is removed"). Although this Court is not conclusively bound by the Superior Court's law and motion rulings, and can revisit them if appropriate, *Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 79 (9th Cir. 1979), Defense counsel was *not* free to make arguments to this Court as if the Superior Court's rulings did not exist.

//

//

---

[5] Defense counsel has vexatiously multiplied the litigation by arguing various additional frivolous theories throughout the merits and sanctions briefing, such as the arguments that harassment claims are barred by the exclusive remedy provisions of the workers' compensation law; that Cal. Gov. Code § 815 provides immunity in this case; that Defense counsel did not have notice and an opportunity to respond; and that Plaintiff's request for sanctions did not comply with Local Rule 7-8 (an argument that was both patently frivolous and filed, in a "Supplemental Objection," in violation of the briefing schedule set by the Court). In addition, the argument that the court should dismiss the Labor Code and state law discrimination claims against individual defendants sued "in their official capacities," while not technically frivolous, was a waste of litigant and judicial resources, as the claims against the individuals in their official capacities were identical to the claims against the BUSD, and dismissing the former made no difference in the litigation whatsoever.

8

Yet she did so. Specifically, Defense counsel failed to disclose

1) that the Superior Court already rejected Defendants' argument that Plaintiff had not alleged an "adverse employment action;"[6]

2) that the Superior Court already rejected Defendants' argument that plaintiff had not alleged facts showing intentional discrimination;[7]

3) that the Superior Court agreed with Plaintiff that Cal. Gov. Code § 820(a) provided a statutory basis for tort claims against public entity employees;[8]

4) that the Superior Court rejected Defendants' claims that they were immune from liability under Cal. Gov. Code § 820.2;[9] and

5) that the Superior Court rejected Defendants' argument that punitive damages are not recoverable as a matter of law against an individual public employee and that Plaintiff failed to plead facts supporting punitive damages.[10]

---

[6] Compare Memorandum of Points and Authorities In Support of Defendant Berkeley Unified School District's Demurrer, filed August 27, 2007, Alameda Superior Court Case No. RG 07334590 ("BUSD Demurrer"), Borgerson Decl. Exh. C at 7-8 (arguing Plaintiff has not alleged facts showing adverse action), and the Alameda Superior Court's Order on that motion, dated November 16, 2007 ("BUSD Demurrer Order"), Borgerson Exh. H ("Plaintiff has adequately alleged adverse employment action, including constructive termination,") with Defendants Memorandum of Points and Authorities in Support of Motion to Dismiss, filed January 18, 2008 ("Dismiss MPA") at 8, 11-14 (arguing "Plaintiff has not suffered an adverse employment action," without mention of the Superior Court's ruling.

[7] Compare BUSD Demurrer, Borgerson Decl. Exh. C at 8-9 (arguing Plaintiff has not alleged facts that show intentional discrimination) and BUSD Demurrer Order, Borgerson Decl. Exh. H (overruling demurrer to discrimination cause of action and finding "Plaintiff alleges that the conduct directed at him was based on his male gender"), with Dismiss MPA at 14-15 (arguing Plaintiff has not alleged any facts that show intentional discrimination, without reference to Superior Court's ruling).

[8] Compare Memorandum of Points and Authorities In Support of Defendant Michele Lawrence's Demurrer, filed August 27, 2007, Alameda Superior Court Case No. RG 07334590 ("Lawrence Demurrer"), Borgerson Decl. Exh. B, at 5 (arguing, under Cal. Gov. Code § 815, that Plaintiff failed to plead a statutory basis for claim of intentional infliction of emotional distress ("IIED")) and the Alameda Superior Court's Order on the motion, dated November 16, 2007 ("Lawrence Demurrer Order"), Borgerson Decl. Exh. I ("The Court notes that Government Code § 820(a) provides a statutory basis for liability of public entity employees for common law torts"), with Dismiss MPA at 16 (repeating same argument verbatim without reference to Superior Court order).

