1  CAROLEE G. KILDUFF, ESQ., SB No. 107232       (SPACE BELOW FOR FILING STAMP ONLY)
   CORI R. SARNO, ESQ., SB No. 230559
2  **ANGELO, KILDAY & KILDUFF**
3  Attorneys at Law
   601 University Avenue, Suite 150
4  Sacramento, CA  95825
   Telephone:  (916) 564-6100
5  Telecopier:  (916) 564-6263

6
   Attorneys for Defendant,
7  CRISTINA OBIETA

8
                    **IN THE UNITED STATES DISTRICT COURT**
9
                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

11 GENE FAURIE, JR.,                    )  Case No.: CV 08-00060 TEH
                        Plaintiff,      )
12                                      )
13          vs.                         )  **DEFENDANT CRISTINA OBIETA'S**
                                        )  **ANSWER TO COMPLAINT AND**
14 The BERKELEY UNIFIED SCHOOL          )  **REQUEST FOR JURY TRIAL**
   DISTRICT; MICHELLE LAWRENCE,         )
15 individually and in her official capacity as )
   BUSD Superintendent; LISA UDELL,     )
16 individually and in her official capacity as )
   BUSD Assistant Superintendent, Human )
17 Resources; CRISTINA OBIETA, individually )
   and in her official capacity as BUSD Director, )
18 Classified Personnel; RICHARD DODSON, in )
   his official capacity as BUSD Director, Labor )
19 Relations; TINA BRIER, individually and in )
   her official capacity as BUSD Director,  )
20 Classified Personnel,                )
21                                      )
                        Defendants.     )
22 _____)
23

24

25       Defendant, Christina Obieta ("Defendant") answers the Plaintiff's Third Amended

26 Complaint as follows:

27       1.    The allegations in paragraph 1 are an introduction and general statement of the

28 case. Defendant admits that Gene Faurie, Jr. ("Plaintiff") was formerly employed by the

1   Berkeley Unified School District ("BUSD") in the position of Administrative Coordinator –
2   Confidential, and that he has filed a Complaint against BUSD and several current or former
3   employees.   The remaining allegations of ¶1 are legal conclusions and arguments to which no
4   response is required.

5          2.     The allegations in ¶2 are legal conclusions and arguments to which no response is
6   required.  Defendant admits Plaintiff is bringing these claims, but expressly denies that his
7   claims have any basis in fact or law.

8          3.     Answering ¶¶ 3, 12, 16, 27, 73, 92, 99, 104, 113, 120, 133, 146, 157, 167,
9   Defendant incorporates her previous responses to the paragraphs enumerated as incorporated into
10  these respective paragraphs by the Plaintiff.

11         4.     To the extent that the allegations contained in ¶4 constitute contentions of law, no
12  response is required.  Defendant admits Plaintiff was employed by BUSD in the position of
13  Administrative Coordinator – Confidential through July 17, 2006.   Defendant is without
14  knowledge or information sufficient to form a belief as to the truth of the remaining allegations
15  contained in ¶4 and, on that basis, denies such allegations.

16         5.     Defendant admits the allegations in ¶5.

17         6.     To the extent that the allegations in ¶6 are legal conclusions and arguments, no
18  response is required. Defendant is without knowledge or information sufficient to form a belief
19  as to the truth of the remaining allegations contained in ¶6 and, on that basis, denies such
20  allegations.

21         7.     To the extent that the allegations in ¶7 are legal conclusions and arguments, no
22  response is required. Defendant is without knowledge or information sufficient to form a belief
23  as to the truth of the remaining allegations contained in ¶7 and, on that basis, denies such
24  allegations.

25         8.     To the extent that the allegations in ¶8 are legal conclusions and arguments, no
26  response is required. Cristina Obieta admits she was Director, Classified Personnel beginning on
27  July 10, 2006.  Defendant further admits that she resides in Alameda County. Defendant is
28  without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in ¶8 and, on that basis, denies such allegations.

