1  ROBERT H. JOHNSON (SBN 048067)
   KELLIE M. MURPHY (SBN 189500)
2  JENNIFER L. HIPPO (SBN 222219)
   JOHNSON SCHACHTER & LEWIS
3  A Professional Law Corporation
   California Plaza
4  2180 Harvard Street, Suite 560
   Sacramento, CA 95815
5  Telephone: (916) 921-5800
   Facsimile: (916) 921-0247
6
7  Attorneys for BERKELEY UNIFIED SCHOOL DISTRICT, MICHELE LAWRENCE, LISA
   UDELL, RICHARD DODSON, and TINA BRIER

8

9              IN THE UNITED STATES DISTRICT COURT

10          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    (San Francisco Division)

12  GENE FAURIE, JR.,                    )  Case No.  C 08-00060 THE
                                         )
13        Plaintiff                      )  **DEFENDANTS BERKELEY UNIFIED**
                                         )  **SCHOOL DISTRICT, MICHELE**
14  v.                                   )  **LAWRENCE, LISA UDELL,**
                                         )  **RICHARD DODSON, and TINA**
15  The BERKELEY UNIFIED SCHOOL          )  **BRIER'S ANSWER TO PLAINTIFF'S**
    DISTRICT; MICHELLE LAWRENCE,         )  **THIRD AMENDED COMPLAINT**
16  individually and in her official capacity as )
    BUSD Superintendent; LISA UDELL,     )
17  individually and in her official capacity as )
    BUSD Assistant Superintendent, Human )
18  Resources; CRISTINA OBIETA, individually )  **Judge:        The Honorable Thelton E.**
    and in her official capacity as BUSD Director, )  **Henderson**
19  Classified Personnel; RICHARD DODSON, in )
    his official capacity as BUSD Director, Labor )
20  Relations; TINA BRIER, individually and in )
    her official capacity as BUSD Director,  )
21  Classified Personnel,                )
                                         )
22        Defendants.                    )
                                         )
23  _____  )

24

25        Defendants BERKELEY UNIFIED SCHOOL DISTRICT, MICHELE LAWRENCE,

26  LISA UDELL, RICHARD DODSON, and TINA BRIER (hereinafter "Defendants") answer

27  Plaintiff's Third Amended Complaint as follows:

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1

**INTRODUCTION**

1.      Defendants admit that Gene Faurie, Jr. (hereinafter "Plaintiff") was formerly employed by the Berkeley Unified School District (hereinafter "BUSD") in the position of Administrative Coordinator - Confidential.  The remaining allegations of ¶1 are legal conclusions and arguments to which no response is required.

2.      The allegations in ¶2 are legal conclusions and arguments to which no response is required.  Defendants expressly deny that they engaged in any unlawful conduct with respect to Plaintiff and further expressly deny that Plaintiff was constructively discharged.

**PARTIES**

3.      Defendants hereby incorporate its responses to ¶¶1-2 as though fully set forth herein.

4.      To the extent that the allegations contained in ¶4 are legal conclusions and argument, no response is required.  Defendants deny that Plaintiff was employed by BUSD in the position of Administrative Coordinator – Confidential at all times mentioned in the Third Amended Complaint.  Defendants admit that Plaintiff was employed by BUSD in the position of Administrative Coordinator – Confidential from November 1, 2003 through July 17, 2006. Defendants expressly deny that Plaintiff was constructively discharged.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶4 and, on that basis, deny such allegations.

5.      Defendants admit the allegations in ¶5.

6.      To the extent that the allegations in ¶6 are legal conclusions and arguments, no response is required. Defendants admit that Michele Lawrence was a resident of Alameda County during the time Plaintiff was employed at BUSD and that Ms. Lawrence was Superintendent of BUSD from July 2001 through the date of her retirement on February 1, 2008.  Defendants deny all remaining allegations contained in ¶6.

7.      To the extent that the allegations in ¶7 are legal conclusions and arguments, no response is required. Defendants admit that Lisa Udell was Assistant Superintendent, Human Resources at BUSD beginning on July 5, 2006 and that she is presently employed in that

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1   position. Defendants admit that Ms. Udell has been a resident of Alameda County since August

2   2006. Defendants deny all remaining allegations contained in ¶7.

3       8.      To the extent that the allegations in ¶8 are legal conclusions and arguments, no

4   response is required. Defendants admit that Cristina Obieta was Director, Classified Personnel at

5   BUSD beginning on July 10, 2006. Defendants are without knowledge or information sufficient

6   to form a belief as to the truth of the remaining allegations contained in ¶8 and, on that basis,

7   deny such allegations.

8       9.      To the extent that the allegations in ¶9 are legal conclusions and arguments, no

9   response is required. Defendants admit that Richard Dodson was Director, Labor Relations at

10  BUSD beginning in November 2005 and that he is presently employed in that position.

11  Defendants admit that Richard Dodson has been a resident of Alameda County since November

12  2005. Defendants deny all remaining allegations contained in ¶9.

13      10.     To the extent that the allegations in ¶10 are legal conclusions and arguments, no

14  response is required. Defendants admit that Tina Brier was Director, Classified Personnel at

15  BUSD from March 2001 through the date of her retirement on May 31, 2006. Defendants admit

16  that Ms. Brier was a resident of Contra Costa County during the time Plaintiff was employed at

17  BUSD. Defendants deny all remaining allegations contained in ¶10.

18      11.     The allegations in ¶11 are legal conclusions and arguments to which no response

19  is required.

20                                      **JURISDICTION**

21      12.     Defendants hereby incorporate its responses to ¶¶1-11 as though fully set forth

22  herein.

23      13.     Defendants admit that BUSD regularly employs five or more persons. The

24  remaining allegations in ¶13 are legal conclusions and arguments to which no response is

25  required.

26      14.     Defendants admit that BUSD regularly employs five or more persons and that it

27  conducts business in the County of Alameda, State of California. The remaining allegations in

28  ¶14 are legal conclusions and arguments to which no response is required.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

15.    The allegations in ¶15 are legal conclusions and arguments to which no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

**FACTS**

**Overview**

16.    Defendants hereby incorporate its responses to ¶¶1-15 as though fully set forth herein.

17.    To the extent that the allegations in ¶17 are legal conclusions and arguments, no response is required.  Defendants admit *only* that there was a Human Resources staff meeting on July 11, 2006.  Defendants expressly deny that Plaintiff was "subjected to a continuing course of unlawful conduct," that Plaintiff was subjected to a hostile and offensive environment, and that they "engaged in a pattern and practice of discrimination."  Defendants further expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.  Defendants deny *all* remaining allegations contained in ¶17.

18.    To the extent that the allegations in ¶18 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff was ever ordered to "engage in unlawful acts" or was ever "subjected to a hostile work environment."  Defendants deny *all* remaining allegations contained in ¶18.

19.    To the extent that the allegations in ¶19 are legal conclusions and arguments, no response is required.  Defendants expressly deny a pattern and practice of discrimination within the Human Resources Department (or anywhere at BUSD), and further expressly deny that Plaintiff was subjected to a hostile working environment and that Plaintiff was ever retaliated against.  Defendants deny *all* remaining allegations contained in ¶19.