[9] Compare Lawrence Demurrer, Borgerson Decl. Exh. B at 8-9 (defendants are immune for discretionary acts under Gov. Code § 820.2) and Lawrence Demurrer Order, Borgerson Decl. Exh. I ("The Court does not find that the face of the pleadings shows that Defendant Lawrence's conduct was insulated from liability by the immunity under Government Code § 820.2 for discretionary acts."), with Dismiss MPA at 18-19 (same argument verbatim, with no reference to Superior Court's order).

[10] Compare Memorandum of Points and Authorities in Support of Defendant Michele Lawrence's Motion to Strike Portions of the Complaint for Damages, filed August 27, 2007,

(continued...)

9

1  Plaintiff was forced to point out the Defendants' failure, and the Court was required to
2  examine the superior court record rather than being able to rely on the parties'
3  straightforward representation of what transpired in the state court. Defendants' failure to be
4  forthcoming was certainly reckless, given the unequivocal rule set out in 28 U.S.C. § 1450 –
5  one of only fourteen sections in the chapter of Title 28 governing removal of cases from state
6  court – that state court orders remain in effect until modified by the district court.
7       Defense counsel not only failed to inform this Court of the Superior Court's rulings,
8  but affirmatively argued that it is "improper" for this Court to adopt them:

> Plaintiff is asking this Court to simply adopt the determination of the state court without independently considering the merits of the motion. It is improper for the Plaintiff to even suggest such a result.

11  Def. April 2, 2008 Brief at 4, quoting Defendants' Objections to Evidence. This argument
12  was squarely contrary to the law.
13      Since *at least* March 3, 2008, Defense counsel was on notice of the rule that "Orders
14  of the Superior Court[], including interlocutory orders, *govern this case unless and until*
15  *modified or vacated by this Court.*" Plaintiff's Opposition to Defendant's Objections, filed
16  March 3, 2008, at 1 (emphasis in original).[11] Defense counsel made, and continues to make,
17  knowingly frivolous arguments to this Court. Contrary to what she contends, she is, in fact,
18  "openly and knowingly defying a statutory duty." Def. April 2, 2008 Brief at 4.
19      Moreover, Defense counsel failed to inform the Court of the Superior Court's orders –
20  and then argued they had no force – for an improper purpose. The effect of this approach is

---

[10](...continued)
Alameda Superior Court Case No. RG 07334590 ("Lawrence Strike MPA"), Borgerson Decl. Exh. O (arguing punitive damages are unavailable as a matter of law, and Plaintiff failed to plead facts supporting punitive damage claim) and the Superior Court's Order on that motion, filed November 16, 2007, Borgerson Decl. Exh. S (granting Plaintiff leave to amend to allege "a viable cause of action based on intentional misconduct against Defendant Lawrence," – that is, striking punitive damage claims because underlying cause of action failed and rejecting Defendants' arguments in motion to strike), with Dismiss MPA at 19-20 (virtually identical argument, apparently cut and pasted from state court motion to strike by defendant Brier, with no mention of superior court's ruling or rationale).

[11] Even before then, Plaintiff's Opposition to the motion to dismiss argued that it was improper for Defendants to "ask[] this Court to overturn the Superior Court's rejection of Defendant's unmeritorious Demurrer" *without acknowledging that they were doing so*. Opposition to Motion to Dismiss at 15-16.

10

1 akin to forum shopping: to get the proverbial "second bite at the apple" by leading this Court
2 to believe it was the first tribunal to consider the five arguments listed above, instead of
3 disclosing the Superior Court's analysis and rulings and asking the court to *reconsider* them,
4 as the Court is permitted to do if it is "firmly convinced that an error of law has been
5 committed." *Preaseau,* 591 F.2d at 79 (citation omitted).[12]  This conduct was in bad faith
6 because it was not only reckless but knowingly contrary to law, and undertaken for an
7 improper purpose.   Accordingly, sanctions for this conduct are appropriate both under 28
8 U.S.C. § 1927 and this Court's inherent powers.