9.    To the extent that the allegations in ¶9 are legal conclusions and arguments, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶9 and, on that basis, denies such allegations.

10.    To the extent that the allegations in ¶10 are legal conclusions and arguments, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶10 and, on that basis, denies such allegations.

11.    The allegations in ¶11 are legal conclusions and arguments to which no response is required.

12.    To the extent the allegations in ¶13 through ¶15 are legal conclusions and arguments, no response is required. Defendant expressly denies that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendant, and further expressly denies that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶13 through ¶15 and, on that basis, denies such allegations.

13.    As to Paragraph 17, Defendant admits only that there was a Human Resources staff meeting on July 11, 2006. To the extent that the allegations in ¶17 are legal conclusions and arguments, no response is required. Defendant expressly denies she "engaged in a pattern and practice of discrimination." Defendant further expressly denies that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendant, and further denies that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all. Defendant denies all remaining allegations contained in ¶17.

14.    To the extent that the allegations in ¶18 are legal conclusions and arguments, no response is required. Defendant expressly denies that she ordered Plaintiff to "engage in unlawful acts" or ever subjected him to a hostile work environment. Defendant denies all remaining allegations contained in ¶18.

15.     To the extent that the allegations in ¶19 are legal conclusions and arguments, no response is required.  Defendant did not perceive that there was a pattern and practice of discrimination within the Human Resources Department while she was employed at BUSD, and on that basis denies it, and further expressly denies that Plaintiff was subjected to a hostile working environment or retaliated against by Defendant.  Defendant denies all remaining allegations contained in ¶19.

16.     To the extent that the allegations in ¶20 are legal conclusions and arguments, no response is required. Defendant did not see any indication of discrimination on the basis of gender during the short time she worked with Plaintiff and on that basis denies this allegation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶20 and, on that basis, denies such allegations.

17.     The allegations contained in ¶21 are legal conclusions and arguments to which no response is required.  Defendant denies that Plaintiff was subjected to a hostile and offensive work environment or was ever retaliated against. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶21 and, on that basis, denies such allegations.

18.     To the extent that the allegations contained in ¶22 are legal conclusions and arguments, no response is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's allegations contained in ¶22 and, on that basis, denies such allegations.

19.     To the extent that the allegations contained in ¶23 are legal conclusions and arguments, no response is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's allegations contained in ¶23 and, on that basis, denies such allegations.

20.     The allegations in ¶24 are legal conclusions and arguments to which no response is required.

21.     To the extent that the allegations in ¶25 are legal conclusions and arguments, no response is required.  Defendant expressly denies Plaintiff was "constructively discharged."

1    Defendant is without knowledge or information sufficient to form a belief as to the truth of the

2    remainder of Plaintiff's allegations contained in ¶25 and, on that basis, denies such allegations.

3          22.    To the extent that the allegations in ¶26 are legal conclusions and arguments, no

4    response is required.  Defendant expressly denies that Plaintiff has sustained any injury, damage,

5    or loss by reason of any act, omission, or negligence of Defendant, and further expressly denies

6    that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

7          23.    Answering ¶ 28 through ¶ 44 Defendant admits that Plaintiff was employed by

8    BUSD in the position of Administrative Coordinator – Confidential until July 17, 2006.  To the

9    extent the allegations in ¶¶ 28 through 44 are legal conclusions and arguments, no response is

10   required.  Defendant Obieta did not begin working for BUSD until July 10, 2006.  Paragraphs 28

11   through 45 of the Plaintiff's chronology deal with events occurring prior to July 2006.  Thus,

12   Defendant Obieta is without knowledge or information sufficient to form a belief as to the truth

13   of the remainder of Plaintiff's allegations contained in ¶¶ 28 through 44 and, on that basis, denies

14   such allegations.