20.    To the extent that the allegations in ¶20 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff was regularly required to work out of his job classification and further expressly deny that he ever performed the duties of the

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    Director of Classified Personnel. The remaining allegations contained in ¶20 are too vague and

2    ambiguous to form a response thereto and Defendants are therefore without knowledge and

3    information sufficient to form a belief as to the truth of such allegations. On that basis,

4    Defendants deny *all* remaining allegations contained in ¶20.

5         21.    The allegations contained in ¶21 are legal conclusions and arguments to which no

6    response is required. Defendants expressly deny that Plaintiff was subjected to a hostile and

7    offensive work environment and further expressly deny that Plaintiff was ever retaliated against.

8    Defendants deny *all* remaining allegations contained in ¶21.

9         22.    To the extent that the allegations contained in ¶22 are legal conclusions and

10   arguments, no response is required. Defendants are without knowledge or information sufficient

11   to form a belief as to the truth of Plaintiff's allegation regarding what he was told by California

12   Department of Justice personnel and, on that basis, deny such allegation. Defendants admit that

13   Plaintiff informed Brier about an issue regarding the California Department of Justice and that

14   Brier stated that the Superintendent was aware of the situation, but expressly deny that Plaintiff

15   told Brier of anything he was told by the Department of Justice. Defendants deny *all* remaining

16   allegations contained in  ¶22.

17        23.    To the extent that the allegations in ¶23 are legal conclusions and arguments, no

18   response is required. Defendants are without knowledge or information sufficient to form a

19   belief as to the truth of Plaintiff's allegations that he submitted complaints to the California

20   Department of Justice, the Alameda County Superintendent of Schools, and the California Public

21   Employee Retirement System or the substance of any such complaints. Defendants expressly

22   deny having knowledge of any such complaints. Defendants deny *all* remaining allegations

23   contained in  ¶23.

24        24.    The allegations in ¶24 are legal conclusions and arguments to which no response

25   is required.

26        25.    To the extent that the allegations in ¶25 are legal conclusions and arguments, no

27   response is required. Defendants are informed and believe and on that basis admit that Plaintiff

28   applied for and received unemployment benefits. Defendants expressly deny that Plaintiff was

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

5

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  "constructively discharged" and further expressly deny that the Employment Development

2  Department "confirmed" this fact. Defendants deny *all* remaining allegations contained in ¶25.

3        26.     To the extent that the allegations in ¶26 are legal conclusions and arguments, no

4  response is required. Defendants expressly deny that Plaintiff has sustained any injury, damage,

5  or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny

6  that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

7  **Chronology of Events**

8        27.     Defendants hereby incorporate its responses to ¶¶1-26 as though fully set forth

9  herein.

10        28.     Defendants admit that Plaintiff was employed by BUSD in the position of

11  Administrative Coordinator – Confidential from November 1, 2003 through July 17, 2006.

12  Defendants admit that Plaintiff reported to Brier from his date of hire until Brier's resignation on

13  or about May 31, 2006. Defendants deny *all* remaining allegations contained in ¶28.

14        29.     To the extent that the allegations in ¶29 are legal conclusions and arguments, no

15  response is required. Defendants admit that it is the practice of the District and its Human

16  Resources Department to have an administrator in charge of the office, and that every effort was

17  made to coordinate absences between administrators to ensure that an administrator was as

18  available as possible to the absent administrator's subordinates. Defendants admit that Brier was

19  entitled to and took vacation leave during her employment at BUSD. Defendants expressly deny

20  that Plaintiff was ever directed to perform the duties of Brier's position and further expressly

21  deny that Plaintiff ever did perform the duties of Brier's position. Defendants deny *all* remaining

22  allegations contained in ¶29.

23        30.     To the extent that the allegations in ¶30 are legal conclusions and arguments, no

24  response is required. Defendants expressly deny that Plaintiff was ever directed to perform the

25  duties of Brier's position and further expressly deny that Plaintiff ever did perform the duties of

26  Brier's position. Defendants admit that Plaintiff requested differential pay after Brier took a five

27  business day vacation in the Summer of 2005. Defendants admit that Plaintiff filled out a

28  timesheet at that time, but expressly deny that this timesheet recorded his performance of Brier's

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

6

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1   duties. Defendants expressly deny that the BUSD merit system rules mandate differential

2   compensation; this is a legal conclusion to which no response is required. Defendants expressly

3   deny that Brier had the authority to "grant" Plaintiff differential pay and further expressly deny

4   Plaintiff's allegation that he never received differential pay. Defendants deny *all* remaining

5   allegations contained in ¶30.

6          31.    Defendants deny the allegations in ¶31.

7          32.    To the extent that the allegations in ¶32 are legal conclusions and arguments, no

8   response is required. Defendants admit that the BUSD Board of Education hired a temporary

9   contract consultant to work in the Human Resources Department after Brier resigned and further

10  admit that the consultant was hired to work 3 days a week. Defendants expressly deny that the

11  consultant was untrained. Defendants admit that the consultant spoke with Plaintiff and others,

12  but expressly deny that Plaintiff was left "in the *de facto* position of decision making,

13  information dissemination, and H.R. Department management after Brier's resignation."

14  Defendants deny *all* remaining allegations contained in ¶32.

15         33.    To the extent that the allegations in ¶33 are legal conclusions and arguments, no

16  response is required. Defendants expressly deny that Brier had the authority to "grant" Plaintiff

17  differential pay. Defendants are without knowledge or information sufficient to form a belief as

18  to the truth of the remaining allegations because they are vague and ambiguous. Defendants are

19  without knowledge or information sufficient to form a belief as to the truth of Plaintiff's

20  allegations regarding work that he alleges was not performed and tasks that he alleges were

21  "unfinished" and, on that basis, deny such allegations. Defendants expressly deny that Plaintiff

22  was required throughout his tenure to perform duties well above his professional classification

23  without appropriate differential compensation. Defendants deny *all* remaining allegations

24  contained in ¶33.

25         34.    It is unclear from the allegations contained in ¶34 to what specific complaint or

26  incident Plaintiff refers. Defendants admit that Plaintiff expressed to Dodson a belief that he was

27  performing duties outside of his classification. Defendants deny *all* remaining allegations

28  contained in ¶34.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

7

1        35.    To the extent that the allegations in ¶35 are legal conclusions and arguments, no

2    response is required.  Defendants deny *all* remaining allegations contained in ¶35.

3        36.    To the extent that the allegations in ¶36 are legal conclusions and arguments, no

4    response is required.  Defendants deny *all* remaining allegations contained in ¶36.

5        37.    To the extent that the allegations in ¶37 are legal conclusions and arguments, no

6    response is required.   Defendants admit that Jason Hunter resigned from his position at BUSD

7    on September 9, 2005.  Defendants are without knowledge or information sufficient to form a

8    belief as to the remaining allegations contained in ¶37 and, on that basis, deny such allegations.

9        38.    To the extent that the allegations contained in ¶38 are legal conclusions and

10   arguments, no response is required.  Defendants admit that Robert Valentine resigned from his

11   position at BUSD on December 9, 2005.  Defendants are without knowledge or information

12   sufficient to form a belief as to the remaining allegations contained in ¶38 and, on that basis,

13   deny such allegations.

14       39.    To the extent that the allegations in ¶39 are legal conclusions and arguments, no

15   response is required.  Defendants are without knowledge or information sufficient to form a

16   belief as to the truth of Plaintiff's allegations that Mr. Hunter and Mr. Valentine were made

17   physically ill and, on that basis, deny such allegations.  Defendants expressly deny that Plaintiff

18   has sustained any injury, damage, or loss by reason of any act, omission, or negligence of

19   Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums

20   whatsoever, or at all. Defendants deny *all* remaining allegations contained in ¶39.