9      Defense counsel offers a number of reasons why the Court should not impose
10 sanctions, none of them persuasive.  First, she argues that the Court cannot sanction her
11 "based on state court proceedings."  But Defense counsel's sanctionable acts took place in
12 this court, not the state court.  *Grid Systems Corp. v. John Fluke Mfg. Co., Inc.,* 41 F.3d
13 1318, 1319 (9th Cir. 1994), on which Defense counsel relies, is completely inapposite;  there,
14 the district court improperly sanctioned a party for pleadings filed *in the state court* after the
15 case was removed to federal court;  the sanctioned party had taken no actions whatsoever in
16 the district court.  Here, in contrast, Defense counsel filed objections and made sanctionable
17 arguments in federal court.

18      Defense counsel also argues that filing the Motion to Dismiss was not vexatious or
19 frivolous because Plaintiff raised new claims in his amended complaint. This argument
20 misses the point.  Plaintiff never argued that moving to dismiss the complaint was vexatious

21 //
22 //
23 //
24 //
25 //

---

[12] Defendants argue they were not forum shopping because the case was removable. It was not improper for Defendants to remove this case to federal court, just as it was not improper for Plaintiff to allege federal causes of action. It was improper to omit critical information that it was *revisiting* certain issues. The effect was to seek a *de novo* second decision of an issue before a different adjudicator.

11

*per se*.[13]  In any case, this Court makes the award only for the sanctionable conduct discussed above, not the entire motion.

Next, Defense counsel argues that because Plaintiff seeks equitable relief, equitable defenses apply, and Plaintiff is not entitled to sanctions because he has "unclean hands." Defense counsel is wrong on a number of grounds. First, sanctions under § 1927 are statutory, not equitable.  Second, the Court's inherent power to police itself is distinct from its equitable power concerning relations between the parties. *See In re DeVille,* 361 F.3d 539, 545 (9th Cir. 2004), *citing Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978).  Third, Plaintiff's allegedly improper conduct – such as amending the Complaint to conform to a recent California Supreme Court ruling, *see* Def. April 2, 2008 Brief at 10-11 – was completely legitimate. Plaintiff's discrimination and whistleblowing claims against individual defendants in their official capacities were at worst redundant, not improper.  Plaintiff properly filed a Second Amended Complaint.  Plaintiff's attempt to plead a due process claim was based on a different legal theory from his dismissed contract claim, and although the theory was without merit, it was not frivolous.  Finally, as set out above, Plaintiff openly asked this Court to revisit the state court's ruling on his tortious wrongful termination claim, rather than disingenuously presenting his argument as though the superior court had not ruled (as Defendants did).   Plaintiff is not asking this Court to apply a double standard.

Finally, the Court is bewildered by Defense counsel's continuing mischaracterization of both her own arguments to this Court and those of opposing counsel.  She *objected* to the superior court proceedings, stating they were not properly subject even to judicial notice, then argued in reply and at the March 24, 2008 hearing that she had no "problem with the federal court seeing" the superior court documents, and had opposed only "the use of those papers and the suggestion that this court was bound by the state court rulings."  *See also*

---

[13] At one point, Plaintiff did argue that the *amount* of the award should be equal to all the fees he has incurred in defending the motion, because the bad faith conduct coupled with the frivolousness of the other arguments  made almost the entire motion effectively vexatious. But since the Court issued its Order on the motion and dismissed Plaintiff's due process claim, Plaintiff has backed away from that position; now, "Plaintiff does not request to be awarded attorney's fees and costs for work opposing filings and arguments which the Court deems meritorious." Reply to Objections, April 9, 2008, at 6.

12

1 March 18, 2008 Response at 2. She claims Plaintiff argued that this Court was "bound" by
2 the state court rulings; Plaintiff argued only that the rulings "remain in full force and effect
3 until dissolved or modified by the district court." 28 U.S.C. § 1450. Defense counsel's
4 efforts to portray Plaintiff's counsel as overreaching also cross the line from hyperbole to
5 inappropriate distortion. For example, Defense counsel writes that Plaintiff's "request for
6 $25,000 in fees and costs is an outright abuse of this Court's procedures" which demonstrates
7 "Plaintiff's level of desperation," Def. April 2, 2008 at 12; but Plaintiff's letter setting out
8 fees incurred was submitted at the Court's explicit request at the hearing. At no point in the
9 briefing or oral argument has Plaintiff's counsel engaged in anything resembling "personal
10 attacks on the character of opposing counsel." *Id.* at 11 n.7. This ongoing distortion is
11 further evidence of Defense counsel's abundant bad faith.