15         24.    To the extent that the allegations in ¶45 are legal conclusions and arguments, no

16   response is required.  Defendant admits that Dodson is an individual authorized to accompany

17   employees during review of personnel files.  Defendant is without knowledge or information

18   sufficient to form a belief as to the truth as to the remainder of the allegations contained in ¶45

19   and, on that basis, Defendant denies all such allegations.

20         25.    To the extent that the allegations in ¶46 are legal conclusions and arguments, no

21   response is required.  Defendant is without knowledge or information sufficient to form a belief

22   as to the truth of Plaintiff's allegation that he referred a personnel file review to Dodson on July

23   11, 2006, because Plaintiff does not identify the individual.  Defendant Obieta admits that on

24   July 11, 2006 she brought Plaintiff the personnel file of another employee and asked Plaintiff to

25   accompany the employee reviewing the file.  Defendant denies the remainder of the allegations

26   in ¶ 46.

27         26.    Answering ¶47 through ¶59, to the extent the allegations in these paragraphs are

28   legal conclusions and arguments, no response is required.  As for the remainder of the allegations

DEFENDANT CHRISTINA OBIETA'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

1   in ¶47 through ¶59, these allegations pertain to events occurring throughout Plaintiff's

2   employment, from approximately May 2004 through July 2006.  Defendant Obieta admits she

3   began working for BUSD as Director, Classified Personnel on July 10, 2006.  Thus, Defendant

4   Obieta is without knowledge or information sufficient to form a belief as to the truth of the

5   remainder of Plaintiff's allegations contained in ¶¶ 47 through 59 and, on that basis, denies such

6   allegations.  Defendant Obieta expressly denies she lacked appropriate training and experience to

7   be hired for the position of Director of Classified Personnel.

8       27.    To the extent that the allegations in ¶60 are legal conclusions and arguments, no

9   response is required.  Defendant admits that there was a Human Resources staff meeting on July

10  11, 2006.  Defendant denies all remaining allegations contained in ¶60.

11      28.    To the extent that the allegations in ¶61 are legal conclusions and arguments, no

12  response is required.  Defendant Obieta admits that Plaintiff left a voice mail message later that

13  day, and informed her that he was calling in sick.  Defendant is without knowledge or

14  information sufficient to form a belief as to the truth of Plaintiff's allegations regarding

15  Plaintiff's emotional or physical status.  Defendant expressly denies that Plaintiff has sustained

16  any injury, damage, or loss by reason of any act, omission, or negligence of Defendant, and

17  further denies that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

18  Defendant denies all remaining allegations contained in ¶61.

19      29.    Answering ¶ 62, because Plaintiff had given a verbal statement of resignation on

20  July 11, 2006 followed by a phone message that he was going to be out sick for the remainder of

21  the week, Defendant Obieta admits leaving Plaintiff a voice message asking him to either bring

22  in a doctor's note or a letter confirming his intent to resign. Defendant Obieta admits that she did

23  state in her message that she could not remember her phone number, since she had only been on

24  the job for two days. Defendant denies all remaining allegations contained in ¶62.

25      30.    To the extent that the allegations in ¶63 are legal conclusions and arguments, no

26  response is required.  Defendant is informed and believes, and on that basis admits, that a letter,

27  dated June 12, 2006 and addressed to Cristina Ceguerra, was received by the District from

28  attorney Eric Borgerson in regard to Plaintiff.  Defendant Obieta is without knowledge or

1    information sufficient to form a belief to admit or deny whether Plaintiff intended to send this

2    letter to Defendant Obieta, and whether or not he was represented by Mr. Borgerson at the time.

3    With the exceptions listed below, Defendant admits only that the allegations contained in ¶63

4    paraphrase the general contents of this letter.  Defendant expressly denies that this letter "set

5    forth Mr. Faurie's claims," that this letter referenced "differential compensation," that this letter

6    used the words "any attempt to terminate his employment," that any such attempt would

7    constitute "discrimination based on sex," or that "Obieta was admonished not to contact Mr.

8    Faurie directly."  The letter speaks for itself.

9          31.    To the extent that the allegations in ¶64 through 67 are legal conclusions and

10    arguments, no response is required.  Defendant is without knowledge or information sufficient to

11    form a belief as to the truth of the statements as to communications Plaintiff or his counsel had

12    with others or actions by Plaintiff and others occurring after Plaintiff's resignation and, on that

13    basis, Defendant denies the remainder of the allegations in ¶ 64 through ¶ 71.

14          32.    To the extent that the allegations in ¶72 are legal conclusions and arguments, no

15    response is required.  Defendant expressly denies that Plaintiff was prevented from performing

16    the conditions of his employment.  Defendant denies all remaining allegations contained in ¶72.

17          33.    The allegations in ¶74 are legal conclusions and arguments to which no response

18    is required.  Defendant further admits that the document attached as Exhibit A is a true and

19    correct copy of the Merit System Rules.

20          34.    Answering ¶75, Defendant denies the terms "Discharge or Dismissal" in the Merit

21    System Rules always are defined solely as "Separation from service for cause."  Section 10.100

22    contains an introductory provision which states that these terms are understood to have this

23    meaning "Unless otherwise required by context and/or prevailing law . . ." (p. 3).

24          76.    To the extent that the allegations in ¶76 are legal conclusions and

25    arguments, no response is required. Defendant admits only that Plaintiff has accurately quoted

26    portions of Education Code § 45302.  Defendant denies all remaining allegations contained in

27    ¶76.

28          77.    The allegations in ¶77 are legal conclusions and arguments to which no

DEFENDANT CHRISTINA OBIETA'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

1    response is required.

2    78.    The allegations in ¶78 are legal conclusions and arguments to which no

3    response is required.

4    79.    Answering ¶ 79 Defendant admits only that Plaintiff has accurately quoted

5    portions of section 30.200.6 of the Merit System Rules.

6    80.    To the extent that the allegations in ¶80 are legal conclusions and

7    arguments, no response is required.  Defendant is without knowledge or information sufficient to

8    form a belief as to the remainder of the allegations in ¶ 80 and, on that basis denies the remainder

9    of these allegations.

10   81.    Answering ¶ 81, Defendant admits only that Plaintiff has accurately

11   quoted portions of section 30.300 *et seq.* of the Merit System Rules.

12   82.    The allegations in ¶82 are legal conclusions and arguments to which no

13   response is required.

14   83.    Answering ¶ 83 Defendant admits only that Plaintiff has accurately quoted

15   portions of section 60.600.1 of the Merit System Rules.

16   84.    The allegations in ¶84 are legal conclusions and arguments to which no

17   response is required.

18   85.    To the extent that the allegations in ¶85 are legal conclusions and

19   arguments, no response is required.  Defendant admits only that Plaintiff has accurately quoted

20   portions of section 60.1000 of the Merit System Rules and that Plaintiff's emphasis (by

21   underline) on certain portions in this paragraph are not in the original text of the Merit System

22   Rules.

23   86.    To the extent that the allegations in ¶86 are legal conclusions and

24   arguments, no response is required.  Defendant admits only that Plaintiff has accurately quoted

25   textual portions of section 80.300.1 of the Merit System Rules.  Defendant denies that any

26   portion of this section is underlined or emphasized as quoted in ¶86.

27   87.    Defendant admits only that Plaintiff has accurately quoted textual portions

28   of BUSD Board Policy 4030.  Defendant denies that any portion of this section is underlined or

DEFENDANT CHRISTINA OBIETA'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

1    emphasized as quoted in ¶87.

2        88.    The allegations in ¶88 are legal conclusions and arguments to which no

3    response is required.  Defendant denies Plaintiff's characterization of the Merit System Rules.

4        89.    The allegations in ¶89 are legal conclusions and arguments to which no

5    response is required.

6        90.    The allegations in ¶90 are legal conclusions and arguments to which no

7    response is required.

8        91.    The allegations in ¶91 are legal conclusions and arguments to which no

9    response is required.

10        To the extent that the allegations in ¶93 through ¶ 98 are legal conclusions and

11    arguments, no response is required. Defendant is without knowledge or information sufficient to

12    form a belief as to the truth as to the remainder of the allegations contained in ¶93 through ¶ 98

13    and, on that basis, Defendant denies all such allegations.

14        To the extent that the allegations in ¶100 through ¶ 103 are legal conclusions and

15    arguments, no response is required.  Defendant is without knowledge or information sufficient to

16    form a belief to admit or deny the remainder of the allegations contained in ¶ 100 through ¶ 103.

17                              **FIRST CAUSE OF ACTION**

18    **(Retaliatory Discharge for Whistleblowing and Refusing to Comply with Unlawful**
19    **Directives [Labor Code § 1102.5] [Against BUSD])**

20        35.    The allegations in ¶105 are legal conclusions and arguments to which no response

21    is required.

22        36.    The allegations in ¶106 are legal conclusions and arguments to which no response

23    is required.

24        37.    The allegations in ¶107 are legal conclusions and arguments to which no response

25    is required.

26        38.    To the extent that the allegations in ¶108 are legal conclusions and arguments, no

27    response is required.  Defendant denies all remaining allegations contained in ¶108.

28        39.    To the extent that the allegations in ¶109 are legal conclusions and arguments, no

DEFENDANT CHRISTINA OBIETA'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

1   response is required.  Defendant denies all remaining allegations contained in ¶109.

2       40.   To the extent that the allegations in ¶110 are legal conclusions and arguments, no

3   response is required.  Defendant expressly denies that Plaintiff has sustained any injury, damage,

4   or loss by reason of any act, omission, or negligence of Defendant, and further expressly denies

5   that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

6       41.   To the extent that the allegations in ¶111 are legal conclusions and arguments, no

7   response is required.  Defendant expressly denies that Plaintiff has sustained any injury, damage,

8   or loss by reason of any act, omission, or negligence of Defendant, and further expressly denies

9   that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

10      42.   To the extent that the allegations in ¶112 are legal conclusions and arguments, no

11  response is required.  Defendant expressly denies that Plaintiff has sustained any injury, damage,

12  or loss by reason of any act, omission, or negligence of Defendant, and further expressly denies

13  that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

14                              **SECOND CAUSE OF ACTION**

15  **(Violation of Federal Right to Equal Protection of the Laws [42 U.C. Code § 1983; U.S.
16  Constitution Amendments V and XIV] [Against Lawrence, Udell, Obieta, Dodson, and
    Brier, in the Individual Capacities])**

17

18      43.   The allegations in ¶114 are legal conclusions and arguments to which no response

19  is required.

20      44.   To the extent that the allegations in ¶115 are legal conclusions and arguments, no

21  response is required.  Defendant denies all remaining allegations contained in ¶115.

22      45.   Answering ¶ 116 through ¶ 118, to the extent that the allegations in ¶116 through

23  ¶ 118 are legal conclusions and arguments, no response is required.  Defendant expressly denies

24  that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or

25  negligence of Defendant, and further expressly denies that Plaintiff was or will be damaged in

26  any sum or sums whatsoever, or at all.

27      46.   To the extent that the allegations in ¶119 are legal conclusions and arguments, no

28  response is required.  Defendant denies all remaining allegations contained in ¶119.

DEFENDANT CHRISTINA OBIETA'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

1    ///

2

3                        **THIRD CAUSE OF ACTION**

4    **(Deprivation of Benefits and Privileges of Public Employment and Termination of Public**
5    **Employment Without Due Process of Law [42 U.C. Code § 1983; U.S. Constitution**
     **Amendments V and XIV] [Against Lawrence, Udell, Obieta, Dodson, and Brier, in the**
6                        **Individual Capacities])**

7        47.    The allegations in ¶121 are legal conclusions and arguments to which no response

8    is required.

9        48.    To the extent the allegations in ¶122 are legal conclusions and arguments, no

10   response is required.  Defendant admits that Plaintiff's employment was subject to the Merit

11   System Rules.  Defendant is without knowledge or information sufficient to form a belief as to

12   the truth as to the remainder of the allegations and on that basis denies the remainder of the

13   allegations contained in ¶ 122.

14       49.    To the extent that the allegations in ¶123 are legal conclusions and arguments, no

15   response is required.  Defendant only worked with Plaintiff for two days and thus is without

16   knowledge or information sufficient to form a belief as to the truth as to the remainder of the

17   allegations and on that basis denies the remainder of the allegations contained in ¶ 123.

18       50.    To the extent that the allegations in ¶124 are legal conclusions and arguments, no

19   response is required. Defendant only worked with Plaintiff for two days and this is without

20   knowledge or information sufficient to form a belief as to the truth as to the remainder of the

21   allegations and on that basis denies the remainder of the allegations contained in ¶ 124.

22       51.    The allegations in ¶125 are legal conclusions and arguments to which no response

23   is required.

24       52.    To the extent the allegations in ¶126 are legal conclusions and arguments no

25   response is required. Defendant only worked with Plaintiff for two days and this is without

26   knowledge or information sufficient to form a belief as to the truth as to the remainder of the

27   allegations and on that basis denies the remainder of the allegations contained in ¶ 126.

28       53.    To the extent that the allegations in ¶127 are legal conclusions and arguments, no

1    response is required.  Defendant only worked with Plaintiff for two days and thus is without
2    knowledge or information sufficient to form a belief as to the truth as to the remainder of the
3    allegations and on that basis denies the remainder of the allegations contained in ¶ 127.

4         54.    To the extent that the allegations in ¶128 are legal conclusions and arguments, no
5    response is required.  Defendant only worked with Plaintiff for two days and this is without
6    knowledge or information sufficient to form a belief as to the truth as to the remainder of the
7    allegations and on that basis denies the remainder of the allegations contained in ¶ 128.

8         55.    To the extent that the allegations in ¶129 through ¶ 131 are legal conclusions and
9    arguments, no response is required.  Defendant expressly denies that Plaintiff has sustained any
10   injury, damage, or loss by reason of any act, omission, or negligence of Defendant, and further
11   expressly denies that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

12        56.    To the extent that the allegations in ¶132 are legal conclusions and arguments, no
13   response is required.  Defendant only worked with Plaintiff for two days and thus is without
14   knowledge or information sufficient to form a belief as to the truth as to the remainder of the
15   allegations and on that basis denies the remainder of the allegations contained in ¶ 132.

16                            **FOURTH CAUSE OF ACTION**

17        **(Unlawful Discrimination on the Basis of Sex [Gov. Code § 12900 et seq.] [BUSD])**
18

19        57.    Defendant is informed and believes that Plaintiff is a male.

20        58.    The allegations in ¶135 are legal conclusions and arguments to which no response
21   is required.

22        59.    To the extent that the allegations in ¶136 are legal conclusions and arguments, no
23   response is required.  Defendant admits that Plaintiff was employed as an Administrative
24   Coordinator until 7/17/06.  Defendant only worked with Plaintiff for two days and thus is
25   without knowledge or information sufficient to form a belief as to the truth as to the remainder of
26   the allegations and on that basis denies the remainder of the allegations contained in ¶ 136.

27        60.    To the extent that the allegations in ¶137 are legal conclusions and arguments, no
28   response is required.  Defendant denies all allegations contained in ¶137.

-12-
DEFENDANT CHRISTINA OBIETA'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

61.     To the extent that the allegations in ¶138 are legal conclusions and arguments, no response is required.  Defendant denies all allegations contained in ¶138.

62.     The allegations in ¶139 are legal conclusions and arguments to which no response is required.

63.     The allegations in ¶140 are legal conclusions and arguments to which no response is required.

64.     The allegations in ¶141 are legal conclusions and arguments to which no response is required.

65.     The allegations in ¶142 are legal conclusions and arguments to which no response is required.

66.     To the extent that the allegations in ¶143 through ¶ 145 are legal conclusions and arguments, no response is required.  Defendant expressly denies that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendant, and further expressly denies that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

**FIFTH CAUSE OF ACTION**

**(Unlawful Harassment On the Basis of Sex/Gender [Gov. Code § 12900(j)] [Against BUSD and against Lawrence, Udell, Obieta, Dodson, and Brier, in their Individual Capacities])**

67.     To the extent that the allegations in ¶147 are legal conclusions and arguments, no response is required.  Defendant denies all allegations contained in ¶147.

68.     To the extent that the allegations in ¶148 are legal conclusions and arguments, no response is required.  Defendant denies all allegations contained in ¶148.

69.     To the extent that the allegations in ¶149 are legal conclusions and arguments, no response is required.  Defendant denies all allegations contained in ¶149.

70.     The allegations in ¶150 are legal conclusions and arguments to which no response is required.

71.     To the extent that the allegations in ¶151 are legal conclusions and arguments, no response is required.  Defendant denies all allegations contained in ¶151.

72.     The allegations in ¶152 are legal conclusions and arguments to which no response

1    is required.

2        73.    To the extent that the allegations in ¶153 through ¶ 155 are legal conclusions and

3    arguments, no response is required.  Defendant expressly denies that Plaintiff has sustained any

4    injury, damage, or loss by reason of any act, omission, or negligence of Defendant, and further

5    expressly denies that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

6        74.    To the extent that the allegations in ¶156 are legal conclusions and arguments, no

7    response is required.  Defendant denies all allegations contained in ¶156.

8                              **SIXTH CAUSE OF ACTION**

9    **(Unlawful Retaliation For Opposing Violation of Rights Protected by the FEHA [Gov.**
10   **Code § 12900(h)] [Against BUSD])**

11       75.    To the extent that the allegations in ¶158 are legal conclusions and arguments, no

12   response is required.  Defendant denies all allegations contained in ¶158.

13       76.    To the extent that the allegations in ¶159 are legal conclusions and arguments, no

14   response is required.  Defendant only worked with Plaintiff for two days and thus is without

15   knowledge or information sufficient to form a belief as to the truth as to the remainder of the

16   allegations and on that basis denies the remainder of the allegations contained in ¶159.

17       77.    To the extent that the allegations in ¶160 are legal conclusions and arguments, no

18   response is required.  Defendant only worked with Plaintiff for two days and thus is without

19   knowledge or information sufficient to form a belief as to the truth as to the remainder of the

20   allegations and on that basis denies the remainder of the allegations contained in ¶160.

21       78.    To the extent that the allegations in ¶161 are legal conclusions and arguments, no

22   response is required. Defendant only worked with Plaintiff for two days and thus is without

23   knowledge or information sufficient to form a belief as to the truth as to the remainder of the

24   allegations and on that basis denies the remainder of the allegations contained in ¶161.

25       79.    To the extent that the allegations in ¶162 are legal conclusions and arguments, no

26   response is required.  Defendant denies all allegations contained in ¶162.

27       80.    To the extent that the allegations in ¶163 through ¶ 165 are legal conclusions and

28   arguments, no response is required.  Defendant expressly denies that Plaintiff has sustained any

injury, damage, or loss by reason of any act, omission, or negligence of Defendant, and further expressly denies that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

81.    To the extent that the allegations in ¶166 are legal conclusions and arguments, no response is required.  Defendant denies all allegations contained in ¶166.

**SEVENTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

82.    The allegations in ¶168 are legal conclusions and arguments to which no response is required.

83.    The allegations in ¶169 through ¶ 171 are legal conclusions and arguments to which no response is required.  Defendant expressly denies that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendant, and further expressly denies that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses:

1.   That Plaintiff has failed to exhaust all available judicial and administrative remedies;

2.   That Defendant did not violate any clearly established constitutional or statutory laws and that Defendant acted as would any reasonable government official thereby entitling Defendant to qualified immunity;

3.   That Plaintiff's complaint, and each claim contained therein, is barred by the statute of limitations;

4.   That at all times alleged herein, Plaintiff failed to substantially comply with the filing requirements under California Government Code section 910;

5.   That at all times alleged herein, Defendant's treatment of Plaintiff was fair, just, privileged, with good cause, non-discriminatory and in good faith;

6.   That any and all actions taken concerning or related to Plaintiff were taken for lawful, legitimate business reasons and were reasonable under the circumstances;

7.   That if Plaintiff has suffered any damages, which is specifically denied, Plaintiff has

1    failed to mitigate those damages;

2        8.  That the conduct complained of was privileged under the First Amendment,

3    California Code of Civil Procedure section 47, or otherwise;

4        9.  That  the allegations contained in Plaintiff's complaint do not rise to the level of

5    constitutional violations;

6        10. That Defendant claims all defenses and immunities provided to her under the

7    California Government Code including Sections 810 through 996.6, inclusive, and California

8    Government Code sections 12940, et seq.;

9        11. That Defendant asserts Plaintiff was given, or had available to him, due process for

10   each of the alleged deprivations of his constitutional rights and has therefore failed to state a

11   claim upon which relief can be granted under 42 USC section 1983;

12       12. That Plaintiff has failed to file a timely substantially complete complaint as to all of

13   the alleged discriminatory acts and therefore has not exhausted his administrative remedies with

14   the EEOC and/or DFEH as to all claims asserted in the complaint;

15       13. That Plaintiff's claims are barred by the doctrines of collateral estoppel and/or *res*

16   *judicata*;

17       14. That Plaintiff's claims are barred by the principles of estoppel based on his conduct,

18   including but not limited to waiver;

19       15. That the amount of damages, if any awarded to Plaintiff should be reduced by his

20   contributory negligence, recklessness, or other wrongful conduct;

21       16. That Plaintiff's claims for damages, or some portion of them, are barred by the

22   exclusive remedy provisions of the California Workers' Compensation Act.

23       17. Defendant contends that she cannot fully anticipate all affirmative defenses that may

24   be applicable to this action based upon the conclusory terms used in Plaintiff's Third Amended

25   Complaint.  Accordingly, Defendant expressly reserves the right to assert additional affirmative

26   defenses if and to the extent that such affirmative defenses become applicable.

27       **WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS**:

28       1.  That Plaintiff take nothing by his complaint;

---

DEFENDANT CHRISTINA OBIETA'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

1    2.   That Plaintiff's complaint be dismissed in its entirety with prejudice;

2    3.   That Defendant be awarded cost of suit incurred in this action;

3    4.   That Defendant be awarded attorney's fees; and

4    5.   For such other and further relief as the Court may deem just and proper.

5

6    Dated:  May 16, 2008                           ANGELO, KILDAY & KILDUFF

7                                                            */s/ Carolee G. Kilduff*

8                                              By:_____
                                                        CAROLEE G. KILDUFF
9                                                        CORI R. SARNO
                                                        Attorneys for Defendant
10                                                       CRISTINA OBIETA

11   I:\CGK\FAURIE\PLEADINGS.ANSWER

12                              **DEMAND FOR JURY TRIAL**

13

14       Defendant Christina Obieta hereby demands a jury trial.

15

16   Dated:  May 16, 2008                           ANGELO, KILDAY & KILDUFF

17                                                            */s/ Carolee G. Kilduff*

18                                              By:_____
                                                        CAROLEE G. KILDUFF
19                                                       CORI R. SARNO
                                                        Attorneys for Defendant
20                                                       CRISTINA OBIETA

21

22

23

24

25

26

27

28