21       40.    To the extent that the allegations in ¶40 are legal conclusions and arguments, no

22   response is required.  Defendants admit that Gene Boucher resigned from his position at BUSD

23   on August 7, 2006.  Defendants are without knowledge or information sufficient to form a belief

24   as to the truth of Plaintiff's allegations regarding what he is informed and believes with respect to

25   the alleged "hostile environment" and, on that basis, deny all such allegations.  Defendants deny

26   *all* remaining allegations contained in ¶40.

27       41.    To the extent that the allegations in ¶41 are legal conclusions and arguments, no

28   response is required.  Defendants expressly deny that no female employees submitted abrupt

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

8

1    resignations.  Defendants are without knowledge or information sufficient to form a belief as to

2    why any such female employees submitted abrupt resignations.  Defendants deny *all* remaining

3    allegations contained in ¶41.

4        42.    To the extent that the allegations in ¶42 are legal conclusions and arguments, no

5    response is required.  Defendants expressly deny that Plaintiff complained to Brier about a

6    "pattern" of the Superintendent hiring employees without fingerprint clearances and with

7    criminal records of prohibited offenses.  Defendants are without knowledge or information

8    sufficient to form a belief as to the truth of Plaintiff's allegations regarding the source of his

9    alleged "concerns" and, on that basis, deny all such allegations.  Defendants are without

10   knowledge or information sufficient to form a belief as to the truth of the remaining allegations

11   contained in ¶42 because Plaintiff does not specify the identity of the individuals referred to in

12   ¶42.  On that basis, Plaintiff's deny *all* remaining allegations in ¶42.

13       43.    Defendants are without knowledge or information sufficient to form a belief as to

14   the truth of the allegations contained in ¶43 because Plaintiff does not specify the identity of the

15   individuals referred to in ¶43.  On that basis, Plaintiff's deny *all* allegations contained in ¶43.

16   Defendants expressly deny that Lawrence hired any employees as the BUSD Board of Education

17   has the sole and exclusive authority to do so.

18       44.    To the extent that the allegations in ¶44 are legal conclusions and arguments, no

19   response is required.  Defendants are without knowledge or information sufficient to Plaintiff's

20   meaning of the term "routinely" when referring to confidential file contents and the phrase

21   "expressed concerns" when referring to alleged failures to notify the Department of Justice upon

22   the termination of employment of various individuals and, on that basis, deny such allegations.

23   Defendants expressly deny that Brier ever dismissed Plaintiff's concerns as trivial and

24   undeserving of administrative response or elimination.  Defendants deny *all* remaining

25   allegations contained in ¶44.

26       45.    To the extent that the allegations in ¶45 are legal conclusions and arguments, no

27   response is required.  Defendants admit that Dodson is an individual authorized to accompany

28   employees during review of personnel files.  Defendants are without knowledge or information

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  sufficient to form a belief as to the truth of the allegations contained in ¶45 because Plaintiff does

2  not specify the identity of the BUSD administrator referred to in ¶45.  On that basis, Defendants

3  deny all such allegations.  Defendants deny *all* remaining allegations contained in ¶45.

4          46.     To the extent that the allegations in ¶46 are legal conclusions and arguments, no

5  response is required.  Defendants are without knowledge or information sufficient to form a

6  belief as to the truth of Plaintiff's allegation that he referred a personnel file review to Dodson on

7  July 11, 2006, because Plaintiff does not specify the identity of the individual referred to in ¶45.

8  Defendants are also without knowledge or information sufficient to form a belief as to the truth

9  of Plaintiff's allegations regarding Obieta's alleged appearance in Plaintiff's office or the

10  contents of any discussions between Obieta and Plaintiff.  Defendants deny *all* remaining

11  allegations contained in ¶46.

12          47.     To the extent that the allegations in ¶47 are legal conclusions and arguments, no

13  response is required.  Defendants admit that Plaintiff expressed a belief to Brier that the District

14  was required to obtain "livescan" digital fingerprints of current employees who had already been

15  fingerprinted using an older method of fingerprint cards.  Defendants admit that Brier conveyed

16  to Plaintiff her belief that "livescan" fingerprints are merely a different method of obtaining

17  fingerprint identification and as current employees had already undergone such identification and

18  thus it was unnecessary to re-fingerprint every current employee under a different method, and

19  that to do so would be unnecessarily costly.  Defendants deny *all* remaining allegations contained

20  in ¶47.

21          48.     To the extent that the allegations in ¶48 are legal conclusions and arguments, no

22  response is required.  Defendants are without knowledge or information sufficient to form a

23  belief as to the truth of Plaintiff's allegations regarding telephonic complaints made by Plaintiff,

24  if any, and, on that basis, deny such allegations.  Defendants expressly deny knowledge of such

25  complaints.  Defendants are also without knowledge or information sufficient to form a belief as

26  to the truth of Plaintiff's allegations that he "regularly inquired" regarding the status of the

27  criminal background records of Doe 2 because Plaintiff does not specify the identity of Doe 2

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1    and does not state to whom he made such alleged inquiries.  On that basis, Defendants deny all

2    such allegations.  Defendants deny *all* remaining allegations contained in ¶48.

3         49.    To the extent that the allegations in ¶49 are legal conclusions and arguments, no

4    response is required.  Defendants are without knowledge or information sufficient to form a

5    belief as to the truth of the allegations contained in ¶49 because Plaintiff does not specify the

6    identity of Jane Doe 2.  Defendants expressly deny that Brier exhibited an "increasingly hostile

7    response" and further expressly deny any directives from Lawrence or any other BUSD employee

8    to ignore legal violations.

9         50.    To the extent that the allegations in ¶50 are legal conclusions and arguments, no

10   response is required.  Defendants are without knowledge or information sufficient to form a

11   belief as to Plaintiff's meaning of the phrases "regularly drew to the attention of Brier and

12   Dodson" and "procedures for newly appointed employees" when referring to enrollment in

13   CalPERS and, on that basis, deny all such allegations.  Defendants are also without knowledge or

14   information sufficient to form a belief regarding the source of Plaintiff's "concerns," if any, and

15   are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's

16   allegations regarding reports made to CalPERS.  Defendants admit that on one occasion, in

17   response to urgent requests from CalPERS that information be entered and in the absence of

18   several employees that had current access to the system, a decision was made to furnish an

19   employee with a user id to enter the information in order to timely respond to the requests for

20   information.  Immediately on being informed that such id's could not be shared and prior to any

21   use of the id, the id was retrieved from the employee and the task assigned to another employee

22   with current access.  Defendants expressly deny that Brier knew that Plaintiff reported anything

23   regarding violations to CalPERS.  Defendants deny *all* remaining allegations contained in ¶50.

24        51.    Defendants admit *only* that Plaintiff told Brier at some point prior to filing a

25   Workers' Compensation claim that his arm hurt and expressly deny that he told Brier at that time

26   that he had a "repetitive stress injury."  Defendants admit that Plaintiff filed a claim for Workers'

27   Compensation on July 14, 2005, described by Plaintiff in the claim form as "excessive computer

28   use & writing resulting in frequent severe pain in right arm & loss of sensation in arm."

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

11

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1    Defendants admit that Brier signed a claim form for this claim.  Defendants are without

2    knowledge or information sufficient to form a belief to admit or deny as to whether Plaintiff was

3    actually injured, why Plaintiff filed this claim, or whether Plaintiff "was prevented from

4    performing them [assigned duties] due to extreme pain he suffered as a result of his injury."

5    Defendants admit that Brier told Plaintiff, at different times, to stop typing because she was

6    concerned about him and his injury.  Defendants deny *all* remaining allegations contained in ¶51.

7         52.    To the extent that the allegations in ¶52 are legal conclusions and arguments, no

8    response is required.  Defendants admit that on July 28, 2005, Plaintiff's physician placed the

9    following work restriction for Plaintiff: "rest 10 minutes per hr."  Defendants admit that on

10   September 14, 2005, Plaintiff's physician placed the following work restriction for Plaintiff: "rest

11   20 minutes per hr."  Defendants deny that he was placed on medical leave by his "worker's

12   compensation physician."  Defendants admit that Plaintiff was placed on leave in October of

13   2002 by the District because Plaintiff had exhausted all his allocated time for modified duty.

14   Defendants admit that Plaintiff locked his office door during work hours, but are without

15   knowledge or information as to why.  Defendants are without knowledge or information

16   sufficient to form a belief to admit or deny as to why Plaintiff's doctor placed any restrictions on

17   Plaintiff's work, increase rest period from 10 to 20 minutes, whether Plaintiff's doctor told

18   Plaintiff that he was not to perform any type of work during his rest periods, or how said doctor

19   felt about anything alleged in ¶52.  Defendants expressly deny that Plaintiff was restricted from

20   performing "any type of work during his rest period" by the restrictions received by Defendants

21   concerning Plaintiff's alleged injury.  Defendants deny *all* remaining allegations contained in

22   ¶52.

23        53.    To the extent that the allegations in ¶53 are legal conclusions and arguments, no

24   response is required.  Defendants admit that upon his return from leave, Plaintiff was working at

25   a temporary work location for a short period of time.  Defendants admit that Plaintiff requested

26   an ergonomic evaluation performed of this temporary work location.  Defendants admit that a

27   visual evaluation of the work station was conducted and that no problems were found.

28   Defendants expressly deny that Plaintiff's request was ignored.  Defendants admit that Brier was

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1   aware of this request, but expressly deny that Brier refused to take action or that it was her

2   responsibility to do so. Defendants deny that a full ergonomic evaluation was necessary.

3   Defendants deny *all* remaining allegations contained in ¶53.

4        54.    To the extent that the allegations in ¶54 are legal conclusions and arguments, no

5   response is required. Defendants admit that other employees in the Human Resources

6   department, including female employees, had filed workers' compensation claims as of July 17,

7   2006. Defendants expressly deny that any employee, male or female and including Plaintiff, was

8   treated with hostility for filing workers' compensation claims.

9        55.    To the extent that the allegations in ¶55 are legal conclusions and arguments, no

10  response is required. Defendants are without knowledge or information sufficient to form a

11  belief as to the truth of Plaintiff's allegations regarding requests for extensions and overtime, but

12  expressly deny that Plaintiff made such requests to his supervisor. Defendants admit that

13  Plaintiff verbally complained, after being asked to perform a different task, that if were to do that

14  other task, he would not be able to complete classified employee step increases, and that he was

15  thereafter told to concentrate on the step increases alone. Defendants deny that Udell granted

16  Paula Phillips an extension of a deadline and overtime to perform step increases. Defendants

17  deny *all* remaining allegations contained in ¶55.

18       56.    To the extent that the allegations in ¶56 are legal conclusions and arguments, no

19  response is required. Defendants admit that there are disciplinary processes referenced in

20  collective bargaining agreements and in the merit system rules. Defendants expressly deny that

21  Brier threatened Plaintiff with disciplinary action and further expressly deny that Brier ignored

22  disciplinary procedures, or that she created or followed predetermined outcomes for disciplined

23  employees. Defendants deny *all* remaining allegations contained in ¶56.

24       57.    To the extent that the allegations in ¶56 are legal conclusions and arguments, no

25  response is required. Defendants are without knowledge or information sufficient to form a

26  belief as to the truth of Plaintiff's allegations regarding actions taken by unidentified attorneys,

27  what Plaintiff heard attorneys say, and who Plaintiff is referring to regarding a "second attorney"

28  hired as interim Assistant Superintendent of Human Resources/Consultant. On that basis,

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1   Defendants deny all such allegations. Defendants deny *all* remaining allegations contained in

2   ¶57.

3   58.    To the extent that the allegations in ¶58 are legal conclusions and arguments, no

4   response is required. Defendants admit that Plaintiff was rated "commendable" on all of his

5   performance evaluations and that "commendable" is the highest rating category. Defendants

6   expressly deny that Plaintiff's evaluations stated that "she was comfortable leaving the office

7   knowing that Mr. Faurie was available to handle issues in her absence." Defendants admit that

8   Plaintiff's evaluation of 6/25/04 states "It is a pleasure to be able to leave my office & know

9   Gene is there to support me and the office." Defendants are without knowledge or information

10  sufficient to form a belief as to the truth of Plaintiff's allegations regarding what he is informed

11  and believes. Defendants expressly deny that Plaintiff's evaluations demonstrate that he worked

12  above his assigned classification. Defendants admit that a classification study was performed by

13  Reward Strategy Group. Defendants expressly deny that any classification study confirmed that

14  Plaintiff was working at a higher level on a regular basis or that it concluded that his position

15  should be reclassified as an Analyst. Defendants deny *all* remaining allegations contained in ¶58.

16  59.    To the extent that the allegations in ¶59 are legal conclusions and arguments, no

17  response is required. Defendants admit that Udell was hired on or about July 5, 2006.

18  Defendants admit that Obieta was hired on or about July 10, 2006 as Director, Classified

19  Personnel. Defendants admit that Udell had actual supervisory authority over Plaintiff.

20  Defendants expressly deny that either Udell or Obieta were untrained or ever "relied" on Plaintiff

21  to advise them or to perform duties of their positions. Defendants deny *all* remaining allegations

22  contained in ¶59.

23  60.    To the extent that the allegations in ¶60 are legal conclusions and arguments, no

24  response is required. Defendants admit that there was a Human Resources staff meeting on July

25  11, 2006. Defendants deny *all* remaining allegations contained in ¶60.

26  61.    To the extent that the allegations in ¶61 are legal conclusions and arguments, no

27  response is required. Defendants admit that Plaintiff left a voice mail message later that day for

28  Obieta, but are without knowledge or information sufficient to form a belief as to the contents of

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1    that message.  Defendants are without knowledge or information sufficient to form a belief as to

2    the truth of Plaintiff's allegations regarding Plaintiff's emotional or physical status.  Defendants

3    expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act,

4    omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be

5    damaged in any sum or sums whatsoever, or at all.  Defendants deny *all* remaining allegations

6    contained in ¶61.

7         62.    Defendants are without knowledge or information sufficient to form a belief as to

8    the truth of the allegations contained in ¶62.

9         63.    To the extent that the allegations in ¶63 are legal conclusions and arguments, no

10   response is required.  Defendants admit that a letter, dated June 12, 2006 and addressed to

11   "Cristina Ceguerra," was received by BUSD from Eric Borgerson purporting to represent

12   Plaintiff.  Defendants are without knowledge or information sufficient to form a belief to admit

13   or deny whether Plaintiff intended to send this letter to Obieta, whether he sent this letter

14   "through his attorney," or whether Borgerson was actually representing Plaintiff at this time.

15   With the exceptions listed below, Defendants admit *only* that the allegations contained in ¶63

16   paraphrase the general contents of this letter.  Defendants expressly deny that this letter "set forth

17   Mr. Faurie's claims," that this letter referenced "differential compensation," that this letter used

18   the words "any attempt to terminate his employment," that any such attempt would constitute

19   "discrimination based on sex," or that "Obieta was admonished not to contact Mr. Faurie

20   directly."

21        64.    To the extent that the allegations in ¶64 are legal conclusions and arguments, no

22   response is required.  Defendants admit that Lawrence spoke with Eric Borgerson by telephone

23   on July 13, 2006.  Defendants admit that Lawrence inaccurately stated that Plaintiff had six days

24   of sick leave accrued as the documents she had on hand were not the most current, that Lawrence

25   granted Plaintiff's request for sick leave, and that Lawrence refused to acknowledge that Plaintiff

26   "had been subjected to a hostile environment in retaliation for identifying illegal directives from

27   his superiors or had been subjected to disparate treatment based on his sex."  Defendants admit

28   that Lawrence stated that Plaintiff likely had "burned his bridges" with BUSD administrative

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

15

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1   staff as a result of his unprofessional and insubordinate behavior at the July 11, 2006 staff

2   meeting and his abrupt departure therefrom. Defendants admit that Lawrence received a letter

3   dated July 14, 2006 from Eric Borgerson, but expressly deny that this letter "memorialized" this

4   conversation. Defendants admit only that the letter of July 14, 2006 expressly addressed two

5   issues: approval of Plaintiff's sick leave and Eric Borgerson's status to practice law with the

6   California State Bar. Defendants deny all remaining allegations contained in ¶64.

7       65.    To the extent that the allegations in ¶65 are legal conclusions and arguments, no

8   response is required. Defendants admit *only* that Eric Borgerson sent a letter dated July 17, 2006

9   to Lawrence. Defendants deny Plaintiff's characterization of the letter. Defendants admit that

10  Eric Borgerson stated in this letter that "Mr. Faurie hereby tenders his resignation of employment

11  from BUSD, effective immediately." Defendants are without knowledge or information

12  sufficient to form a belief to admit or deny whether why Plaintiff tendered his resignation,

13  whether Plaintiff sent this letter "via his attorney," or whether Borgerson was actually

14  representing Plaintiff at this time. Defendants admit that this letter stated that "[h]is resignation

15  constitutes a constructive discharge because he has no reasonable choice but to leave."

16  Defendants deny all remaining allegations contained in ¶65.

17      66.    To the extent that the allegations in ¶66 are legal conclusions and arguments, no

18  response is required. Defendants admit that Lawrence sent two letters to Eric Borgerson on July

19  17, 2006, one dated July 14, 2006, and one dated July 17, 2006. Defendants deny that the letter

20  dated July 14, 2006 was "erroneously dated." Defendants deny that in either of these letters,

21  "Lawrence requested that Mr. Faurie tender his resignation using an approved BUSD form and

22  that he provide written authorization for his attorney to speak on his behalf." Defendants admit

23  that the letter dated July 17, 2006 enclosed a Berkeley Unified School District "Claim for

24  Damages to Person or Property" form in response to a request from Borgerson for said form.

25  Defendants admit that the letter dated July 17, 2006, requested "a signed letter of resignation *or* a

26  signed statement by him that you speak for him on all matters." (Emphasis added.) Defendants

27  deny all remaining allegations contained in ¶66.

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

67.    To the extent that the allegations in ¶67 are legal conclusions and arguments, no response is required.  Defendants admit that a letter dated July 19, 2006 was received from Eric Borgerson.  Defendants admit that this letter enclosed a BUSD resignation form signed by Plaintiff, that the word "voluntary" was crossed out on this form, and that the stated reason on the form was "constructive discharge due to hostile and illegal working environment."  Defendants admit that this letter enclosed an authorization signed by Plaintiff appointing Eric Borgerson as his legal representative in regards to his employment with BUSD and related matters.  Defendants deny that this letter addressed "matters raised by Lawrence."  Defendants deny all remaining allegations contained in ¶67.

68.    Defendant admits that Plaintiff filed a claim with EDD.  Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's motivation in doing so.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶68 and, on that basis, deny all such allegations.

69.    To the extent that the allegations in ¶69 are legal conclusions and arguments, no response is required.  Defendant admits that an appeal was filed to the EDD determination, that BUSD did not appear before the administrative law judge to prosecute the appeal, and that the appeal was denied.  Defendants are without knowledge or information sufficient to form a belief to admit or deny whether Plaintiff or his counsel appeared at the hearing.  Defendants deny all remaining allegations contained in ¶69.

70.    To the extent that the allegations in ¶70 are legal conclusions and arguments, no response is required.  Defendants are without knowledge or information sufficient to form a belief to admit or deny the allegations contained in ¶70.

71.    To the extent that the allegations in ¶71 are legal conclusions and arguments, no response is required.  Defendants are without knowledge or information sufficient to form a belief to admit or deny as to whether Plaintiff consulted with a psychiatrist or regarding any treatment.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

17

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

72.    To the extent that the allegations in ¶72 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff was prevented from performing the conditions of his employment.  Defendants deny all remaining allegations contained in ¶72.

**B. Provisions and Related Facts Establishing Plaintiff's Employment-Related,**

**Constitutionally Protected Property Interests and Due Process Deprivations**

73.    Defendants hereby incorporate its responses to ¶¶1-72 as though fully set forth herein.

74.    The allegations in ¶74 are legal conclusions and arguments to which  no response is required.  Defendants admit that a true and correct copy of the Merit System Rules is attached to the Third Amended Complaint as Exhibit A.

75.    Defendants deny the terms "Discharge or Dismissal" in the Merit System Rules always are defined solely as "Separation from service for cause."  Section 10.100 contains an introductory provision that stating that these terms are understood to have this meaning "Unless otherwise required by context and/or prevailing law . . ." (p. 3).

76.    To the extent that the allegations in ¶76 are legal conclusions and arguments, no response is required.  Defendants admit *only* that Plaintiff has accurately quoted portions of Education Code § 45302.  Defendants deny *all* remaining allegations contained in ¶76.

77.    The allegations in ¶77 are legal conclusions and arguments to which  no response is required.

78.    The allegations in ¶78 are legal conclusions and arguments to which  no response is required.

79.    Defendants admit *only* that Plaintiff has accurately quoted portions of Section 30.200.6 of the Merit System Rules.

80.    To the extent that the allegations in ¶80 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff was ever required to work out of his job classification.  Defendants deny *all* remaining allegations contained in ¶80.

81.    Defendants admit *only* that Plaintiff has accurately quoted portions of Section 30.300 *et seq.* of the Merit System Rules.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

82.    The allegations in ¶82 are legal conclusions and arguments to which no response is required.

83.    Defendants admit *only* that Plaintiff has accurately quoted portions of Section 60.600.1 of the Merit System Rules.

84.    The allegations in ¶84 are legal conclusions and arguments to which no response is required.

85.    To the extent that the allegations in ¶85 are legal conclusions and arguments, no response is required.  Defendants admit *only* that Plaintiff has accurately quoted portions of Section 60.1000 of the Merit System Rules and that Plaintiff's emphasis (by underline) on certain portions in this paragraph are *not* in the original text of the Merit System Rules.

86.    To the extent that the allegations in ¶86 are legal conclusions and arguments, no response is required.  Defendants admit *only* that Plaintiff has accurately quoted textual portions of Section 80.300.1 of the Merit System Rules.  Defendants deny that any portion of this section is underlined or emphasized as quoted in ¶86.

87.    Defendants admit *only* that Plaintiff has accurately quoted textual portions of BUSD Board Policy 4030.  Defendants deny that any portion of this section is underlined or emphasized as quoted in ¶87.

88.    The allegations in ¶88 are legal conclusions and arguments to which no response is required.  Defendants deny Plaintiff's characterization of the Merit System Rules.

89.    The allegations in ¶89 are legal conclusions and arguments to which no response is required.

90.    The allegations in ¶90 are legal conclusions and arguments to which no response is required.

91.    The allegations in ¶91 are legal conclusions and arguments to which no response is required.

**C. Satisfaction of Tort Claims Act Claim Presentation Requirement**

92.    Defendants hereby incorporate its responses to ¶¶1-91 as though fully set forth herein.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1    93.    To the extent that the allegations in ¶93 are legal conclusions and arguments, no

2    response is required. Defendants admit that the District received a Notice of Tort Claims on

3    behalf of Plaintiff dated January 10, 2007, which contained a 21 page attachment outlining

4    various factual allegations.  Defendants deny *all* remaining allegations contained in ¶93.

5    94.    To the extent that the allegations in ¶94 are legal conclusions and arguments, no

6    response is required.  Defendants deny *all* allegations contained in ¶94.

7    95.    To the extent that the allegations in ¶95 are legal conclusions and arguments, no

8    response is required.  Defendants deny *all* allegations contained in ¶95.

9    96.    The allegations in ¶96 are legal conclusions and arguments to which no response

10    is required.  Defendants deny *all* allegations contained in ¶96.

11    97.    The allegations in ¶97 are legal conclusions and arguments to which no response

12    is required.  Defendants deny *all* allegations contained in ¶97.

13    98.    Defendants are not required to and do not admit or deny the allegations in ¶98 as

14    it implicates information protected by the attorney-client and/or work-product privileges.

15    **C. DFEH Complaints and Right-To-Sue Letters**

16    99.    Defendants hereby incorporate its responses to ¶¶1-98 as though fully set forth

17    herein.

18    100.    To the extent that the allegations in ¶100 are legal conclusions and arguments, no

19    response is required.  Defendants admit that Plaintiff filed complaints with the Department of

20    Fair Employment and Housing.

21    101.    To the extent that the allegations in ¶101 are legal conclusions and arguments, no

22    response is required.  Defendants are without knowledge or information sufficient to form a

23    belief to admit or deny whether and when the Department of Fair Employment and Housing

24    issued valid Right-To-Sue Notices or with respect to which Defendants.

25    102.    The allegations in ¶102 are legal conclusions and arguments to which  no

26    response is required.

27    103.    The allegations in ¶103 are legal conclusions and arguments to which  no

28    response is required.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

# FIRST CAUSE OF ACTION

## (Retaliatory Discharge for Whistleblowing and Refusing to Comply with Unlawful Directives [Labor Code § 1102.5] [Against BUSD])

104. Defendants hereby incorporate its responses to ¶¶1-103 as though fully set forth herein.

105. The allegations in ¶105 are legal conclusions and arguments to which no response is required.

106. The allegations in ¶106 are legal conclusions and arguments to which no response is required.

107. The allegations in ¶107 are legal conclusions and arguments to which no response is required.

108. To the extent that the allegations in ¶108 are legal conclusions and arguments, no response is required. Defendants deny *all* remaining allegations contained in ¶108.

109. To the extent that the allegations in ¶109 are legal conclusions and arguments, no response is required. Defendants deny *all* remaining allegations contained in ¶109.

110. To the extent that the allegations in ¶110 are legal conclusions and arguments, no response is required. Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

111. To the extent that the allegations in ¶111 are legal conclusions and arguments, no response is required. Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

112. To the extent that the allegations in ¶112 are legal conclusions and arguments, no response is required. Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**SECOND CAUSE OF ACTION**

**(Violation of Federal Right to Equal Protection of the Laws [42 U.C. Code § 1983; U.S. Constitution Amendments V and XIV] [Against Lawrence, Udell, Obieta, Dodson, and Brier, in the Individual Capacities])**

113.    Defendants hereby incorporate its responses to ¶¶1-112 as though fully set forth herein.

114.    The allegations in ¶114 are legal conclusions and arguments to which no response is required.

115.    To the extent that the allegations in ¶115 are legal conclusions and arguments, no response is required.  Defendants deny *all* remaining allegations contained in ¶115.

116.    To the extent that the allegations in ¶116 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

117.    To the extent that the allegations in ¶117 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

118.    To the extent that the allegations in ¶118 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

119.    To the extent that the allegations in ¶119 are legal conclusions and arguments, no response is required.  Defendants deny *all* remaining allegations contained in ¶119.

/ / /
/ / /
/ / /
/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

**THIRD CAUSE OF ACTION**

**(Deprivation of Benefits and Privileges of Public Employment and Termination of Public Employment Without Due Process of Law [42 U.C. Code § 1983; U.S. Constitution Amendments V and XIV] [Against Lawrence, Udell, Obieta, Dodson, and Brier, in the Individual Capacities])**

120.    Defendants hereby incorporate its responses to ¶¶1-119 as though fully set forth herein.

121.    The allegations in ¶121 are legal conclusions and arguments to which no response is required.

122.    The allegations in ¶122 are legal conclusions and arguments to which no response is required.

123.    To the extent that the allegations in ¶123 are legal conclusions and arguments, no response is required.  Defendants deny *all* remaining allegations contained in ¶123.

124.    To the extent that the allegations in ¶124 are legal conclusions and arguments, no response is required.  Defendants deny *all* remaining allegations contained in ¶124.

125.    The allegations in ¶125 are legal conclusions and arguments to which no response is required.

126.    The allegations in ¶126 are legal conclusions and arguments to which no response is required.

127.    To the extent that the allegations in ¶127 are legal conclusions and arguments, no response is required.  Defendants deny *all* remaining allegations contained in ¶127.

128.    To the extent that the allegations in ¶128 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Brier and Lawrence were "gatekeepers" of appeals or that they engaged in improper ex-parte communications with Merit Commission members.  Defendants deny *all* remaining allegations contained in ¶128.

129.    To the extent that the allegations in ¶129 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage,

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1 || or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny

2 || that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

3       130.    To the extent that the allegations in ¶130 are legal conclusions and arguments, no

4 || response is required. Defendants expressly deny that Plaintiff has sustained any injury, damage,

5 || or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny

6 || that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

7       131.    To the extent that the allegations in ¶131 are legal conclusions and arguments, no

8 || response is required. Defendants expressly deny that Plaintiff has sustained any injury, damage,

9 || or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny

10 || that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

11       132.    To the extent that the allegations in ¶132 are legal conclusions and arguments, no

12 || response is required. Defendants deny *all* remaining allegations contained in ¶132.

**FOURTH CAUSE OF ACTION**

**(Unlawful Discrimination on the Basis of Sex [Gov. Code § 12900 et seq.] [BUSD])**

15       133.    Defendants hereby incorporate its responses to ¶¶1-132 as though fully set forth

16 || herein.

17       134.    Defendants are informed and believe that Plaintiff is a male.

18       135.    The allegations in ¶135 are legal conclusions and arguments to which no

19 || response is required.

20       136.    To the extent that the allegations in ¶136 are legal conclusions and arguments, no

21 || response is required. Defendants admit that Plaintiff was employed as an Administrative

22 || Coordinator from November 1, 2003 through July 17, 2006 and that he was qualified for the

23 || position. Defendants admit that Plaintiff was rated "commendable" on all of his performance

24 || evaluations.

25       137.    To the extent that the allegations in ¶137 are legal conclusions and arguments, no

26 || response is required. Defendants deny *all* allegations contained in ¶137.

27       138.    To the extent that the allegations in ¶138 are legal conclusions and arguments, no

28 || response is required. Defendants deny *all* allegations contained in ¶138.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

24

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

139. The allegations in ¶139 are legal conclusions and arguments to which no response is required.

140. The allegations in ¶140 are legal conclusions and arguments to which no response is required.

141. The allegations in ¶141 are legal conclusions and arguments to which no response is required.

142. The allegations in ¶142 are legal conclusions and arguments to which no response is required.

143. To the extent that the allegations in ¶143 are legal conclusions and arguments, no response is required. Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

144. To the extent that the allegations in ¶144 are legal conclusions and arguments, no response is required. Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

145. To the extent that the allegations in ¶145 are legal conclusions and arguments, no response is required. Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

**FIFTH CAUSE OF ACTION**

**(Unlawful Harassment On the Basis of Sex/Gender [Gov. Code § 12900(j)] [Against BUSD and against Lawrence, Udell, Obieta, Dodson, and Brier, in the Individual Capacities])**

146. Defendants hereby incorporate its responses to ¶¶1-145 as though fully set forth herein.

147. To the extent that the allegations in ¶147 are legal conclusions and arguments, no response is required. Defendants deny *all* allegations contained in ¶147.

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

148.    To the extent that the allegations in ¶148 are legal conclusions and arguments, no response is required.  Defendants deny *all* allegations contained in ¶148.

149.    To the extent that the allegations in ¶149 are legal conclusions and arguments, no response is required.  Defendants deny *all* allegations contained in ¶149.

150.    The allegations in ¶150 are legal conclusions and arguments to which no response is required.

151.    To the extent that the allegations in ¶151 are legal conclusions and arguments, no response is required.  Defendants deny *all* allegations contained in ¶151.

152.    The allegations in ¶152 are legal conclusions and arguments to which no response is required.

153.    To the extent that the allegations in ¶153 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

154.    To the extent that the allegations in ¶154 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

155.    To the extent that the allegations in ¶155 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

156.    To the extent that the allegations in ¶156 are legal conclusions and arguments, no response is required.  Defendants deny *all* allegations contained in ¶156.

/ / /

/ / /

/ / /

/ / /

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1

## SIXTH CAUSE OF ACTION

2

### (Unlawful Retaliation For Opposing Violation of Rights Protected by the FEHA [Gov.

3

### Code § 12900(h)] [Against BUSD])

4      157.    Defendants hereby incorporate its responses to ¶¶1-156 as though fully set forth

5   herein.

6      158.    To the extent that the allegations in ¶158 are legal conclusions and arguments, no

7   response is required.  Defendants deny *all* allegations contained in ¶158.

8      159.    To the extent that the allegations in ¶159 are legal conclusions and arguments, no

9   response is required.  Defendants deny *all* allegations contained in ¶159.

10     160.    To the extent that the allegations in ¶160 are legal conclusions and arguments, no

11  response is required.  Defendants deny *all* allegations contained in ¶160.

12     161.    To the extent that the allegations in ¶161 are legal conclusions and arguments, no

13  response is required.  Defendants deny *all* allegations contained in ¶161.

14     162.    To the extent that the allegations in ¶162 are legal conclusions and arguments, no

15  response is required.  Defendants deny *all* allegations contained in ¶162.

16     163.    To the extent that the allegations in ¶163 are legal conclusions and arguments, no

17  response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage,

18  or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny

19  that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

20     164.    To the extent that the allegations in ¶163 are legal conclusions and arguments, no

21  response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage,

22  or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny

23  that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

24     165.    To the extent that the allegations in ¶163 are legal conclusions and arguments, no

25  response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage,

26  or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny

27  that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

166.   To the extent that the allegations in ¶166 are legal conclusions and arguments, no response is required.  Defendants deny *all* allegations contained in ¶166.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

167.   Defendants hereby incorporate its responses to ¶¶1-166 as though fully set forth herein.

168.   The allegations in ¶168 are legal conclusions and arguments to which  no response is required.

169.   The allegations in ¶169 are legal conclusions and arguments to which  no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

170.   The allegations in ¶170 are legal conclusions and arguments to which  no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

171.   To the extent that the allegations in ¶171 are legal conclusions and arguments, no response is required.  Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

## GENERAL DENIAL

Defendants generally deny each and every, all and singular, conjunctively and disjunctively, the allegations contained in each and every claim for relief not expressly admitted above, and further deny generally and specifically that Plaintiff sustained any injury, damage or loss by reason of any act or omission or negligence on the part of Defendant, and further deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

/ / /

/ / /

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**JOHNSON SCHACHTER & LEWIS**
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff's Third Amended Complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against Defendants.

2.      At all times relevant hereto, Plaintiff consented, either expressly or impliedly, to any such acts or conduct as may be shown on the part of Defendants.

3.      Plaintiff failed to mitigate his alleged damages, if any, and is therefore barred from recovering damages that could have been prevented.

4.      Plaintiff's allegations are untimely and are barred by the applicable statutes of limitation.

5.      Defendants are immune from liability for any and all injuries or damages alleged in the Third Amended Complaint and asserts all defenses and rights granted to them by virtue of the provisions of Government Code §§ 810 through 996.6, inclusive, including, but not limited to, §§ 815, 815.2, 818, 818.2, 818.8, 820.2, 820.6, 820.8, 820.9, 821, 821.6 and 822.2.

6.      Plaintiff has failed to exhaust his administrative remedies.

7.      Any injury, damage or loss which may have been sustained by Plaintiff was proximately caused by the intervening acts and/or omissions of third persons and/or entities and/or other parties to this lawsuit and not by any act or omission of Defendants.  Alternatively, any amount which Plaintiff might be entitled to recover against Defendants must be reduced by the amount of damages attributable to intervening acts and/or omissions of such third persons and/or entities and/or other parties to this lawsuit.

8.      Plaintiff failed to exhaust his judicial remedies.

9.      To the extent that the Plaintiff makes allegations or claims that are not the subject of timely complaints filed with the appropriate agency, the court lacks jurisdiction with respect to any such allegations or claims.

10.      Plaintiff's Third Amended Complaint, and/or each cause of action therein, is barred because Plaintiff has failed to comply with the statutory prerequisites to bringing this action.

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1    11.    Plaintiff's claims, and each of them, are barred due to Plaintiff's

2    misrepresentation(s) and/or his failure to disclose material facts.

3    12.    Plaintiff was himself at fault and damages, if any, should be reduced by the

4    amount of comparative fault/bad faith on the part of Plaintiff.

5    13.    Plaintiff had no property right to continued employment with defendant

6    BERKELEY UNIFIED SCHOOL DISTRICT as a matter of law.

7    14.    Plaintiff's Third Amended Complaint, and each cause of action stated therein, is

8    barred by Eleventh Amendment immunity.

9    15.    Plaintiff's Third Amended Complaint, and each cause of action therein, is barred

10    by Plaintiff's failure to exhaust mandatory labor contract grievance procedures and/or because

11    contract procedures provide the exclusive remedy and cannot be supplemented by a later action.

12    16.    Plaintiff's Third Amended Complaint, and each cause of action therein, is barred

13    by Plaintiff's failure to exhaust mandatory Merit System Rules grievance and/or appeal

14    procedures and/or because Merit System Rules provide the exclusive remedy and cannot be

15    supplemented by a later action.

16    17.    Defendants claim all of the defenses, rights and immunities afforded by the Fair

17    Employment and Housing Act, Government Code §12940, *et seq.*, and specifically seek

18    attorney's fees herein as provided by Government Code §12965.

19    18.    Defendants allege that to the extent that Plaintiff makes allegations or claims

20    which are not the subject of a timely complaint filed on behalf of plaintiff with the California

21    Department of Fair Employment and Housing (DFEH) against Defendants as required by

22    Government Code §12900, *et seq.*, the court lacks jurisdiction with respect to any such

23    allegations or claims.

24    19.    To the extent that Plaintiff makes allegations or claims with respect to a time

25    period more than one year prior to the date on which she filed a DFEH or EEOC complaint

26    against Defendants, these allegations and claims are untimely, and the court lacks jurisdiction

27    with respect to any such allegations or claims.

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

30

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

20.     To the extent that Plaintiff's complaint seeks relief under the California Fair Employment and Housing Act, Government Code §12900, *et seq.*, Plaintiff's causes of action are barred to the extent that the allegations therein are not substantially identical with the scope of the administrative charge filed with the DFEH.

21.     Defendants assert all defenses available pursuant to the provisions of the California Education Code.

22.     Defendants claim a reduction in any judgment for medical related expenses pursuant to Government Code §985.

23.     Defendants assert that their alleged actions were job-related and consistent with business necessity.

24.     Defendants assert that, at all times, they acted in good faith.

25.     Plaintiff's Third Amended Complaint, and each and every cause of action therein, is barred by the doctrine of judicial estoppel.

26.     Plaintiff's Third Amended Complaint, and each purported cause of action therein, is barred by the fact that all alleged actions purportedly taken by Defendants with respect to Plaintiff's employment were based upon legitimate, non-discriminatory factors unrelated to any purported protected class of Plaintiff and free from unlawful discrimination.

27.     Plaintiff is not entitled to equitable and/or injunctive relief; his remedies at law are adequate.

28.     The court lacks jurisdiction because this matter is preempted by the EERA which vests initial jurisdiction with PERB.

29.     Defendants assert all defenses available pursuant to Federal Rule of Civil Procedure, Rule 12(b)(2), (4), (5), and (6).

30.     Plaintiff's Third Amended Complaint and claims alleged therein violate Federal Rules of Civil Procedure, Rule 11, and Defendants reserve the right to seek sanctions thereunder.

31.     Plaintiff's claims are barred under the doctrines of waiver, estoppel, and unclean hands.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

32. Plaintiff's Third Amended Complaint, and each claim therein, fails to state facts sufficient to constitute a cause of action against these answering defendants in that his exclusive remedy is under the worker's compensation laws of the State of California, Labor Code §3600, *et seq.*

33. Plaintiff has failed to comply with the claims presentation and/or filing requirements of California Government Code §§900, *et seq.*, and Code of Civil Procedure §313.

34. Plaintiff's Third Amended Complaint, and each claim therein, fails to state facts sufficient for recovery of attorney's fees or other litigation expenses.

35. Defendant alleges that the Defendants' alleged actions were job related and consistent with business necessity.

36. Plaintiff's Third Amended Complaint, and each claim therein, is barred as the District exercised reasonable care to prevent and properly correct any alleged unlawful harassment and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or to otherwise avoid alleged harm.

37. Plaintiff's Third Amended Complaint, and each claim therein, fails to state facts sufficient to constitute a claim against these answering defendants for punitive damages or exemplary damages in any amount or amounts whatsoever or at all or any damages of any nature whatsoever in any amount or amounts whatsoever or at all.

38. Defendants are not liable for punitive damages or any other damages that might be imposed primarily for the sake of example or by way of punishing defendant. [Government Code § 818.]

39. Defendants were exercising the discretion vested in them or their employees and Plaintiff is therefore precluded from recovering from defendants whether or not such discretion was abused.

40. To the extent that Plaintiff's claims are based upon a theory of *respondeat superior* against defendant BUSD, such defendant is immune from liability.

41. Plaintiff's claims are premised upon requiring Defendant to violate the protected rights of others, including parties to this litigation.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

42.    Plaintiff's Third Amended Complaint, and each claim therein, arises from the free speech rights of defendant and/or its agents and/or employees under the United States and/or California Constitutions in connection with public issue(s).  [C.C.P. § 425.16.]

43.    Defendant District as a government employer is exempt from Labor Code requirements alleged to have been violated by Plaintiff.

44.    Defendants that they did not fail to perform a clear, present duty, having had the legal authority and ability to do so.

45.    Any actions allegedly taken or performed by Defendants were not ministerial actions.

WHEREFORE, Defendants pray as follows:

1.    That Plaintiff take nothing by reason of his complaint;

2.    That judgment be rendered in favor of Defendants;

3.    That Defendants be awarded their costs of suit incurred in defense of this action;

4.    For such further relief as the court deems proper.

Date: May 16, 2008

JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation

ROBERT H. JOHNSON
KELLIE M. MURPHY
JENNIFER L. HIPPO
Attorneys for Defendants BERKELEY UNIFIED
SCHOOL DISTRICT, MICHELE LAWRENCE,
LISA UDELL, RICHARD DODSON, and TINA
BRIER

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

33

1

**PROOF OF SERVICE**

2

| | |
|---|---|
| **CASE NAME:** | **Faurie v. Berkeley Unified School District, et al.** |
| **CASE NO.:** | **U.S. District Court (Northern) Case No.  C 08-00060 THE** |

3

4      I am employed in the County of Sacramento.  I am over the age of eighteen years and not
a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite
5  560, Sacramento, CA 95815.

6      I am familiar with this office's practice whereby the mail is sealed, given the appropriate
postage and placed in a designated mail collection area.  Each day's mail is collected and
7  deposited in a United States mailbox after the close of each day's business.

8      On May 16, 2008, I served the following:  **DEFENDANTS' ANSWER TO
PLAINTIFF'S THIRD AMENDED COMPLAINT**

9

10  <u>X</u>    **UNITED STATES MAIL** - on all parties in said action by placing a true copy of the
          above-described document(s) enclosed in a sealed envelope in the designated area for
11          outgoing mail addressed as set forth below.

12  <u>_</u>    By **FACSIMILE** (telecopier) - by personally sending to the addressee's facsimile number
          a true copy of the above-described document(s).

13

14  <u>X</u>    **ELECTRONIC SERVICE** - by causing such document to be served electronically
          pursuant to court rule to the individual listed below:

15  Eric Borgerson, Esq.
LAW OFFICE OF ERIC BORGERSON
16  2625 School Street
Oakland, CA 94602

17

18  Carolee G. Kilduff, Esq.
Cori R. Sarno, Esq.
ANGELO, KILDAY, & KILDUFF
19  601 University Avenue, Suite 150
Sacramento, CA 95825
20  (916) 564-6100 (Phone)
(916) 564-6263 (Fax)

21

22  <u>X</u>    **FEDERAL**: I declare that I am employed in the office of a member of the bar of this
          Court at whose direction service was made.

23

24      I declare under penalty of perjury that the foregoing is true and correct and that this
declaration was executed on May 16, 2008, at Sacramento, California.

25

26                                      Mike Quinn

27

28

34

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247