### III.    Amount of Sanctions

Section 1927 "authorizes the taxing of only excess costs incurred because of an attorney's unreasonable conduct; it does not authorize imposition of sanctions to reimburse a party for the ordinary costs of trial." *United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342, 1347 (9th Cir.1985). The Court can impose a broad range of sanctions under its inherent powers.

The Court hereby awards sanctions in the amount of $9,562.50 in attorney's fees and $183.78 in costs against Defense counsel, the fees and costs directly related to Defense counsel's improper objections and arguments. Those are:

| Date | Activity | |
|---|---|---|
| 2/25/08 | Review Defendants' "Objections," Research re: Hearsay, Research re: Judicial Notice, Begin drafting Opp. to Objections | 3.5 |
| 2/26/08 | Research re: seeking award of costs and fees, draft Opp. to Objections | 2.0 |
| 2/27/08 | Research re: Removal, duty of Defendants to supply court with Orders of Superior Court, Research re: seeking award of costs and fees, Draft Opp. to Objections | 3.5 |

13

| Date | Task | Hours |
|---|---|---|
| 2/28/08 | Research re: seeking award of costs and fees, Draft Opp. to Objections | 2.5 |
| 2/29/08 | Draft Opp to Objections | 1.5 |
| 3/1/08 | Draft Opp. to Objections | 4.0 |
| 3/2/08 | Draft Opp. to Objections | 8.0 |
| 3/3/08 | Finalize Opp. to Objections | 4.0 |
| 3/18/08 | Review Objections Reply, Draft Costs/Attorney Fees Reply | 2.5 |
| 3/23/08 | Prepare accounting of fees and costs | 1.5 |
| 3/26/08 | Prepare Letter Brief re: fees and costs | .75 |
| 4/5/08 | Draft Reply | 1.0 |
| 4/8/08 | Draft Reply | 2.0 |
| 4/9/08 | Finalize Reply, Revise Reply | 1.5 |
| Total: | | 38.25 |

Borgerson Fee Letter at 3-5, Borgerson Fee Reply Letter. Costs incurred on February 19, March 4, March 20 (for Costs/Attorney Fees Reply), March 27, and April 10, 2008 are related to the sanctionable conduct as well and total $183.78. *Id.* While nearly 40 hours to complete briefing is no small amount of time, Plaintiffs' briefing was well-researched, well-written, and meticulous; moreover, Plaintiff was required to respond both to requests for briefing from this Court and to unpredictable filings by Defendants. Under those circumstances, the number of hours expended is reasonable. Even if the number of hours were high, the eminently reasonable rate Plaintiff's counsel requests, of $250.00 per hour,[14] makes the overall fee amount entirely reasonable.

Although the Court would be justified in imposing additional sanctions under its inherent power for Defense counsel's bad faith failure to inform the Court of the Superior Court's rulings, which Plaintiff's counsel addressed throughout his briefing on the merits,[15] the Court declines to do so here. Instead, Defense counsel's bad faith failure to inform the

---

[14] According to State Bar records of which this Court may take judicial notice, Fed. R. Evid. 201(b), Plaintiff's counsel is a 1995 graduate of The University of California at Berkeley's Boalt Hall School of Law. Defendants do not object to his hourly rate.

[15] *See* Opposition to Motion to Dismiss at 1-4, 12, 13, 14, 15, 18, 19, and 23.

14

Court of those rulings and subsequent related arguments provide an additional justification for imposing the amount of sanctions set out above.

**CONCLUSION**

The Court hereby GRANTS Plaintiff's request for an award of sanctions under both 28 U.S.C. § 1927 and the Court's inherent power, and awards sanctions against Defense Counsel and in favor of Plaintiff in the amount of $9,746.28, payable within 15 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: April 25, 2008

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT